IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO., <br><br>　　　　　Plaintiff <br><br>　　v. <br><br>PETRO MIKOLAYEVICH KIRITCHENKO, et al., <br><br>　　　　　Defendants. <br> _____ / | No. C-99-3073 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S "ADMINISTRATIVE REBUTTAL TO DEFENDANTS KIRITCHENKOS' ADMINISTRATIVE MOTION TO SEAL AND REBUTTAL TO TIMING OF MOTION FOR SUMMARY JUDGMENT"** <br><br> (Docket No. 859) |

　　　　Before the Court is plaintiff's "Administrative Rebuttal to Defendants Kiritchenkos' Administrative Motion to Seal and Rebuttal to Timing of Motion for Summary Judgment" ("Plaintiff's Motion"), filed October 18, 2005, by which motion plaintiff asks the Court "to rescind and/or hold in abeyance its order granting a protective order and filing under seal and to continue Kiritchenko's Motion For Summary Judgment pending resolution of Plaintiff's cross-Motion for Revoking Protective Order." (See Plaintiff's Motion at 1-2.) The Kiritchenko defendants have opposed the motion.

　　　　Plaintiff's request that the Court rescind its October 17, 2005 order granting defendants' motion to file certain documents under seal will be denied without prejudice. Defendants' request to file certain documents under seal was supported by the terms of a protective order that remains in effect. Although plaintiff has filed a motion to revoke the

1  protective order, that motion has not yet been heard by Magistrate Judge Elizabeth D.
2  Laporte.[1]  If Magistrate Judge Laporte grants the motion to revoke the protective order,
3  plaintiff may then file a new motion to unseal the documents that were filed under seal
4  pursuant to the Court's October 17, 2005 order.
5      Additionally, plaintiff, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure,
6  seeks a continuance of defendants' motion for summary judgment, to a date after
7  Magistrate Judge Laporte rules on the pending motion to revoke the protective order.  Rule
8  56(f) provides: "Should it appear from the affidavits of a party opposing the motion that the
9  party cannot for reasons stated present by affidavit facts essential to justify the party's
10 opposition, the court may refuse the application for judgment or may order a continuance to
11 permit affidavits to be obtained or depositions to be taken or discovery to be had or may
12 make such other order as is just."  Fed. R. Civ. P. 56(f).  A party seeking a continuance,
13 pursuant to Rule 56(f), "must show how additional discovery would preclude summary
14 judgment and why a party cannot immediately provide 'specific facts' demonstrating a
15 genuine issue of material fact."  See Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th
16 Cir. 1989).  The party seeking a continuance must specifically identify relevant existing
17 information that he needs, and make clear how that information would preclude summary
18 judgment.  See id.; see also Wellman v. Writers Guild of Am., West, Inc., 146 F.3d 666,
19 674 (9th Cir. 1998) (affirming denial of Rule 56(f) motion where district court determined
20 that desired evidence was unnecessary to plaintiff's case and plaintiff did not explain how
21 information he sought would preclude summary judgment).
22      Here, plaintiff argues that it needs to show the above-referenced confidential
23 documents "to the National Institute of State and Law of Ukraine . . . , as well as to the
24 Ministry of Justice of Ukraine."  (See Lambert Decl. ¶ 14.)  Plaintiff fails to explain, however,
25 what information it expects to obtain from these entities that would preclude summary
26 judgment.  In addition, although plaintiff contends that such confidential documents are

---

[1] The motion has been noticed for hearing before Magistrate Judge Laporte on November 22, 2005.

2

"important for asserting estoppel against Kiritchenko" and that the exclusion of information set forth in the confidential documents "from Kiritchenko's 'adjudications' in Ukraine is important for Plaintiff's position to prove the lack of due process in Ukrainian courts in his case," (see Plaintiff's Motion at 3-4), plaintiff cites no authority in support of his position, and does not explain why such arguments cannot be made while the documents remain filed under seal.  Consequently, plaintiff has not shown good cause for a Rule 56(f) continuance.

Nevertheless, because numerous motions have been noticed for hearing on November 18, 2005, the date defendants' motion for summary judgment is noticed to be heard, it is unlikely that the Court would be able to rule promptly on defendants' motion even if the current schedule were maintained.  Under such circumstances, a continuance of the summary judgment hearing until after Magistrate Judge Laporte rules on the pending motion to revoke the protective order is unlikely to materially delay the resolution of the motion for summary judgment.  For this reason, the Court will grant plaintiff's request for a continuance.

Accordingly, for the reasons set forth above,

1. Plaintiff's motion to rescind the Court's October 18, 2005 order granting defendants' motion to file certain documents under seal is hereby DENIED without prejudice.

2. Plaintiff's motion for a Rule 56(f) continuance of defendants' motion for summary judgment is hereby GRANTED, and the November 18, 2005 hearing on the motion is hereby VACATED.  Defendants may renotice the motion for hearing after Magistrate Judge Laporte rules on plaintiff's motion to revoke the protective order.

This order terminates Docket No. 859.

**IT IS SO ORDERED.**

Dated: October 25, 2005
MAXINE M. CHESNEY
United States District Judge