IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT COMPANY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br><br>　　　　　Defendants.　　　　　　／ | No. C-99-03073 MMC (EDL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REVOKE PROTECTIVE ORDER** |

　　　　On November 22, 2005, the parties appeared before the Court to argue Plaintiff's Motion to Revoke Protective Order. The Court had entered the protective order at issue on January 8, 2004, based on Defendants' representations that the Office of the Prosecutor General of Ukraine (the "GPOU") had requested that certain documents it produced be treated as confidential. Plaintiff now requests that the Court revoke the protective order so that it might share certain sealed documents with individuals at the National Institute of State and Law of Ukraine, the Ministry of Justice of Ukraine, and the Cabinet of Ministers of Ukraine. Under the terms of the protective order, Plaintiff is entitled to disclose the documents to any consultants or experts it retains, provided these consultants first sign a confidentiality agreement. Plaintiff contends, however, that the individuals to whom it seeks to disclose the documents cannot be retained or serve as consultants, but may issue official statements on the basis of documents submitted for official review. Plaintiff desires to obtain such opinions to oppose Defendants' motion for summary judgment, which is currently pending before the Honorable Maxine M. Chesney. Plaintiff accordingly seeks to revoke the protective order in this action.

1  In opposing the motion to revoke, Defendants do not argue that they have any interest in
2 keeping the documents sealed, but only that they are honoring the GPOU's request for
3 confidentiality, and that nothing has changed since January 2004 to warrant modification or
4 revocation of the protective order, to which Plaintiff stipulated.  Plaintiff maintains that it has been
5 unable to find any GPOU official to substantiate this request.  Neither party has provided any
6 documentary evidence establishing the GPOU's official position on the matter.  In light of the fact
7 that almost two years have elapsed since the documents were originally sealed, that the GPOU has
8 undergone personnel changes and that the officials who originally asked Defendants to treat the
9 documents confidentially are no longer at the GPOU, that Defendants cannot articulate a basis for
10 keeping the documents sealed nor provide a declaration from a GPOU official requesting that they
11 remain sealed, and that Plaintiff has provided a good reason to unseal the documents, the Court
12 GRANTS Plaintiff's motion and revokes the protective order as it applies to documents provided by
13 the GPOU.
14  By this order, the Court makes no finding as to the relevance of these documents to
15 Plaintiff's case generally, or to its opposition to the motion for summary judgment.  Plaintiff will
16 disseminate the unsealed documents only to those institutions identified in its Motion to Revoke
17 Protective Order.

19  **IT IS SO ORDERED.**

21 Dated: November 29, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge