United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO., <br><br> Plaintiff <br><br> v. <br><br> PETRO MIKOLAYEVICH KIRITCHENKO, et al., <br><br> Defendants. <br> _____ / | No. C-99-3073 MMC <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LIFTING STAY; VACATING HEARING; CONTINUING CASE MANAGEMENT CONFERENCE** <br><br> (Docket No. 808) |

  Before the Court is plaintiff Universal Trading & Investment Co.'s ("UTI") Motion for Lifting Stay, filed May 27, 2005.[1] Separate oppositions to the motion have been filed, respectively, by defendant Pavel Lazarenko and by defendants Peter, Izabella, and Ludmilla Kiritchenko (collectively, "Kiritchenko defendants"). Defendants Brancross U.S. Holdings, Inc., BRC Property Holdings LLC, Xanadu Property Holdings, LLC, ABS Trading, Inc., and Michael Menko have filed a joinder in the Kiritchenko opposition. Defendants Tamara Lazarenko, Dugsbery, Inc., Alex Liverant, EuroFed Bank Ltd., and Torq Development Corporation, as well as intervenor United States of America, have not

---

[1] On July 7, 2000, as memorialized and modified in an order filed December 18, 2000, the Honorable Charles A. Legge stayed the instant action "pending related criminal proceedings" against Pavel Lazarenko and Peter Kiritchenko, with the exception of proceedings "concerning the legality, validity and scope of the purported assignment and/or power of attorney between plaintiff UTI and the Office of the Prosecutor General of the Ukraine." (See Order, filed Dec. 18, 2000, at 1.)

responded to the motion. UTI has filed separate replies to the respective oppositions.

At the July 29, 2005 hearing on the motion, the Court continued the hearing until December 9, 2005, as it appeared at that time that Pavel Lazarenko would be sentenced on December 2, 2005, thus bringing the criminal proceedings against him to a close. In a letter filed November 22, 2005, however, the United States notified the Court that Pavel Lazarenko's sentencing has been continued to March 3, 2006. Thereafter, UTI filed a supplemental brief in support of its motion and the Kiritchenko defendants filed supplemental opposition.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 (9th Cir. 1995). "Nevertheless, a court may decide in its discretion to stay civil proceedings . . . when the interests of justice . . . require such action." Id. (internal quotation and citation omitted). In deciding whether to impose or lift such a stay, the Court should consider (1) "the extent to which the defendant's fifth amendment rights are implicated"; (2) "the interest of the plaintiffs in proceeding expeditiously with [the] litigation or any particular aspect of it"; (3) "the burden which any particular aspect of the proceedings may impose on defendants"; (4) the convenience of the court in the management of its cases, and the efficient use of judicial resources"; (5) "the interests of persons not parties to the civil litigation"; and (6) "the interest of the public in the pending civil and criminal litigation." See id. at 324-25.

Because the instant stay has been in effect for more than five years, the Court finds that the interests of the plaintiff and the public in proceeding expeditiously with this litigation outweigh any possible prejudice to the defendants that may be occasioned by the lifting of the stay. Although it is possible that Fifth Amendment issues may be implicated, the Court will address those issues if and when they arise. The Court notes that "[n]ot only is it permissible to conduct a civil proceeding at the same time as a related criminal proceeding, even if that necessitates invocation of the Fifth Amendment privilege, but it is even permissible for the trier of fact to draw adverse inferences from the invocation of the Fifth Amendment in a civil proceeding." See id. at 326 (affirming denial of stay pending outcome

1  of criminal trial).

2      For these reasons and for the reasons stated at the July 29, 2005 hearing, the Court hereby GRANTS plaintiff's motion and LIFTS the stay of the instant action.

    Given the above ruling, the Court finds the case management conference currently scheduled for December 9, 2005 should be continued to afford the parties time to prepare a joint case management statement, pursuant to Civil Local Rule 16-9, addressing the matters set forth in Rule 16 of the Federal Rules of Civil Procedure and Civil Local Rule 16-10.  Accordingly, the December 9, 2005 case management conference is hereby CONTINUED to January 13, 2006 at 10:30 a.m.  A joint case management statement shall be filed no later than January 6, 2005.

    This order terminates Docket No. 808.

**IT IS SO ORDERED.**

Dated: December 7, 2005

MAXINE M. CHESNEY
United States District Judge