1  ASPELIN & BRIDGMAN, LLP
2  JOHN ASPELIN, ESQ. S.B. #56477
   220 Montgomery Street, Suite 1009
3  San Francisco, California, 94104
   OFC: (415) 296-9812
4  FAX: (415) 296-9814

5  Attorneys for Plaintiff,
6  UNIVERSAL TRADING & INVESTMENT Co.

7

8                  **UNITED STATES DISTRICT COURT**

9  **FOR NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)**

10
                                              Docket No. CV99-3073MMC/EDL
11  UNIVERSAL TRADING & INVESTMENT
    COMPANY, a Massachusetts corporation      **NOTICE OF MOTION**
12
13                    Plaintiff,              **TO STRIKE PLEADINGS AND TO**
                                              **ENTER DEFAULT OF DUGSBERY, INC.**
14  vs.
                                              **MEMORANDUM OF POINTS AND**
15  PETRO MIKOLAYEVICH KIRITCHENKO,           **AUTHORITIES**
    an individual, et al.,
16                                            **DATE:    January 20, 2006**
                                              **TIME:    9 A.M.**
17                    Defendants              **COURT: 7, 19th Floor**
                                              **JUDGE: The Hon. Maxine M. Chesney**
18
19
                                              **[F.R.Civ.P. 55(b)(2)]**
20                                            **[Cal. Rev. & T. Code §§ 23301, 23302]**

21           TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
22
23           PLEASE TAKE NOTICE that plaintiff Universal Trading & Investment Co. (hereinafter

24  'UTICo') will move to strike Dugsbery, Inc.'s ("Dugsbery") pleadings and for entry of default.  Entry

25  of default is appropriate because Dugsbery Inc. has been suspended by the State of California (since

26  October 1, 2001), and does not have the ability to defend against this action.

27           The motion will be made on this Notice, Memorandum of points and authorities, Affidavits,
28
    Requests for Judicial Notice, and the complete files and records of this action.

Dated: December 16, 2005                    ASPELIN & BRIDGMAN LLP


_____
John H. Aspelin, Esq.
Attorneys for plaintiff Universal Trading &
Investment Co.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>STATEMENT OF ISSUES TO BE DECIDED</u>

• Whether a suspended California corporation has lost its corporate powers, rights and privileges, including the right to defend itself in court pursuant to Cal. Rev. & T. Code §§ 23301, 23302.

• Whether striking pleadings and entering default against Dugsbery is required and/or appropriate.

• Whether withholding the fact of suspension and continued representation before the Court in the name of a suspended California corporation (since October 1, 2001) in U.S. District Court is subject to sanctions.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LIST OF AUTHORITIES

pp.

*Alhambra-Shumway Mines v. Alhambra Gold Mine Corp.*, 155 Cal. App. 2d 46 (1957)......2, 3

*Boyle v. Lakeview Creamery Co.*, 9 Cal. 2d 16, 18 (1937)......................................................3,4

*Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300 (1999).....................................................2

*Reed v. Norman*, 48 Cal. 2d 338, 343 (1957)............................................................................2

*Palm Valley Homeowners Assoc., Inc. v. Design MTC*, 85 Cal. App. 4th 553 (2001).............1,2,4

STATUTES

Cal. Rev. & T. Code §§ 23301, 23302.......................................................................................1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT OF MOTION TO STRIKE AND ENTER DEFAULT**
**OF DEFENDANT DUGSBERY INC.**

Introduction

Universal Trading and Investment Company's ("UTICo") complaint against Dugsbery, Inc. ("Dugsbery"), a California corporation, was filed on June 24, 1999.  UTICo's claims were brought after Pavlo Lazarenko ("Lazarenko"), the most recent known owner of Dugsbery, and Petro Kiritchenko ("Kiritchenko"), the former owner of Dugsbery, were arrested in California.  (Attached hereto as RJN 8, at pages 119 and 120, Kiritchenko's trial testimony showing Kiritchenko previously owned Dugsbery and later transferred it to Lazarenko.)

It has recently come to UTICo's attention that after the start of this case, Dugsbery was suspended by the Secretary of State of the State of California on October 1, 2001, for repeated refusal to file the corporate tax returns.  (Attached hereto as RJN 1 is a copy of the Domestic Corporation Certificate of Filing and Suspension, along with the supporting papers; see also Lambert Affidavit, Exhibit A.)

Since California law makes clear that a suspended corporation neither has the right to prosecute nor defend against a lawsuit, all pleadings of Dugsbery should be struck.  Furthermore, with no pleadings and no ability to defend against the action, UTICo is entitled to an entry of default against Dugsbery.

Argument

In California, if a domestic corporation fails to pay its taxes or even fails to file appropriate tax returns, it may be suspended, thereby losing its corporate powers, rights and privilege.  See Cal. Rev. & T. Code §§ 23301, 23302; *Palm Valley Homeowners Assoc., Inc. v. Design MTC*, 85 Cal. App. 4th 553 (2001); *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300 (1999).

---

One of the rights lost by a suspended corporation is the right to either bring or defend against, any civil action. *Id.* In *Reed v. Norman*, 48 Cal. 2d 338, 343 (1957), the court said that a suspended corporation "may not prosecute or defend an action, nor appeal from an adverse judgment in an action while its corporate rights are suspended for failure to pay taxes."

In this case, Dugsbery failed to file its tax returns since the year 2000. As a result, the Secretary of State of the State of California suspended Dugsbery on October 1, 2001. See RJN 1. Since Dugsbery was suspended, it lost the ability to defend against UTICo's claims. In fact, a suspended corporation continuing to defend against a claim when it has no right to do so is a sanctionable violation. *Palm Valley Homeowners Assoc., Inc. v. Design MTC*, 85 Cal. App. 4th 553, 556 (2001) (court upheld sanctions against law firm after continued to pursue litigation activities on behalf of its client, even after it knew the client was a suspended corporation).

Dugsbery or its agents failed or avoided reporting to this Court that it had been suspended since October 1, 2001. Instead its officer and counsel continued to participate in litigation while withholding that information.

At any point in time Dugsbery could have filed its tax returns and sought reinstatement, however, it has failed to do so with no valid reason. Accordingly, since Dugsbery no longer has the ability to defend against this action and has failed to remove the suspension for more than four (4) years, its pleadings should be struck from the record and default of Dugsbery should be entered. *Grell v. Laci Le Beau Corp.*, 73 Cal. App. 4th 1300, 1306 (1999).

In *Alhambra-Shumway Mines v. Alhambra Gold Mine Corp.*, 155 Cal. App. 2d 46, 50-51 (1957), it was discovered, during the course of a trial, that a corporation had not paid its franchise taxes for a number of years. As a result, the opposing party moved to strike all pleadings and evidence of the suspended corporation, arguing that it had forfeited its right to transact business in

California, including the right to defend against the action in that case. *See id.* Although the motion was originally denied by the trial court, the Appeals court said that the trial court "should have granted appellants' motion to strike the pleadings (sic) of respondent." *Id.* Furthermore, it stated that "Section 23301 expressly deprived respondent corporation of all 'corporate powers, rights and privileges', and the right to defend against an action is included in such powers, rights and privileges." *Id.*

In fact, in *Alhambra*, the party seeking to strike the pleadings failed to raise the issue until the last day of trial, but the appellate court still said that "[i]t is true that in the instant case the point was not raised by appellants until the final day of the trial and long after the action was commenced, but that does not aid respondent because the fact remains that the powers, rights and privilege of respondent corporation were not revived and restored before the entry of the judgment appealed from." Accordingly, the appellate court reversed the prior judgment in favor of the corporation. *Id.*

Similarly, in *Boyle v. Lakeview Creamery Co.*, 9 Cal. 2d 16, 18 (1937), the court found that Section 32 of the California Bank and Corporation Franchise Tax Act that "*the corporate powers, rights and privileges* of the delinquent taxpayer, if it be a domestic (sic) corporation, shall be *suspended* and shall be incapable of being exercised *for any purpose or in any manner except* for the purpose of amending the articles of incorporation...'" The court then went on to determine that a suspended corporation had no right to defend against the lawsuit in that action. *Id.*

In this case, regardless of Dugsbery's reasons for not filing its tax returns, its corporate status has been suspended. The Court does not need to look into any other circumstances. (For example, Dugsbery abandoned in 2000 to pay realty taxes on its attached Estate that have accumulated up to $640,000 and continue to accrue at the accelerated rate of over $2,000 a week by now. See Plyamovaty Affdt, at ¶17).

1

2

3

4

5

6

7

Because Dugsbery has been suspended, it has lost the right to defend against any and all lawsuits, including this action.  Therefore, its pleadings must be struck and default should be entered against Dugsbery.  Any attempts by either Dugsbery or its attorneys to fight this action should be considered a sanctionable violation.  *Palm Valley Homeowners Assoc., Inc. v. Design MTC*, 85 Cal. App. 4th 553, 556 (2001) (court upheld sanctions against law firm that "pursued litigation activities on behalf of its client, even after the firm knew that the client was a suspended corporation.")

8

9

<u>Conclusion</u>

UTICo asks this Court to strike all pleadings of Dugsbery and enter default for UTICo.

10

11

Dated: December 16, 2005

12

13

ASPELIN & BRIDGMAN LLP

14

15

_____

16

John H. Aspelin, Esq.
Attorneys for plaintiff Universal Trading & Investment Co.

17

18

19

20

21

22

23

24

25

26

27

28