IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO., <br><br> Plaintiff <br><br> v. <br><br> PETRO MIKOLAYEVICH KIRITCHENKO, et al., <br><br> Defendants. | No. C-99-3073 MMC <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S JANUARY 20, 2006 MOTION FOR ADMINISTRATIVE RELIEF** <br><br> (Docket No. 921) |

  Before the Court is plaintiff Universal Trading & Investment Co.'s ("UTI") motion, filed January 20, 2006, for administrative relief pursuant to Civil L.R. 7-11. In said motion, plaintiff seeks an order (1) granting UTI retroactive leave to exceed the page limit for its opposition to defendants' motion for summary judgment, (2) providing that UTI's opposition to the motion for summary judgment and its cross-motion for sanctions under Rule 56(g) of the Federal Rules of Civil Procedure will be heard together, (3) requiring the Kiritchenko defendants to refile their sealed motion papers in the public docket; and (4) requiring the parties to file a joint statement of undisputed facts. The Kiritchenko defendants have filed an opposition to the motion; in accordance with Civil L.R. 7-11, no reply has been filed.

**A. Page Limits**

  On January 20, 2006, approximately one hour before filing the instant administrative motion, UTI filed a document titled "Opposition to Summary Judgment Motion and Cross-

1  Motion for Rulings Under Rule 56(g)[1] and for Continuance Pending Discovery Regarding
2  Defendants' Kiritchenkos' Motion for Summary Judgment" ("opposition and cross-motion").
3  The opposition and cross-motion consists of thirty pages of argument, plus nine
4  introductory pages consisting of a notice of motion, list of authorities, statement of issues to
5  be decided, and table of contents.  In the instant motion, UTI requests permission to
6  "exceed the 20-page limit" for its combined opposition and cross-motion for sanctions on
7  the ground that "with only a few exceptions, [UTI has] regularly complied with the page
8  limits in this action," and that its opposition and cross-motion "responds to a dispositive
9  motion filed by three defendants and joined by several more defendants."  (See
10 Administrative Motion, filed Jan. 20, 2006, at 2.)

11       At the outset, the Court notes that the page limit for oppositions is twenty-five pages,
12 not twenty pages, and that requests to exceed the applicable page limits must be filed prior
13 to filing the document that exceeds the page limits.  See Civil L.R. 7-3(a), 7-4(b).  Here,
14 however, although UTI has not separated its arguments in opposition to the motion for
15 summary judgment from its argument in support of its Rule 56(g) cross-motion, it appears
16 that at least five pages are devoted to the Rule 56(g) issue.

17       Accordingly, the Court finds UTI has not violated the applicable local rule as to page
18 limits, and its administrative motion for permission to file a document in excess of the
19 applicable page limits will be denied as moot.

20       **B. Rule 56(g) Motion**

21       UTI next asks that the Court consider its cross-motion for sanctions under Rule
22 56(g) together with its opposition to defendants' motion for summary judgment.  In its Rule
23 56(g) motion, UTI contends that one paragraph of the Affidavit of Natalie Stretskaya
24 ("Stretskaya"), attached as Exhibit DD to the Declaration of Tracy Clements, was made in
25 bad faith.  In particular, UTI objects to paragraph 8 of the Stretskaya declaration, in which

26

27       [1] As discussed infra, UTI, in its cross-motion for sanctions, contends that one of
   defendants' declarants submitted a false declaration in connection with the motion for
28 summary judgment, in violation of Rule 56(g) of the Federal Rules of Civil Procedure.

Stretskaya attests:

> I received an unsigned copy of the decision in the Ukrainian proceeding brought by Pavlo Lazarenko against the Office of the Prosecutor General from Mr. Kiritchenko's Ukrainian counsel.  In Ukraine, an attorney may read a court decision that is in the court's file for his information and he may "study" it.  However, unless the attorney is involved in the case, he cannot request a copy or copy it himself.  In this instance, the attorney requested the opportunity to review the Lazarenko decision, dictated the decision to himself, and later typed it up based on that dictation.

(See Stretskaya Decl. ¶ 8.)  According to UTI, the opinion in question is the September 3, 2003 decision of the Kiev trial court, holding invalid the August 11, 1999 assignment from the Office of the Prosecutor General to UTI.  UTI argues that the unsigned document is identical, in both formatting and text, including spelling errors, to the signed version of the decision and, consequently, contrary to the Stretskaya declaration, could not have been dictated and retyped by Kiritchenko's Ukrainian counsel.

It is undisputed, however, that a signed version of the decision in question was issued by the Ukrainian court.  Consequently, the issue of how Stretskaya obtained an unsigned copy of the decision[2] is wholly collateral to the issue of whether UTI lacks standing in this action as a result of multiple Ukrainian court decisions holding the assignment invalid.  Indeed, in their motion for summary judgment, defendants do not rely on the above-quoted paragraph of the Stretskaya declaration.  Thus, contrary to UTI's assertion, a ruling in its favor on its Rule 56(g) motion does not render the motion for summary judgment moot.

Accordingly, the Court declines to hear the Rule 56(g) motion on shortened time in conjunction with the hearing on the motion for summary judgment.

Additionally, the Civil Local Rules of this District require all motions for sanctions to

---

[2] On January 30, 2006, the Kiritchenko defendants submitted a declaration from Roman Schipka, their Ukrainian counsel, in which he attests that he "read the text of the decision into a hand-held tape recorder, intended to later re-type the text from that recording," but was "concerned that [his] transcription of the decision be accurate, so [he] asked the court secretary if she could provide [him] with a copy of the text of the decision." (See Schipka Decl., filed Jan. 30, 2006, ¶ 3.)  Schipka further attests that the court secretary gave him an "unsigned version of the typed and printed text of the decision." (See id.)

3

be separately filed and noticed for hearing on a 35-day briefing schedule.  See Civil L.R. 7-8.  Accordingly, if UTI wishes to pursue its motion for sanctions under Rule 56(g), it must refile the motion as a separate document, and notice the motion for hearing no earlier than 35 days after the date the motion is filed and served on defendants.

### C. Refiling of Documents

On October 14, 2005, the Kiritchenko defendants filed a motion to file under seal certain documents obtained from a Deputy Prosecutor General of Ukraine, as well as the portions of their motion for summary judgment that refer to such documents, on the ground that said documents were designated confidential under the January 8, 2004 protective order issued in the instant action.  On October 17, 2005, the Court granted the motion.

On the following date, October 18, 2005, UTI filed (1) a motion to unseal the documents, arguing that the protective order should be revoked, and (2) a motion before Magistrate Judge Elizabeth D. Laporte, the magistrate judge to whom all discovery disputes have been referred, seeking revocation of the protective order.  On October 25, 2005, this Court denied UTI's motion to unseal the documents, without prejudice to UTI's refiling the motion if Magistrate Judge Laporte granted UTI's motion to revoke the protective order.  On November 29, 2005, Magistrate Judge Laporte granted that motion.  UTI now seeks an order requiring the Kiritchenko defendants to refile their sealed motion papers in the public docket and to renotice their motion for a future date.

In light of Magistrate Judge Laporte's revocation of the protective order, good cause to seal the documents in question no longer exists.  Accordingly, the Court will order the Kiritchenko defendants to electronically file, in the public docket, unredacted versions of their motion for summary judgment (Docket No. 843) and the declaration of Stan G. Roman in support of that motion (Docket No. 845).  Defendants need not renotice their motion, however.

### D. Joint Statement of Undisputed Facts

Finally, UTI seeks an order requiring the parties to file a joint statement of undisputed facts in connection with its motion for summary judgment.  Pursuant to Civil

1  Local Rule 56-2(a), joint statements of undisputed fact are required only if the assigned
2  judge so orders.  See Civil L.R. 56-2(a).  This Court ordinarily does not require parties to
3  file a joint statement of undisputed facts, and sees no particular need for such a statement
4  in the instant case.  The Court will review the papers submitted by the parties to determine
5  whether any material facts are in dispute.

**CONCLUSION**

For the reasons set forth above, UTI's administrative motion is hereby GRANTED in part and DENIED in part, as follows:

1. UTI's motion for retroactive permission to file a document in excess of the applicable page limits is DENIED as moot.

2. UTI's motion for an order providing that its opposition to the motion for summary judgment and its cross-motion for sanctions will be heard together is DENIED.  If UTI wishes to pursue its motion for sanctions under Rule 56(g), it must refile the motion as a separate document, and notice the motion for hearing no earlier than 35 days after the date the motion is filed and served on defendants.

3. UTI's motion for an order requiring the Kiritchenko defendants to refile the sealed portions of their summary judgment motion in the public docket is GRANTED.  No later than February 10, 2006, the Kiritchenko defendants shall electronically file, in the public docket, unredacted versions of its motion for summary judgment (Docket No. 843) and the declaration of Stan G. Roman in support of that motion (Docket No. 845).

4. UTI's motion for an order requiring the parties to submit a joint statement of undisputed facts is DENIED.

This order terminates Docket No. 921.

**IT IS SO ORDERED.**

Dated: February 7, 2006                              MAXINE M. CHESNEY
                                                     United States District Judge