United States District Court

For the Northern District of California

1
2
3
4
5
6
7          IN THE UNITED STATES DISTRICT COURT
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10  UNIVERSAL TRADING & INVESTMENT          No. C-99-3073 MMC
    CO.,
11                                          **ORDER GRANTING IN PART AND**
            Plaintiff                       **DENYING IN PART PLAINTIFF'S**
12                                          **ADMINISTRATIVE MOTION (1) FOR**
      v.                                    **CONTINUANCE TO ALLOW TIME TO**
13                                          **CONDUCT FORENSIC DOCUMENT**
    PETRO MIKOLAYEVICH KIRITCHENKO,         **EXAMINATION AND (2) TO CORRECT**
14  et al.,                                 **RECORD**
15          Defendants.
                                            (Docket No. 937)
16  _____/
17
18       Before the Court is the administrative motion filed February 1, 2006 by plaintiff

19  Universal Trading & Investment Co. ("UTI"), by which UTI seeks a continuance of the

20  hearing on defendants' motion for summary judgment to allow UTI to conduct a forensic

21  document examination.[1]  UTI also seeks leave of court to "correct" the record.[2]  Defendants

22  Peter Kiritchenko, Izabella Kiritchenko, and Ludmilla Kiritchenko (collectively, "Kiritchenko")

23

24       [1] On February 6, 2006, the Court issued an order vacating the February 10, 2006
    hearing on defendants' motion for summary judgment, and stated that the hearing would be
25  rescheduled, if necessary, at a later date.

26       [2] UTI also asserts in the instant motion that defendants Pavlo Lazarenko and
    Tamara Lazarenko (jointly, "Lazarenko") have failed to comply with their discovery
27  obligations under the Federal Rules of Civil Procedure, which "raises the issue of
    sanctions."  (See Motion at 1.)  The Court will not consider such allegations in the context
28  of the instant administrative motion.  If UTI wishes to pursue such allegations, it must file a
    separate motion before Magistrate Judge Laporte to compel discovery or for discovery
    sanctions.

1    have filed opposition to the motion.  Pursuant to Civil Local Rule 7-11, no reply has been

2    filed.

3              **A. Continuance for Purpose of Conducting Forensic Document Examination**

4              UTI seeks a continuance of the hearing on defendants' motion for summary

5    judgment so that it may conduct a forensic document examination of certain exhibits

6    submitted by defendants in support of their motion.  UTI contends that the copy of a July 7,

7    2005 Ukrainian court decision ("July 7 decision") filed October 14, 2005 by Kiritchenko in

8    support of Kiritchenko's motion for summary judgment is materially different from the copy

9    of the same decision filed January 30, 2006 by Lazarenko.  In particular, UTI points out that

10   the Kiritchenko version consists of 37 handwritten pages, (see Clements Decl. Ex. BB),

11   while the Lazarenko version consists of 34 handwritten pages, (see attachment to Logosha

12   Decl.).  UTI further notes that only the Kiritchenko version contains a "verification with a

13   signature and the Court's stamp," which verification is lacking from the Lazarenko version.

14   (Compare Clements Decl. Ex. BB, last page with Logosha Decl., last page of handwritten

15   attachment.)  UTI contends that the handwriting in both versions is "extraordinar[il]y

16   car[e]less, omitting lines and paragraphs when apparently being negligently copied from

17   some source, with numerous grammatical mistakes in the Ukrainian language, highly

18   unlikely to have been written by an appellate judge[.]" (See Motion at 3.)  UTI additionally

19   contends that the respective translations submitted by Kiritchenko and Lazarenko are

20   markedly inconsistent, and that the translation submitted by Lazarenko appears to "fill in

21   the gaps" noted in the translation of the same document submitted by Kiritchenko.  UTI

22   seeks a continuance to afford it time to submit the two different versions of the July 7

23   decision to a forensic document examiner and to submit the examiner's expert opinion to

24   the Court as "evidence of fraud committed by Kiritchenko's and Lazarenko's agents in their

25   absentia in Ukrainian courts."  (See Motion at 4.)

26             In response, Kiritchenko states, albeit without citation to a declaration, that the

27   differences in the lengths of the two versions of the July 7 decision are the result of two

28   pages in the Kiritchenko version having been copied twice, and one page having been

2

1  inadvertently deleted from the Lazarenko version.  The Court, having conducted its own

2  review of the documents, has confirmed Kiritchenko's statement, and agrees that the two

3  copies of the documents are otherwise identical, with the exception that the court stamp on

4  the final page is missing from the Lazarenko version.[3]

5      Kiritchenko further argues that "the fact that the two copies of the court decision

6  were verified and stamped in different manners by Ukrainian officials does not mean that

7  either decision is fraudulent or was fraudulently-obtained," and that "immaterial" differences

8  in translations likewise do not suggest fraud.  (See Opp. at 3.)  The Court agrees that

9  because the content of the two copies of the July 7 decision are identical, the lack of a

10  stamp on one copy does not appear to be material.  Additionally, the Court has reviewed

11  the respective translations submitted by Kiritchenko and Lazarenko, and agrees that the

12  minor differences in the two translations are not material.

13      Moreover, as Kiritchenko correctly notes, the July 7, 2005 decision has been

14  authenticated by a witness with personal knowledge.  G.I. Korotka ("Korotka") attests that

15  he represents Lazarenko in the Ukrainian litigation, and that he was present when the

16  July 7 decision was announced in open court.  (See Korotka Decl. at 1, 4.)  Korotka further

17  attests that the July 7 decision was handwritten by the presiding judge, V.M. Korotun, and

18  that the copy of the July 7 decision submitted to the Court is "authentic and corresponds to

19  the full content" of the decision that was announced in open court in Ukraine.  (See id. at

20  4-5.)  Svetlana O. Logosha attests she obtained from Korotka the copy of the July 7

21  decision she submitted to the Court on behalf of Lazarenko, and that she obtained the

22  English translation of the July 7 decision submitted on his behalf.  (See Logosha Decl.

23  at 2.)

24      A motion for a continuance of the hearing on a motion for summary judgment is

25  governed by Rule 56(f) of the Federal Rules of Civil Procedure.  Rule 56(f) provides:

26  "Should it appear from the affidavits of a party opposing the motion that the party cannot for

27  _____

28  [3] Additionally, the two copies have not been photocopied in the same manner; some of the text has been cut off at the edge of one copy but appears in the other copy.

3

1  reasons stated present by affidavit facts essential to justify the party's opposition, the court

2  may refuse the application for judgment or may order a continuance to permit affidavits to

3  be obtained or depositions to be taken or discovery to be had or may make such other

4  order as is just."  Fed. R. Civ. P. 56(f).  A party seeking a continuance, pursuant to Rule

5  56(f), "must show how additional discovery would preclude summary judgment and why a

6  party cannot immediately provide 'specific facts' demonstrating a genuine issue of material

7  fact."  See Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 524 (9th Cir. 1989).  The party

8  seeking a continuance must identify the specific, relevant evidence that he needs, and

9  make clear how that information would preclude summary judgment.  See id.; see also

10  Wellman v. Writers Guild of Am., West, Inc., 146 F.3d 666, 674 (9th Cir. 1998) (affirming

11  denial of Rule 56(f) motion where district court determined that desired evidence was

12  unnecessary to plaintiff's case and plaintiff did not explain how information he sought would

13  preclude summary judgment).

14        Here, although UTI identifies the evidence it wishes to submit to the Court, it does

15  not explain how that evidence will preclude entry of summary judgment for defendants.  UTI

16  does not dispute that the Ukrainian court of appeal issued a decision on July 7, 2005, and

17  concedes that the decision has been appealed by the General Prosecutor of Ukraine

18  ("GPOU").  Although UTI has submitted a copy of the appellate brief filed by the GPOU, it

19  does not contend, for example, that the issues appealed therein raise doubts about the

20  authenticity of the copies of the July 7 decision that were submitted by defendants in the

21  instant action.  Although UTI raises questions about the translations submitted, both by

22  Kiritchenko and Lazarenko, it does not point to any material inaccuracies in either

23  translation.  Because UTI has not demonstrated how the results of a forensic document

24  examination may preclude entry of summary judgment for defendants, the Court finds UTI

25  has not set forth good cause for continuing the hearing on defendants' motion for summary

26  / /

27  / /

28  / /

4

1  judgment.[4]

2  **B.  "Correcting" the Record**

3  UTI argues that Kiritchenko has misrepresented the record by stating, in

4  Kiritchenko's reply to UTI's opposition to Kiritchenko's motion for summary judgment, that

5  UTI "does not attempt to demonstrate that the prosecutor was authorized by Ukrainian law

6  to assign claims to UTI."  (See Reply at 1.)  According to UTI, its opposition to the motion

7  for summary judgment incorporated by reference "the existing record and the Expert

8  Opinions in its support in the case docket."  (See Motion at 4.)  In particular, UTI asks the

9  Court to consider the declarations of V. M. Pogorilko, V. Pechota and V.I. Kuznetsov, which

10  previously were filed in 2000 as Docket Nos. 403, 404, and 405 (collectively, "2000

11  Declarations").

12  UTI fails to cite to any specific page of its opposition that incorporates the 2000

13  Declarations by reference.  Although UTI's opposition states, in general terms, that the

14  opposition is based on "the complete files and records of this action," (see Opp. at IV),

15  nowhere in UTI's opposition does it cite to any of the 2000 Declarations.  Indeed, the

16  opposition contains no argument whatsoever that the Prosecutor General of Ukraine was

17  authorized under Ukrainian law to assign claims to UTI.

18  The Ninth Circuit repeatedly has held that the district court is not required to search

19  the record sua sponte in search of evidence that would preclude summary judgment.  See,

20  e.g., Keenan v. Allan, 91 F.3d 1275, 1279 (9th Cir. 1996) ("It is not our task, or that of the

21  district court to scour the record in search of a genuine issue of triable fact.  We rely on the

22  nonmoving party to identify with reasonable particularity the evidence that precludes

23  summary judgment."); see also Carmen v. San Francisco Unified School District, 237 F.3d

24  _____

25  [4] This is not the first time UTI has failed to set forth good cause for a Rule 56(f)
26  continuance. In an order filed October 25, 2005, the Court found UTI had not set forth good cause for a requested Rule 56(f) continuance because UTI failed to explain how the evidence it hoped to obtain would preclude entry of summary judgment.  (See Order
27  Granting in Part and Denying in Part Plaintiff's "Administrative Rebuttal to Defendants Kiritchenkos' Administrative Motion to Seal and Rebuttal to Timing of Motion for Summary
28  Judgment," filed Oct. 25, 2005, at 2-3.)

5

1026, 1031 (9th Cir. 2001) ("The district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found.") UTI's reference in its opposition to "the complete files and records of this action," (see Opp. at IV), is inadequate to alert the Court or defendants that UTI intended to rely on the 2000 Declarations.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, however, UTI is permitted to submit declarations "prior to the day of hearing." See Fed. R. Civ. P. 56(c). The Commentary to Civil Local Rule 56-1 interprets Rule 56(c) as permitting the filing of opposing affidavits "the day prior to the hearing." See Civil L.R. 56-1. As the instant motion was filed prior to the scheduled February 10, 2006 hearing date,[5] the Court will allow UTI to supplement its opposition with the 2000 Declarations. Because defendants have not had an opportunity to respond to the 2000 Declarations, however, the Court will afford defendants leave to file, no later than fourteen days from the date of this order, a surreply of no more than ten pages in length addressing the 2000 Declarations.

**CONCLUSION**

For the reasons set forth above, UTI's administrative motion is hereby GRANTED in part and DENIED in part, as follows:

1.  UTI's motion to continue the hearing on defendants' motion for summary judgment to afford UTI time to obtain and file a forensic document examination is DENIED.

2.  UTI's motion to "correct" the record to include the 2000 Declarations as part of its opposition to defendants' motion for summary judgment is GRANTED. Defendants may file, no later than fourteen days from the date of this order, a surreply addressing the

/ /

/ /

/ /

---

[5] As noted, the Court vacated the hearing date, but stated it would reschedule the hearing, if necessary, at a later date.

1    issues raised in the 2000 Declaration.

2          This order terminates Docket No. 937.

3          **IT IS SO ORDERED.**

4    Dated: February 28, 2006                    MAXINE M. CHESNEY
                                                 United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7