ASPELIN & BRIDGMAN, LLP
JOHN ASPELIN, ESQ. S.B. #56477
220 Montgomery Street, Suite 1009
San Francisco, California, 94104
OFC: (415) 296-9812
FAX: (415) 296-9814

Attorneys for Plaintiff,
UNIVERSAL TRADING & INVESTMENT Co.

# UNITED STATES DISTRICT COURT

# FOR NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT COMPANY, a Massachusetts corporation<br><br>Plaintiff,<br><br>vs.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, an individual, et al.,<br><br>Defendants | Docket No. CV99-3073MMC/EDL<br><br>**APPLICATION**<br>**FOR THE ISSUANCE OF A LETTER OF REQUEST**<br>**FOR THE EXAMINATION OF WITNESSES IN CAYMAN ISLANDS**<br><br>**PURSUANT TO**<br>**THE HAGUE EVIDENCE CONVENTION**<br><br>[F.R.Civ.P. 28(b)]<br>[Local C.R. 7-10]<br><br>**Date:  not set**<br>**Time:  not set**<br>**Court: E, 16th Floor**<br>**Judge: The Hon. Elizabeth D. Laporte** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Universal Trading & Investment Co. (hereinafter "UTICo"), by its attorneys, respectfully applies, pursuant to F.R.Civ.P. 28(b) and Local C.R. 710 for the issuance by the Court of a Letter of Request in the form attached hereto as Exhibit A, addressed to the Central Authority in the Cayman Islands, for the examination of residents of the Cayman

---
Letter of Request to Cayman Islands pursuant to Hague Evidence Convention                                                                    i

Islands, agents of defendant Brancross (Cayman) Ltd. This application is made pursuant to, and in conformity with, The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. 7444, 23 U.S.T. 2555, reprinted in 28 U.S.C.A. #1781, ("Hague Evidence Convention"), which is in force between the United States and the Cayman Islands.

Issuance of the Letter of Request under the Hague Evidence Convention is a proper method for the taking of testimony of persons residing abroad. Rule 28(b), *F.R.Civ.P., Pain v. United Technologies Corp.*, 637 F.2d 775, 788-90 (D.C.Cir.1980).

Plaintiff respectfully requests that the Court approve and sign the attached Letter of Request. Plaintiff further requests that after the Court would have signed the Letter of Request, the Clerk for this Court authenticate the Court's signature under the seal of this Court, and that the Letter of Request be thereafter returned by the Clerk to undersigned counsel for Plaintiff.

Plaintiff's Counsel will transmit the Letter of Request to the Central Authority of the Cayman Islands for execution in conformity with Art. 2 of the Convention.

Dated: ........................, 2005

                                      ASPELIN & BRIDGMAN LLP

                                      _____
                                      John H. Aspelin, Esq.
                                      Attorneys for plaintiff Universal Trading
                                      & Investment Co.

**UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF CALIFORNIA
(SAN FRANCISCO DIVISION)**

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT COMPANY, a Massachusetts corporation<br><br>Plaintiff,<br><br>vs.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, an individual, et al.,<br><br>Defendants | Docket No. CV99-3073MMC/EDL<br><br>**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE**<br><br>**PURSUANT TO<br>THE HAGUE CONVENTION OF 18 MARCH 1970<br>ON TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** |

1.  Sender:                                   Office of the Clerk
                                                       United States District Court
                                                       District for Northern California
                                                       450 Golden Gate Ave.
                                                       Clerk's office, 16th Floor
                                                       San Francisco, CA 94102, USA

2.  Central Authority of the Requested State

                                                         His Excellency the Governor
                                                       Cayman Islands
                                                       4th Floor, Government Admin Bldg
                                                       George Town
                                                       Grand Cayman
                                                       Cayman Islands

3.  Person to whom the executed request is to be returned:       The Hon. Elizabeth D. Laporte
                                                       Magistrate Judge
                                                       United States District Court
                                                       District for Northern California
                                                       450 Golden Gate Ave.
                                                       San Francisco, CA 94102.

         Notation: mailing documents to Plaintiff's counsel, per address below who shall promptly file the documents at the U.S. District Court, will be accepted:
c/o John H. Aspelin, Esq.
Aspelin and Bridgman LLP
220 Montgomery Street, Suite 1009
San Francisco, California, 94104;
tel. (415) 296-9812, fax (415) 296-9814

4. In conformity with Article 3 of the Convention, the undersigned applicant has the honor to submit the following request.

5.  a. Requesting judicial authority:

    U.S. District Court
    District for Northern California
    450 Golden Gate Ave.
    San Francisco, CA 94102, USA
    Tel. (415) 522 2000

 b. To the competent authority of:

    Cayman Islands
    H.E. Governor of Cayman Islands
    4th Floor, Government Admin Bldg
    George Town
    Grand Cayman
    Cayman Islands
    Tel. (345) 244-2401

6. Names and addresses of the parties and their representatives

 a. Plaintiff:  Universal Trading & Investment Co., Inc.
    c/o Law Office of Stephen Reardon, Esq.,
    454 Broadway Suite 205, Revere MA 02151
    Litigation counsel: John H. Aspelin, Esq.
    Aspelin and Bridgman LLP
    220 Montgomery Street, Suite 1009
    San Francisco, California, 94104;
    tel. (415) 296-9812, fax (415) 296-9814

 b. Defendants:  Petro Kiritchenko; Izabella Kiritchenko; Ludmila Kiritchenko
    c/o Stan Roman, Esq., Michael Lisi, Esq., Tracy Clements, Esq.
    Krieg Keller Sloan Reilley & Roman LLP
    114 Sansome St., Suite 400
    San Francisco, CA 94104
    tel. (415) 249-8330, fax (415) 249-8333

Pavlo Lazarenko; Tamara Lazarenko; Dugsbery Inc.
c/o Daniel Horowitz, Esq
Law Offices of Daniel Horowitz, Esq.
120 11th Street
Oakland CA 94607
tel. (510) 444-4888; fax (510) 893-4451

Brancross U.S. Holdings, Inc.; BRC Property Holdings, LLC; Xanadu Property Holdings LLC; ABS Trading Inc.; and Michael Menko
c/o Jeffrey G. Knowles, Esq.; Marisa Chan, Esq.
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111-4213
tel. (415) 391-4800; fax (415) 989-1663

Alex Liverant
c/o Garrick S. Lew, Esq.
Minami, Lew & Tamaki
360 Post Street, 8th Floor
San Francisco, CA 94108
tel. (415) 788-9000; fax: (415) 398-3887

Eurofed Bank, Inc.
c/o Gordon Greenberg, Esq.
Fernando Aenelle-Rocha, Esq.
McDemott, Will & Emery
2049 Century Park East, 34th Floor
Los Angeles, CA 90067-3208
tel: (310) 277-4110; fax: (310) 277-4730

Named defendants that have not appeared in the action and are unrepresented:

Johnny E. Johnson;
c/o Eurofed Bank, 60 Nevis Street
St. John's Antigua and Barbuda

Brancross (Cayman) Ltd., a Cayman Islands corporation;
c/o International Corporation Services Ltd.,
Box 472, GT, Grand Cayman, Cayman Islands

Brancross Ltd., an Isle of Man corporation;
c/o 19 Mount Havelock, Douglas,
Isle of Man

Zeneta Foundation, a Liechtenstein trust corporation;
c/o Staedtle 7, Vaduz,

        Liechtenstein

        Selective Assets Ltd., a British Virgin Islands corporation;
        Orby International Ltd., a British Virgin Islands corporation;
        c/o Registrar of Companies
        Tortola, the British Virgin Islands

        Lady Lake Investment Ltd.., an Antigua and Barbuda corporation; Nemuro Industrial Group Ltd.., an Antigua and Barbuda corporation; Fairmont Group Ltd.., an Antigua and Barbuda corporation; Firstar Securities Ltd., an Antigua and Barbuda corporation; Guardian Investment Group Ltd., an Antigua and Barbuda corporation;
        all c/o 60 Nevis Street
        St. John's, Antigua,
        Antigua and Barbuda

7. Nature and purpose of the proceeding and summary of the facts:

  Plaintiff, Universal Trading & Investment Co., Inc. has been prosecuting since June 24, 1999 the proceedings in the present civil case in U.S. District Court for the District of Northern California No. 99cv03073 MMC/EDL, at the center of which is recovery of certain real estate properties held by the defendants in California. The claims for the real estate rights were secured by U.S. District Court that issued the Writs of Attachment in favor of UTICo on real estate property (11 real estate items in the State of California). In particular, Writs of Attachment were issued for plaintiff by the U.S. District Court in January of 2000 (respectively for 8 properties) and additionally in May of 2004 (for 3 more properties), for up to $40 million. The attached real properties include, in Marin County in California: 185 Gilmartin Dr., Tiburon; 406 Paradise Dr., Tiburon, 100 Obertz Ln., Novato; three joint plots of land for the total of about 79.5 acres in Tiburon; and in San Francisco County multi-apartment houses at 3500 Fulton St. and 901 Pine St., condominium at 1901 Jackson Street; and commercial building at 2001 Chestnut St. Additionally, the condominium at 10727 Wilshire Blvd #1502, Los Angeles, California, was attached in May of 2004, and with the permission of the court that latter property was sold in August of 2004, with the attachment transferred to the sale proceeds in a trust account, per Court order, at First Bank & Trust Co. in San Francisco. The status of title to the property currently attached in California: 5 titles for the real estate are allegedly in the names of nominee California entities: Brancross U.S. Holdings Inc., BRC Property Holdings LLC, Xanadu Property Holdings LLC, and Dugsbery Inc., allegedly held by offshore entities in the Caribbean disguising alleged ownership interest of defendants Kiritchenko and Lazarenko. One property is in the name of Ludmila Kiritchenko (key defendant's daughter); and 4 properties are in the name of defendant Petro Kiritchenko, two of which are held jointly with his wife defendant Izabella Kiritchenko. The attached trust account at First Bank & Trust Co., upon the sale of the above property in Los Angeles, CA, is also in the name of Petro Kiritchenko. The causes of action include the allegations of violating federal anti-racketeering laws, conversion, unjust enrichment, breach of fiduciary duties, fraud, civil conspiracy, money had and received, accounting, fraudulent conveyances, declaratory relief. Plaintiff alleges to have rights to recovery arising from its contractual rights with Ukrainian authorities since 1998. Additionally, Plaintiff holds a judgment against United Energy Systems of Ukraine from U.S. District Court for the District of Massachusetts,

in the amount of $18,344,380 in a civil action <u>United Energy Systems of Ukraine v. Universal Trading & Investment Co., Inc.</u>, 97cv10280 which Plaintiff asserts as being a related civil action. Plaintiff intends to assert, under the Uniform Fraudulent Transfers Act, against the assets fraudulently transferred from the judgment debtor to other entities, as appropriate subject to further discovery on fraudulent transfers.  Two key defendants in the present action are convicted felons. Namely, defendant Pavlo Lazarenko was convicted in Switzerland (2000) and in the United States, by jury trial (2004). Defendant Petro Kiritchenko pled *nolo contendere* to charges against him in Switzerland (2000) and reached a plea bargain with law enforcement in the United States (2000). Plaintiff alleges both convicts are declared wanted by Interpol on charges brought against them outside of the United States and both await sentencing by U.S. District Court as of the time of the issuance of the Letter of Request. As it is relevant to the present Letter of Request, plaintiff has alleged that Brancross (Cayman) Ltd. was used by those two and several other defendants for fraud, unjust enrichment, perpetrating civil conspiracy, money laundering and other illegal activities to conceal their beneficial interest in the real properties in California and for evading creditors. All defendants that have appeared in the present civil action have denied substantially all allegations of Plaintiff, with the exception of the admissions made on judicial record by way of transcribed testimony of certain defendants in this U.S. District Court, which plaintiff contends are admissible as proof against certain defendants as a matter of law.

8. Evidence to be obtained or other judicial act to be performed:

   It is requested that the Cayman Islands central authority propound to the resident agents of Brancross (Cayman) Ltd. the list of questions, with presentation of documents when applicable, appended hereto.

9. Identify and address of any person to be examined:

   Persons most knowledgeable of Brancross (Cayman) Ltd., incorporated in Cayman Islands

10. Questions to be put to the persons to be examined or statement of the subject matter about which he is to be examined.

    Please see attached list.

11. Documents or other property to be inspected:

    Please see attached list. The judicially certified copies of all presented documents requested.

12. Any requirement that the evidence be given on oath or affirmation and any specific form to be used:

    The witnesses should be examined under oath or affirmation, or in the alternative, should be instructed

---

Letter of Request to Cayman Islands pursuant to Hague Evidence Convention                    vii

| | | |
|---|---|---|
| | | of the consequences for the giving of untruthful and false answers under the laws of your jurisdiction. |
| 13. | Special methods or procedure to be followed: | |
| | | It is requested that: (1) only the witness being deposed and his or her counsel, the judicial officer conducting the deposition, the parties and/or their counsel, interpreters, and a stenographer be permitted to be present during the examination and all other persons excluded; (2) the parties and/or their counsel be permitted to submit additional questions for presentment to the witnesses following their answering of the questions set forth in Section 10 above; and (3) a stenographer be permitted to record verbatim the examination of the witnesses or alternatively the testimony be tape recorded for subsequent verbatim, if permitted under the law of your jurisdiction. |
| 14. | Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified: | |
| | | Please notify *Brancross (Caymen) Ltd. and* plaintiff, in writing, twenty-five (25) days before the scheduled examination dates. Plaintiff will immediately notify all other parties to the action. |
| 15. | Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Letter of Request: | |
| | | None. |
| 16. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin: | |
| | | Witnesses may refuse to answer any question propounded pursuant to Section 13(3) above if such answer (1) would subject him (her) to a real and appreciative danger of criminal liability in the United States, or (2) would disclose a confidential communication with his (her) attorney and/or attorney work product to the extent allowable under local law. |

17. The fees and costs incurred which are reimbursable under the second paragraph of Article 14 or under Article 26 of the Convention will be borne by:

        Universal Trading & Investment Co., Inc.
        c/o its attorneys, see paragraph 6.

18. Date of Request:

        ...................................March 30...., 2006

19. Signature and seal of requesting authority:



        The Honorable Elizabeth D. Laporte
        Magistrate Judge
        United States District Court

Attachment: Questionnaire:

QUESTIONNAIRE DUCES TECUM
to Person Most Knowledgeable of Brancross (Cayman) Ltd.,
Incorporated in Cayman Islands

Latest known contact address: c/o International Corporation Services Ltd., Box 472, GT, Grand Cayman, Cayman Islands

1.. Produce the following corporate records from the date of incorporation to the present of Brancross (Cayman) Ltd.: Articles of Incorporation, Certificate(s) of Incorporation, Agreement of Shareholders, Shareholders Register from the incorporation in approximately March of 1997, Lists of Directors, By-Laws, corporate resolutions and decisions, and board meetings' minutes and memoranda if applicable.

2. Identify the client(s) who ordered registration or acquired the corporate entity Brancross (Cayman) Ltd., accompany your answer with all correspondence with such client(s), annexing payment records associated with that registration or acquisition of that corporate entity, and payment records of associated with the registering or acquiring agent's services in Cayman Islands.

3. Identify the beneficiaries of Brancross (Cayman) Ltd. from its incorporation. Specifically disclose if Pavlo Lazarenko and/or Petro Kiritchenko have been at any times the beneficiaries of Brancross (Cayman) Ltd., and if so, what has been their interest and the respective time period(s) thereof since the incorporation of Brancross (Cayman) Ltd. in about March of 1997. Produce any respective documents.

4. In the event Brancross (Cayman) Ltd. has issued shares in a 'bearer' form, identify when, where and to whom those shares or any part of them has been first transferred in any known instances of the transfers of such shares. Produce any documents that reflect those transfers' transactions.

5. Identify corporate holdings in which Brancross (Cayman) Ltd. has been involved as a parent or subsidiary, or was controlled by means of a "guarantee membership" (if that term is recognized by you.)

6. Specifically disclose if Brancross (Cayman) Ltd. has been a parent of Brancross U.S. Holdings, Inc., incorporated in the United States, and if so, identify the holding structure and respective stock holdings at all relevant times.

7. Identify all subsidiaries or affiliates of Brancross (Cayman) Ltd. In any jurisdiction, in addition to and other than allegedly the above Brancross U.S. Holdings Inc., in which Brancross (Cayman) Ltd. has interest in excess of 5% of stock or in which it acts as a director or any other corporate officer.

8. Specifically disclose if Brancross (Cayman) Ltd. has been a subsidiary of Brancross Ltd., incorporated in Isle of Man, and if so, identify the holding structure and respective stock holdings at all relevant times.

9. Specifically disclose if Brancross (Cayman) Ltd. has been a subsidiary of Zeneta Foundation, a trust foundation set up in Liechtenstein, and if so, identify the holding structure and respective stock holdings at all relevant times.

10. Identify who and where holds the stock certificates or other documents representing ownership rights identified in questions 4-7 above and produce copies of those that you have in your possession or under your control.

11. Produce any trust deeds or trust documents that mention Brancross (Cayman) Ltd., regardless of who is the settlor, protector or beneficiary of such trusts.

12. Identify all banking accounts of Brancross (Cayman) Ltd. and produce all banking records in your possession or control, including but not limited to, the account at Royal Bank of Scotland, such as the accounts opening documents, signature cards, monthly statements, wire transfers orders and records, checks, withdrawals, any notices from the bank(s).

13. In the event you have in your possession or control banking records of your alleged subsidiaries or parents, including Brancross U.S. Holdings Inc., Brancross Ltd., and Zeneta Foundation, produce those records, including the accounts opening documents, signature cards, monthly statements, wire transfers orders and records, checks, withdrawals, notices from banks.

14. Produce all documents relating to your participation in judicial proceedings and relating to international requests for judicial assistance and disclosure of banking and other records, with allegations of money laundering or misappropriation or of fraud, in Cayman Islands, in Switzerland, United Kingdom, and elsewhere if applicable, including: complaints, pleadings, affidavits, orders, transcripts, judicial decisions. In the event of interviews by law enforcement from any jurisdiction visiting in person, identify such interviews and produce any records prepared after such interviews.

15. Produce all documents that you have received or originated to date, concerning the litigation in U.S. District Court for the District of Columbia, Case Number 040798 specifically including the Summons and the Certificate of Service under the Hague Service Convention, Amended Complaint, any correspondence with other defendants and with other parties. To the extent that correspondence includes exchanges with your attorney, produce a respective Privilege Log of such exchanges with your attorney.

16. Identify any other instances when Brancross (Cayman) Ltd. and its agents have been subject to a subpoena or questioning in Cayman Islands and elsewhere, including under the process originated in Cayman Islands, to date. Produce such subpoenas to Brancross (Cayman) Ltd., and documents produced by its agents, transcripts of testimony if applicable.

17. Produce any records and documents of Brancross (Cayman) Ltd. that have been disclosed in criminal proceedings in any jurisdiction, involving in particular alleged money laundering and/or fraud.

18. Produce any contracts concluded by, or on behalf of, Brancross (Cayman) Ltd. with Brancross U.S. Holdings, Inc., and/or Brancross Ltd., and/or Zeneta Foundation, and/or Petro Kiritchenko, Pavlo Lazarenko, or any of their agents.

19. Produce any contracts relating to acquisition or ownership, or rental operation of the real property in the United States or related to the mortgage(s) recorded in the United States. That specifically should include the mortgages and other documents reflecting proprietary or beneficial, or any indirect interest in the real properties situated at 901 Pine Street, San Francisco, CA, and 1901 Jackson St., San Francisco, CA, USA.

20. Produce any records of any loan(s) provided to, or received from, any defendants identified in this action as indicated above, such as loan agreements, loan disbursements, and any repayments of such loans.

21. Produce any corporate filings and tax statements filed by Brancross (Cayman) Ltd. in Cayman Islands and in any other jurisdiction from its incorporation in 1997.

22. Identify any and all employees of Brancross (Cayman) Ltd. and produce records evidencing their employment by said entity.

23. In the event alleged principals and/or beneficiaries of Brancross (Cayman) Ltd. Petro Kiritchenko and/or Pavlo Lazarenko, and/or agents of either defendant have visited the purported offices of Brancross and/or have met with the agents of Brancross (Cayman) Ltd., including but not limited to Elizabeth Schwiff and Graham Taylor, identify the dates, the places of their visits to Cayman Islands and of such meetings, as well as describe the issues discussed. If at such meetings documents were passed or exchanged, produce their copies.

24. In the event local agents of Brancross (Cayman) Ltd. have traveled outside of Cayman Islands to meet with its alleged principals and/or beneficiaries Petro Kiritchenko and/or Pavlo Lazarenko, and/or agents of either defendant, including but not limited to Elizabeth Schwiff and Graham Taylor, identify the dates, the places of such meetings, as well as describe the issues discussed. If at such meetings documents were passed or exchanged, produce their copies.

25. In the event you have received from or exchanged any correspondence with, any defendants identified in the present Letter of Request, or their agents, aiming at interfering with the execution of the Letter Request or for any other purpose regarding the Letter of Request, produce any such correspondence and documents.

26. Identify any professional licenses, permits, authorizations of agent(s) of Brancross (Cayman) Ltd., used for conducting offshore services associated with Brancross (Cayman) Ltd. at any relevant times, issued or granted to such agent(s) in Cayman Islands and/or elsewhere.

27. With reference to a Memorandum annexed, addressed by Graham Taylor to defendant Kiritchenko, with regard to alleged setting up Brancross (Cayman) Ltd., indicate if you are

1 | familiar with that Memorandum and/or if you aware of any of the issues in said Memorandum and/or you are in possession of any related documents. Produce such related documents in your possession or control. See Appendix A.

Enclosure:

Appendix A.
Copy of Memorandum entitled "Structure", dated March 11, 1997