IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO., <br><br>Plaintiff<br><br>v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br><br>Defendants. | No. C-99-3073 MMC<br><br>**ORDER GRANTING KIRITCHENKO DEFENDANTS' MOTION TO STRIKE REGISTRATION OF JUDGMENT AND RELATED DECLARATIONS; VACATING HEARING**<br><br>(Docket No. 976) |

    Before the Court is the motion filed March 17, 2006 by defendants Peter Kiritchenko, Izabella Kiritchenko, and Ludmilla Kiritchenko (collectively, "Kiritchenko defendants") to strike plaintiff Universal Trading & Investment Co.'s ("UTI") registration of a judgment in favor of UTI and against United Energy Systems of Ukraine ("UESU"), entered July 7, 2005 by the United States District Court for the District of Massachusetts ("UESU judgment"), as well as associated declarations.  UTI has filed opposition to the motion; the Kiritchenko defendants have filed a reply.  Having considered the papers filed in support of and in opposition to the motion, the Court finds the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the April 21, 2006 hearing, and rules as follows.

1  The Court agrees with the Kiritchenko defendants' contention that registration in the
2 instant action is improper.  The registration statute, 28 U.S.C. § 1963, "permits a federal
3 judgment rendered in one district to be registered in any other in the federal system without
4 the need to relitigate."  See 28 U.S.C. § 1963, Commentary on 1988 Revision.  "It is usually
5 resorted to only when the judgment can't be satisfied in the rendering district for want of
6 local property of the defendant, but can be enforced in some other district where the
7 defendant (now judgment debtor) does have property."  Id.

8  In this district, judgments of another district are registered as separate actions.  See
9 United States District Court for the Northern District of California Filing Guidelines ¶ 5.[1]
10 Assuming, arguendo, there may be circumstances where registration in a pending action
11 would be appropriate, no such circumstances exist in the instant case.  Here, UESU, the
12 judgment debtor, is not a party to the instant action.  Although UTI contends the UESU
13 judgment is enforceable against the Kiritchenko and Lazarenko defendants because those
14 parties are in privity with UESU, the claims on which judgment was awarded against UESU
15 in the Massachusetts action are not asserted against the Kiritchenko or Lazarenko
16 defendants in the instant action.  If UTI wishes to initiate proceedings in this district to
17 enforce the UESU judgment, it must file a separate action.

18  Accordingly, the Kiritchenko defendants' motion to strike is hereby GRANTED, and
19 Docket Nos. 961 through 965 and 970 are hereby STRICKEN from the record without
20 prejudice to UTI's filing a new action to enforce the UESU judgment.

21  **IT IS SO ORDERED.**

22
23 Dated: April 20, 2006  _____
    MAXINE M. CHESNEY
    United States District Judge

---

[1] The filing guidelines are included in the "Welcome Packet" available from the Clerk's Office, as well as on the Court's website at http://www.cand.uscourts.gov.