IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO.,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br><br>　　　　Defendants. | No. C-99-3073 MMC<br><br>**ORDER AFFORDING DEFENDANTS OPPORTUNITY TO SUBMIT CERTIFIED COPIES OF UKRAINIAN COURT DOCUMENTS** |

　　　Before the Court is the motion for summary judgment filed October 15, 2005 by defendants Peter Kiritchenko, Izabella Kiritchenko, and Ludmilla Kiritchenko, by which motion defendants contend plaintiff Universal Trading & Investment Co. ("UTI" or "UTICo") lacks standing to assert the claims at issue in the instant action.

　　　UTI alleges defendants were participants in "a criminal organization and enterprise designed to steal large sums of money from the Government of Ukraine[.]" (See Second Amended Complaint ¶ 32.) UTI contends the Prosecutor General of Ukraine ("PGOU") has "assigned, for consideration, the right of recovery of damages and/or assets for the claims" to UTI, (see id. ¶ 1), and claims standing as an assignee of Ukraine.

　　　In support of their motion for summary judgment, defendants argue that the assignment from the PGOU to UTI has been invalidated by Ukrainian courts in two separate Ukrainian actions, and have submitted copies of the Ukrainian court decisions and

1  related documents from the Ukrainian court files.  UTI objects that the Ukrainian court
2  documents have not been properly certified and authenticated pursuant to Rule 44(a)(2) of
3  the Federal Rules of Evidence.  As the Court previously has noted, there does not appear
4  to be any serious dispute as to whether the Ukrainian court decisions were actually issued,
5  and defendants have submitted declarations from attorneys in the Ukrainian actions
6  attesting from personal knowledge that the decisions in question were issued.  (See
7  Korotka Decl., filed Jan. 30, 1996, ¶¶ 1-6; Schipka Supp. Decl., filed Jan. 30, 2006, ¶ 2.)
8  Nonetheless, the Court agrees that defendants have not submitted properly certified copies
9  of the Ukrainian court documents.

10  Rule 44(a)(2) of the Federal Rules of Civil Procedure sets forth four separate
11 methods of certifying foreign court documents for use in United States courts.  First, such
12 documents "may be evidenced by an official publication thereof; or a copy thereof, attested
13 by a person authorized to make the attestation, and accompanied by a final certification as
14 to the genuineness of the signature and official position (i) of the attesting person, or (ii) of
15 any foreign official whose certificate of genuineness of signature and official position relates
16 to the attestation or is in a chain of certificates of genuineness of signature and official
17 position relating to the attestation."  See Fed. R. Civ. P. 44(a)(2).  "A final certification may
18 be made by a secretary of embassy or legation, consul general, vice consul, or consular
19 agent of the United States."[1]  Id.  Defendants have not complied with this method of
20 authentication and certification.

21  Second, "[t]he final certification is unnecessary if the record and the attestation are
22 certified as provided in a treaty or convention to which the United States and the foreign
23 country in which the official record is located are parties."  See id.  This method applies
24 "only with respect to records from countries that are parties to the Hague Convention
25 Abolishing the Requirement of Legalization for Foreign Public Documents" ("Hague Public

---

[1] The purpose of requiring both attestation and certification is to provide "some indication that the document is what it purports to be" as well as "some indication that the official vouching for the document is who he purports to be."  See United States v. Squillacote, 221 F.3d 542, 562 (4th Cir. 2000) (emphases in original).

Documents Convention") and "does not affect the former practice of attesting the records, but only changes the method of certifying the attestation." See Fed. R. Civ. P. 44, Advisory Committee Notes, 1991 Amendment. The United States and Ukraine are both signatories to the Hague Public Documents Convention. Pursuant to the Hague Public Documents Convention, "[t]he only formality that may be required in order to certify the authenticity of the signature, the capacity in which the person signing the document has acted and, where appropriate, the identity of the seal or stamp which it bears, is the addition of the certificate described in Article 4, issued by the competent authority of the State from which the document emanates." See Hague Public Documents Convention art. 3, attached to Fed. R. Civ. P. 44. Article 4 of the Hague Public Documents Convention requires an "apostille" to be attached to the document, in a format set forth in an annex to the Convention. See id. art. 4. Defendants have not complied with this method of certification.

Third, "[i]f reasonable opportunity has been given to all parties to investigate the authenticity and accuracy of the documents, the court may, for good cause shown, (i) admit an attested copy without final certification or (ii) permit the foreign official record to be evidenced by an attested summary with or without a final certification." See id. This method is appropriate "only when it is shown that the party has been unable to satisfy the basic requirements of the . . . rule despite his reasonable efforts," for example, where there is "no United States consul in a particular foreign country[,] the foreign officials may not cooperate, [or where] peculiarities may exist or arise . . . in the law or practice of a foreign country." See Fed. R. Civ. P. 44, Advisory Committee Notes, 1996 Amendment. "The burden of showing good cause, of course, rests with the proponent of the document." See United States v. De Jongh, 937 F.2d 1, 4 (1st Cir. 1991); see also United States v. Leal, 509 F.2d 122, 125 (9th Cir. 1975). Defendants have not attempted to show good cause for dispensing with the certification requirement.

Fourth, and lastly, Rule 44 "does not prevent the proof of official records . . . by any other method authorized by law." See Fed. R. Civ. P. 44(c). Defendants have not argued that the Ukrainian court records have been authenticated and certified pursuant to any

other authorized method.

Accordingly, defendants have not satisfied the requirements of Rule 44.  Rather than deny the motion for summary judgment without prejudice, however, the Court will afford defendants the opportunity to file, no later than June 2, 2006, copies of the Ukrainian court documents that are properly certified and authenticated pursuant to the requirements of Rule 44.  If UTI, after reviewing such filing, believes the Ukrainian court documents remain improperly authenticated and certified, it shall file any objections thereto no later than June 16, 2006.

**IT IS SO ORDERED.**

Dated: May 10, 2006

MAXINE M. CHESNEY
United States District Judge

4