STAN G. ROMAN (SBN 87652) sroman@kksrr.com
TRACY M. CLEMENTS (SBN 184150) tclements@kksrr.com
MICHAEL D. LISI (SBN 196974) mlisi@kksrr.com
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, 4th Floor
San Francisco, CA  94104
Telephone:  (415) 249-8330
Facsimile:  (415) 249-8333

Attorneys for Defendants
PETER KIRITCHENKO, IZABELLA KIRITCHENKO
and LUDMILLA KIRITCHENKO

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| UNIVERSAL TRADING & INVESTMENT CO.,           Plaintiff,<br><br>v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br><br>           Defendants. | Case No.: C99-3073 MMC (EDL)<br><br>[~~SECOND AMENDED PROPOSED~~] ORDER REGARDING PROPERTY SALE AND SALE PROCEEDS  AS MODIFIED<br><br>**Courtroom E**<br>**Judge:  Magistrate Elizabeth D. Laporte** |
|---|---|

## ORDER

Defendant's Motion to Release Attachment on the Jackson Street Property, said property located at 1901 Jackson Street, San Francisco, California (Assessor's Parcel Nos. 5-601-21 and 5-601-22) is hereby GRANTED as follows:

1.   The attachment on 1901 Jackson Street ("the Property") shall be released upon payment of the full contractual price for Unit 2 of the Property and close of escrow pursuant to a residential purchase agreement, dated August 9, 2006, and such attachment lien with respect to Unit 2 of the Property shall simultaneously transfer to the proceeds of sale with all priorities intact.

2.   A new and separate attachment shall be placed upon Unit 1 of the Property (Assessor's Parcel Nos. 5-601-21), under the same conditions as the previous attachment on the

Property.

3. No portion of the consideration for the purchase of Unit 2 of the Property may be paid outside of escrow.

4. Standard escrow costs, legitimate brokers' commissions, and recorded liens having higher priority than plaintiff's attachment lien may be paid out from escrow. In addition, quarterly and yearly taxes, and reasonable CPA fees may be paid out of escrow. However, loans and other EDL indebtedness ~~in excess of $10,000~~ that are owed to creditors who are not "banks" (as the term is defined by law) located and chartered in the United States may not be repaid from escrow unless the relevant loan agreements therefore are fully disclosed to Plaintiff at least seven calendar days prior to opening of escrow.

5. Simultaneous with the close of escrow, the net proceeds of the sale of Unit 2 of the Property shall immediately be placed in a separate, blocked and frozen but interest-bearing account set up as a trust for the benefit of Peter Kiritchenko at a bank (or other financial institution) located and chartered (or licensed) in the United States in which no party holds a direct or indirect interest, and with said bank (or financial institution) as the sole trustee. Said account must be structured to prohibit the bank or financial institution from disbursing or releasing any funds without an order of this Court expressly permitting each such transaction. The attachment lien held by plaintiff on the Jackson Street Property shall automatically transfer and attach to this account, with all priorities intact. Peter Kiritchenko shall notify plaintiff of their selection of bank (or financial institution) and the type of account, and plaintiff shall have seven calendar days to object.

6. The trustee shall be permitted to pay quarterly and annual taxes related to the trust, as well as reasonable fees to a certified public accountant in connection with the preparation of such tax returns.

7. Nothing in this Order shall preclude defendants from appealing any part of this Court's ruling on defendants' Motion to Quash Attachments, or in the Alternative, to Increase Attachment Bond. In the event any court vacates said ruling of this Court, any attachment on the account referenced above shall be released, and all other restrictions placed on that account shall be null and void.

[~~SECOND AMENDED PROPOSED~~] ORDER REGARDING PROPERTY SALE AND SALE PROCEEDS
Case No. C99-3073 MMC (EDL)

2

**IT IS SO ORDERED**.

Dated: _November 14_____, 2006

IT IS SO ORDERED
AS MODIFIED
*Elizabeth D. Laporte*
Judge Elizabeth D. Laporte

_____
THE HONORABLE ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE

[~~SECOND AMENDED PROPOSED~~] ORDER REGARDING PROPERTY SALE AND SALE PROCEEDS
Case No. C99-3073 MMC (EDL)      3