STAN G. ROMAN (87652) (sroman@kksrr.com)
TRACY M. CLEMENTS (184150) (tclements@kksrr.com)
MICHAEL D. LISI (196974) (mlisi@kksrr.com)
KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
114 Sansome Street, 4th Floor
San Francisco, CA  94104
Telephone:  (415) 249-8330
Facsimile:  (415) 249-8333

Attorneys for Defendants
PETER KIRITCHENKO,
IZABELLA KIRITCHENKO, LUDMILLA
KIRITCHENKO, ABS TRADING COMPANY,
BRANCROSS U.S. HOLDINGS, INC, XANADU PROPERTY
HOLDINGS, LLC and BRC PROPERTY HOLDINGS, LLC

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO.,<br><br>                    Plaintiff,<br><br>          v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br><br>                    Defendants. | Case No.: C 99-3073 MMC (EDL)<br><br>**STIPULATION AND [PROPOSED] ORDER GRANTING DEFENDANTS LEAVE TO FILE AMENDED ANSWER**<br><br>**Judge:**     Hon. Maxine M. Chesney<br>**Courtroom:**  7, 19th Floor |

**STIPULATION AND [PROPOSED] ORDER GRANTING DEFENDANTS
LEAVE TO FILE AMENDED ANSWER**
C 99-3073 MMC (EDL)

1    Pursuant to Civil Local Rule 7-12, plaintiff Universal Trading & Investment Company

2    ("UTI") and defendants Peter Kiritchenko, Izabella Kiritchenko, and Ludmilla Kiritchenko

3    (collectively "the Kiritchenko Defendants"), and defendants Brancross U.S. Holdings, Inc. Xanadu

4    Property Holdings, LLC and BRC Property Holdings, LLC (collectively, "the Corporate

5    Defendants") stipulate as follows and respectfully request that the Court enter the following

6    Proposed Order:

7    WHEREAS on or about June 24, 1999, UTI filed its original Complaint in this action;

8    WHEREAS on January 20, 2000, UTI filed its Second Amended Complaint in this action;

9    WHEREAS on August 4, 2000, the Kiritchenko Defendants filed their Answer to the Second

10   Amended Complaint;

11   WHEREAS on August 11, 2000, the Corporate Defendants filed their Answer to the Second

12   Amended Complaint;

13   WHEREAS, as a result of then-pending criminal proceedings involving Mr. Kiritchenko, the

14   Kiritchenko Defendants invoked their Fifth Amendment rights and on that basis did not respond

15   substantively to portions of the Second Amended Complaint;

16   WHEREAS, because the corporate representatives who may have provided the Corporate

17   Defendants with the information necessary to respond to the Second Amended Complaint were also

18   parties to this action and were asserting their Fifth Amendment rights, the Corporate Defendants

19   were unable to respond to those allegations of the Second Amended Complaint that implicated the

20   Fifth Amendment concerns of the corporate representatives;

21   WHEREAS, the Kiritchenko Defendants are no longer asserting their Fifth Amendment

22   rights in this action, and wish to amend their previous Answer to the Second Amended Complaint to

23   reflect this;

24   WHEREAS, the corporate representatives who may provide the Corporate Defendants with

25   the information necessary to respond to the Second Amended Complaint are no longer asserting their

26   Fifth Amendment rights, and thus the Corporate Defendants wish to amend their previous Answer to

27   

28   STIPULATION AND [PROPOSED] ORDER GRANTING DEFENDANTS
     LEAVE TO FILE AMENDED ANSWER
     C 99-3073 MMC (EDL)

1    the Second Amended Complaint to reflect this;

2        WHEREAS the Kiritchenko Defendants and the Corporate Defendants have addressed this

3    issue with plaintiff UTI, and UTI is willing to stipulate to the filing of the Amended Answer to the

4    Second Amended Complaint on behalf of the Kiritchenko Defendants and the Corporate Defendants:

5        IT IS HEREBY STIPULATED AND AGREED THAT, subject to Court approval, the

6    Kiritchenko Defendants and the Corporate Defendants shall jointly file an Amended Answer to the

7    Second Amended Complaint, a copy of which is attached as Exhibit A.

8    Dated:  December 8, 2006            KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP

9

10                       BY: _____/s/_____

11                            MICHAEL D. LISI
                             Attorneys for PETER KIRITCHENKO,
12                            IZABELLA KIRITCHENKO, LUDMILLA,
                             ABS TRADING COMPANY,
13                            BRANCROSS U.S. HOLDINGS, INC, XANADU
                             PROPERTY HOLDINGS, LLC and BRC PROPERTY
14                            HOLDINGS, LLC

15

16    Dated:  December 8, 2006            ASPELIN & BRIDGEMAN

17

18                       By: _____

19                            JOHN H. ASPELIN
                             Attorneys for Universal Trading & Investment Co.

20

21    **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

22

23

24    Dated: _December 11___, 2006

25                            THE HON. MAXINE M. CHESNEY
                             UNITED STATES DISTRICT COURT

26

                                            2

27    _____

28    STIPULATION AND [PROPOSED] ORDER GRANTING DEFENDANTS
     LEAVE TO FILE AMENDED ANSWER
     C 99-3073 MMC (EDL)

# EXHIBIT A

1  STAN G. ROMAN (87652) (sroman@kksrr.com)
   TRACY M. CLEMENTS (184150) (tclements@kksrr.com)
2  KRIEG, KELLER, SLOAN, REILLEY & ROMAN LLP
   114 Sansome Street, 7th Floor
3  San Francisco, CA 94104
   Telephone: (415) 249-8330
4  Facsimile: (415) 249-8333

5  Attorneys for Defendants PETER KIRITCHENKO,
   IZABELLA KIRITCHENKO, LUDMILLA
6  KIRITCHENKO, ABS TRADING COMPANY,
   BRANCROSS U.S. HOLDINGS, INC, XANADU PROPERTY
7  HOLDINGS, LLC and BRC PROPERTY HOLDINGS, LLC

8

9

10                     **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12                       **(SAN FRANCISCO DIVISION)**

13

14  UNIVERSAL TRADING & INVESTMENT      ) Case No. 99-3073 CAL
    CO.,                                 )
15                                       ) **KIRITCHENKO DEFENDANTS'**
                                         ) **AMENDED ANSWER TO PLAINTIFF**
16              Plaintiff,               ) **UTI'S SECOND AMENDED**
                                         ) **COMPLAINT**
17       vs.                             )
                                         )
18  PETRO MIKOLAYEVICH KIRITCHENKO,      )
    et al.,                              )
19                                       )
                                         )
20              Defendants.              )
                                         )
21  _____  )

22                              **ANSWER**

23       Defendants Peter Kiritchenko, Izabella Kiritchenko, and Ludmilla Kiritchenko, Brancross

24  U.S. Holdings, Inc, Xanadu Property Holdings, LLC and BRC Property Holdings, LLC

25  (collectively, "defendants") answer plaintiff Universal Trading and Investment Co.'s ("UTI's")

26  Second Amended Complaint as follows:

27                              PARTIES

28       1.      As to Paragraph 1, defendants specifically deny that UTI, as an alleged assignee of

the Prosecutor General of Ukraine, is authorized under Fed.R.Civ.P. 17(a) to bring this action, or that UTI has been assigned, for consideration, the right of recovery of damages and/or assets for the claims set forth in the Second Amended Complaint. Defendants further deny that the Prosecutor General is authorized, by vote of parliament, to commission civil actions such as this one. As to the remaining allegations of Paragraph 1, defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding UTI's corporate status and principal place of business, and on that basis deny those allegations.

2.      As to Paragraph 2, defendants admit that Peter Kiritchenko ("Mr. Kiritchenko") is an individual residing at 185 Gilmartin Drive, Tiburon, California; has been a permanent resident of the United States since 1996; has claimed the United States as his principal residence since 1994 and engages in business in California. Except as specifically admitted, defendants deny each and every allegation contained in Paragraph 2.

3.      As to Paragraph 3, defendants admit that Izabella Kiritchenko is an individual. Except as specifically admitted, defendants deny each and every allegation contained in Paragraph 3.

4.      As to Paragraph 4, defendants admit that Ludmilla Kiritchenko resides at 406 Paradise Drive, Tiburon California. As to the allegation that Ms. Kiritchenko "engages in business," it is not clear what that phrase means in the context of this complaint, so it is admitted that Ms. Kiritchenko has conducted business activities in California, but the allegation is otherwise denied.

5.      As to Paragraph 5, defendants admit that Pavlo Lazarenko ("Lazarenko") is an individual. As to the allegation that Lazarenko "engages in business in California", it is not clear what that phrase means in the context of this complaint, so the allegation is denied. Except as previously set forth in response this Paragraph, defendants deny each and every other allegation contained in Paragraph 5.

6.      As to Paragraph 6, defendants admit that Tamara Petrovna Lazarenko ("Tamara") is an individual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 6, and on that basis deny them.

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

7.      As to Paragraph 7, defendants admit that Alex Liverant ("Liverant") is an individual. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7, and on that basis deny them.

8.      As to Paragraph 8, defendants admit that Michael Menko ("Menko") is an individual who previously resided at 1663 22nd Avenue, San Francisco, California. Defendants further admit that Menko has in the past conducted business activities in California, but they are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding his current business activities. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding Menko's current residence. Except as previously set forth in response this Paragraph, defendants deny each and every other allegation contained in Paragraph 8.

9.      Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 9, and on that basis deny them.

10.     As to Paragraph 10, Defendants admit that Brancross U.S. Holdings, Inc. ("Brancross U.S.") is a corporation organized under the laws of California. Except as previously set forth in response this Paragraph, defendants deny each and every other allegation contained in Paragraph 10.

11.     As to Paragraph 11, defendants admit that Xanadu Property Holdings, LLC ("Xanadu") is a limited liability company organized under the laws of California. Except as previously set forth in response this Paragraph, defendants deny each and every other allegation contained in Paragraph 11.

12.     As to Paragraph 12, defendants admit that BRC Property Holdings, LLC ("BRC") is a limited liability company organized under the laws of California. Except as previously set forth in response this Paragraph, defendants deny each and every other allegation contained in Paragraph 12.

13.     As to Paragraph 13, defendants admit that Dugsbery, Inc. ("Dugsbery") is a corporation organized under the laws of California, and that Brancross U.S., Xanadu and BRC have the same principal place of business. Except as specifically admitted, defendants deny each and

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

1    every other allegation contained in Paragraph 13.

2         14.    As to Paragraph 14, defendants admit that Brancross Cayman, Ltd. ("Brancross

3    Cayman") is a corporation organized under the laws of the Cayman Islands.  Except as specifically

4    admitted, defendants deny each and every other allegation contained in Paragraph 14.

5         15.    As to Paragraph 15, defendants are without knowledge or information sufficient to

6    form a belief as to the truth of the allegations regarding Brancross Isle of Man's corporate status

7    and principal place of business, and on that basis deny these allegations.  Except as previously set

8    forth in response this Paragraph, defendants deny each and every other allegation contained in

9    Paragraph 15.

10        16.    Defendants admit that Kiritchenko established various entities for tax planning

11   purposes based upon the advice of California counsel.  Except as previously set forth in response

12   this Paragraph, defendants deny each and every other allegation contained in Paragraph 16.

13        17.    Defendants admit that Eurofed Bank maintained accounts at Commercial Bank of

14   San Francisco and Pacific Bank, that Eurofed had securities accounts, that Lazarenko, Kiritchenko

15   and Liverant had beneficial interests in Eurofed Bank, and that Lazarenko and Kiritchenko both

16   reside in California.  Defendants are without knowledge or information sufficient to form a belief

17   as to the truth of the allegations regarding European Federal Credit Bank's ("EuroFed Bank")

18   purported purpose and corporate status.  Except as previously set forth in response this Paragraph,

19   defendants deny each and every other allegation contained in Paragraph 17.

20        18.    As to Paragraph 18, defendants specifically deny the allegations of Paragraph 18 as

21   they relate to these answering defendants.  Defendants are without knowledge or information

22   sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 18, and on

23   that basis deny them.

24        19.    As to Paragraph 19, defendants specifically deny the allegations of Paragraph 19 as

25   they relate to these answering defendants.  Defendants are without knowledge or information

26   sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 19, and on

27   that basis deny them.

28        20.    As to Paragraph 20, defendants specifically deny the allegations of Paragraph 20 as

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

1    they relate to these answering defendants.  Defendants are without knowledge or information

2    sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 20, and on

3    that basis deny them.

4           21.    As to Paragraph 21, defendants specifically deny the allegations of Paragraph 21 as

5    they relate to these answering defendants.  Defendants are without knowledge or information

6    sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 21, and on

7    that basis deny them.

8           22.    As to Paragraph 22, defendants specifically deny the allegations of Paragraph 22 as

9    they relate to these answering defendants.  Defendants are without knowledge or information

10   sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 22, and on

11   that basis deny them.

12          23.    As to Paragraph 23, defendants specifically deny the allegations of Paragraph 23 as

13   they relate to these answering defendants.  Defendants are without knowledge or information

14   sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 23, and on

15   that basis deny them.

16          24.    As to Paragraph 24, defendants specifically deny the allegations of Paragraph 24 as

17   they relate to these answering defendants.  Defendants are without knowledge or information

18   sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 24, and on

19   that basis deny them.

20          25.    As to Paragraph 25, defendants specifically deny the allegations of Paragraph 25 as

21   they relate to these answering defendants.  Defendants are without knowledge or information

22   sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 25, and on

23   that basis deny them.

24          26.    As to Paragraph 26, defendants admit that ABS Enterprises, Inc. ("ABS") is a

25   California corporation which previously had an office at 353 Sacramento Street, San Francisco,

26   California; that Peter Kiritchenko is a principal in ABS and that Ludmilla Kiritchenko is an officer

27   of ABS; and that Mr. Kiritchenko sought admission to the United States as an alien worker on his

28   own behalf.  Defendants are without knowledge or information sufficient to form a belief as to the

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

truth of whether Mr. Menko has acted on behalf of ABS.  Except as previously set forth in response

this Paragraph, defendants deny each and every other allegation contained in Paragraph 26.

JURISDICTION

27.      As to Paragraph 27, defendants admit that the defendants, Xanadu, BRC and

Brancross are not Massachusetts residents.  Insofar as this allegation is premised upon UTI having

standing as an assignee, it is denied.  Defendants are without knowledge or information sufficient

to form a belief as to the truth of any of the remaining allegations in Paragraph 27, and on that basis

deny them.

28.      As to Paragraph 28, defendants admit that the Court has subject matter jurisdiction

to hear UTI's purported claim under the Racketeer Influenced and Corrupt Organizations Act

("RICO").  Except as expressly admitted, defendants deny each and every other allegation

contained in Paragraph 28.

29.      Defendants deny each and every other allegation contained in Paragraph 29.

30.      Defendants deny each and every other allegation contained in Paragraph 30.

31.      As to Paragraph 31, defendants are unclear as to the meaning of this paragraph and

are therefore without knowledge or information sufficient to form a belief as to the truth of any of

the allegations in Paragraph 31, and therefore deny them.

FACTS COMMON TO ALL COUNTS

32.      Defendants deny each and every allegation contained in Paragraph 32.

33.      Defendants deny each and every allegation contained in Paragraph 33.

34.      As to Paragraph 34, defendants admit that Lazarenko served as the Ukrainian

President's Representative in the Dnipropetrovsk region from March 1992 to June 1994; as the

head of the Dnipropetrovsk Regional Council from June 1994 to July 1995; as the First Deputy

Prime Minister of Ukraine from July 1995 to May 1996; and as the Ukrainian Prime Minister from

May 1996 to July 1997.  Defendants also admit that Lazarenko served as a member of Parliament.

Defendants are without knowledge or information sufficient to form a belief as to the truth of any

of the remaining allegations in Paragraph 34, and on that basis deny them.

35.     As to Paragraph 35, defendants admit that Mr. Kiritchenko was given the status of an informal advisor to Lazarenko and that he had a diplomatic passport.  Defendants specifically deny that Mr. Kiritchenko was an employee or official of the Ukrainian government, and that Mr. Kiritchenko used an official position within Ukraine to carry out illegal schemes in Ukraine and elsewhere, to launder the proceeds of those schemes outside of Ukraine and to serve as a cash conduit for the proceeds of illegal activities.  The allegations that Mr. Kiritchenko used his official position within Ukraine and his principal residence in the United States to corrupt and improperly influence government and economic activities in Ukraine, and to arrange massive bribes and kickbacks to Lazarenko were stricken by the Court's Order dated June 7, 2000.  Except as expressly set forth in response to this Paragraph, defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 35, and on that basis deny them.

36.     As to Paragraph 36, defendants specifically deny that Ludmilla Kiritchenko and Mr. Menko served as a cash conduit for the proceeds of illegal activities.  The allegations that Ludmilla Kiritchenko and Mr. Menko, while residing within the United States, used their residences and business in the United States to corrupt and improperly influence government and economic activities in Ukraine, to organize, encourage and carry out illegal schemes in Ukraine and elsewhere, launder the proceeds of those schemes outside of Ukraine, and arrange massive bribes and kickbacks to Lazarenko, were stricken by the Court's  Order dated June 7, 2000.

37.     Defendants deny each and every allegation contained in Paragraph 37.

38.     As to Paragraph 38, defendants are without knowledge or information sufficient to form a belief as to the truth of, and on that basis deny, the allegations that Lazarenko admitted during questioning by a Swiss Magistrate that he had received personal income on government contracts while he was a top government official of 8-11 percent of the contract amounts; that those contracts exceeded $10 billion; that those contracts were illegal under Ukrainian law; and that Lazarenko failed to report such contract on financial disclosure forms required for members of the Ukrainian Parliament.  The allegation that the payments also violated the Foreign Corrupt Practices Act because Kiritchenko and Ludmilla arranged and/or facilitated all or some of these payments

while a resident of the United States and made some of them from California through ABS, a California company, was stricken by the Court's Order dated June 7, 2000.

39.   Defendants deny each and every allegation contained in Paragraph 39.

40.   Defendants deny each and every allegation contained in Paragraph 40.

41.   As to Paragraph 41, defendants admit that Lazarenko, Mr. Kiritchenko and Liverant acquired beneficial interests in Eurofed Bank.  Except as specifically admitted, defendants deny each and every allegation contained in Paragraph 41.

42.   As to Paragraph 42, defendants admit that Kiritchenko had a beneficial interest of some sort in Agropostachsbyt Ltd., GHP Corp., Wilnorth Inc., Bassington, Ltd., Bainfield Co., Paddox Industries Ltd., Brancross and Zeneta.  Except as specifically admitted, defendants deny each and every allegation contained in Paragraph 42.

43.   As to Paragraph 43, defendants admit that Lazarenko and Mr. Kiritchenko lawfully obtained Panamanian passports and that Mr. Kiritchenko deposited approximately $112,500 into a Panamanian account.  Except as specifically admitted, defendants deny each and every allegation contained in Paragraph 43.

44.   Defendants deny each and every allegation contained in Paragraph 44.

45.   Defendants deny each and every allegation contained in Paragraph 45.

46.   As to Paragraph 46, defendants admit that while Lazarenko was the Ukrainian President's representative in the Dnipropietovsk region, he opened an account for his benefit at the American Bank in Warsaw.  Defendants further admit that Kiritchenko withdrew $40,000 from ASS, a Ukrainian company which Kiritchenko controlled, and provided the funds to Lazarenko to open the account.  Except as specifically admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis deny them.

47.   As to Paragraph 47, defendants admit that Lazarenko established an account in the name of LIP Handel AG at United Bank of Switzerland in Freibourg while he was the Ukrainian President's representative in the Dnipropietovsk region.  Except as specifically admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

1   remaining allegations of this Paragraph, and on that basis deny them.

2       48.     Defendants deny each and every allegation contained in Paragraph 48.

3       49.     As to Paragraph 49, defendants admit that Lazarenko had an account named

4   "KATO-82" with Credit Lyonnaise (Suisse) SA Bank in Zurich, Switzerland.  Except as

5   specifically admitted, defendants are without knowledge or information sufficient to form a belief

6   as to the truth of the remaining allegations of this Paragraph, and on that basis deny them.

7       50.     Defendants are without knowledge or information sufficient to form a belief as to

8   the truth of any of the allegations in Paragraph 50.

9       51.     Defendants are without knowledge or information sufficient to form a belief as to

10  the truth of any of the allegations in Paragraph 51, and on that basis deny them.

11      52.     As to Paragraph 52, defendants admit that Lazarenko had an account named

12  "CARPO-53" with SCS Alliance Bank in Geneva, Switzerland.  Except as specifically admitted,

13  defendants are without knowledge or information sufficient to form a belief as to the truth of the

14  remaining allegations of this Paragraph, and on that basis deny them.

15      53.     Defendants are without knowledge or information sufficient to form a belief as to

16  the truth of any of the allegations in Paragraph 53, and on that basis deny them.

17      54.     Defendants are without knowledge or information sufficient to form a belief as to

18  the truth of any of the allegations in Paragraph 54, and on that basis deny them.

19      55.     Defendants are without knowledge or information sufficient to form a belief as to

20  the truth of any of the allegations in Paragraph 55, and on that basis deny them.

21      56.     As to Paragraph 56, defendants admit that Lazarenko had an account named

22  "NIHPRO" with Banque Populaire Suisse in Geneva, Switzerland.  Except as specifically admitted,

23  defendants are without knowledge or information sufficient to form a belief as to the truth of the

24  remaining allegations of this Paragraph, and on that basis deny them.

25      57.     Defendants are without knowledge or information sufficient to form a belief as to

26  the truth of any of the allegations in Paragraph 57, and on that basis deny them.

27      58.     Defendants are without knowledge or information sufficient to form a belief as to

28  the truth of any of the allegations in Paragraph 58, and on that basis deny them.

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

59.     As to Paragraph 59, defendants admit that Bainfield was established in 1995. Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 59, and on that basis deny them.

60.     As to Paragraph 60, defendants admit that Bainfield established a bank account at SCS Alliance Bank in Switzerland.  Except as specifically admitted, defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis deny them.

61.     As to Paragraph 61, defendants specifically deny that Lazarenko and Mr. Kiritchenko used the Bainfield Account to launder funds from other accounts they controlled. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this Paragraph, and on that basis deny them.

62.     Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 62, and on that basis deny them.

63.     Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 63, and on that basis deny them,

64.     As to Paragraph 64, defendants deny that Lazarenko and Mr. Kiritchenko arranged for the creation of Samante Ltd. in the Isle of Man in approximately August of 1997.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 64, and on that basis deny them.

65.     As to Paragraph 65, defendants deny that Kiritchenko had any knowledge of or involvement with the creation of bank account number 814489 at Credit Suisse Bank in Geneva, Switzerland.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 65, and on that basis deny them.

66.     Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 66, and on that basis deny them.

67.     As to Paragraph 67, defendants deny that Mr. Kiritchenko had any knowledge of or involvement with the creation of Samante Trust in the Isle of Man.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining

1    allegations in Paragraph 67, and on that basis deny them.

2         68.    As to Paragraph 68, defendants deny that Mr. Kiritchenko had any knowledge of or

3    involvement with the establishment of the bank account number 41610 at Credit Suisse Bank in

4    Guernsey.  Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of any of the remaining allegations in Paragraph 68, and on that basis deny them.

6         69.    Defendants are without knowledge or information sufficient to form a belief as to

7    the truth of any of the allegations in Paragraph 69, and on that basis deny them.

8         70.    Defendants are without knowledge or information sufficient to form a belief as to

9    the truth of any of the allegations in Paragraph 70, and on that basis deny them.

10        71.    Defendants are without knowledge or information sufficient to form a belief as to

11   the truth of any of the allegations in Paragraph 71, and on that basis deny them.

12        72.    Defendants deny each and every allegation contained in Paragraph 72.

13        73.    As to Paragraph 73 defendants admit that Izabella Kiritchenko was a joint

14   beneficiary on Account No. 5522 at the SCS Alliance Bank in the name of Zeneta; Account

15   ORPHIN 21383 at Credit Suisse; Account No. 875709.7 at Credit Suisse Bank in the name of

16   Paddox Industries; Account No. 275365.8 at Banque Nationale de Paris in Switzerland in the name

17   of Orphin S.A.; Account No. 337-06948 at Bank of America in San Francisco in the name of ABS;

18   and Account No. 331-01854 at Bank of America.  Except as specifically admitted, defendants deny

19   each and every allegation contained in Paragraph 73.

20        74.    Defendants deny each and every allegation contained in Paragraph 74.

21        75.    Defendants are without knowledge or information sufficient to form a belief as to

22   the truth of any of the allegations in Paragraph 75, and on that basis deny them.

23        76.    As to Paragraph 76, defendants admit that Mr. Kiritchenko understood that Eurofed

24   Bank maintained securities accounts at Banc Boston Robertson Stephens and Hambrecht & Quist

25   in San Francisco.  Defendants specifically deny that Mr. Kiritchenko used EuroFed Bank accounts

26   in at least two San Francisco banks, Commercial Bank and Pacific Bank, for transactions to launder

27   illegally-obtained funds; that Mr. Kiritchenko maintained accounts and sub-accounts through

28   EuroFed Bank for his benefit in which he laundered bribes, kickbacks and proceeds of the alleged

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

1  Illegal Schemes; that Mr. Kiritchenko transferred funds from Swiss bank accounts to EuroFed Bank

2  accounts; and that Mr. Kiritchenko operated Eurofed Bank's account at Commercial Bank.

3  Defendants are without knowledge or information sufficient to form a belief as to the truth of any

4  of the remaining allegations in Paragraph 76, and on that basis deny them.

5          77.     Defendants are without knowledge or information sufficient to form a belief as to

6  the truth of any of the allegations in Paragraph 77, and on that basis deny them.

7          78.     Defendants are without knowledge or information sufficient to form a belief as to

8  the truth of any of the allegations in Paragraph 78, and on that basis deny them.

9          79.     Defendants are without knowledge or information sufficient to form a belief as to

10  the truth of any of the allegations in Paragraph 79, and on that basis deny them.

11          80.     Defendants deny each and every allegation contained in Paragraph 80.

12          81.     Defendants deny each and every allegation contained in Paragraph 81.

13          82.     As to Paragraph 82, defendants specifically deny that Lazarenko and Kiritchenko

14  arranged for other amounts from the Naukovy Account to be transferred to other bank accounts for

15  their benefit.  Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the remaining allegations in Paragraph 82, and on that basis deny them.

17          83.     Defendants deny each and every allegation contained in Paragraph 83.

18          84.     Defendants deny each and every allegation contained in Paragraph 84.

19          85.     Defendants deny each and every allegation contained in Paragraph 85.

20          86.     Defendants are without knowledge or information sufficient to form a belief as to

21  the truth of any of the allegations in Paragraph 86, and on that basis deny them.

22          87.     As to Paragraph 87, defendants specifically deny that Mr. Kiritchenko arranged for

23  companies which purchased products from Naukovy to make payments directly to bank accounts

24  he controlled.  Defendants are without knowledge or information sufficient to form a belief as to

25  the truth of the remaining allegations in Paragraph 87, and on that basis deny them.

26          88.     Defendants deny each and every allegation contained in Paragraph 88.

27          89.     Defendants are without knowledge or information sufficient to form a belief as to

28  the truth of any of the allegations in Paragraph 89, and on that basis deny them.

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

PAGE 12

90.   Defendants deny each and every allegation contained in Paragraph 90.

91.   Defendants deny each and every allegation contained in Paragraph 91.

92.   Defendants deny each and every allegation contained in Paragraph 92.

93.   Defendants deny each and every allegation contained in Paragraph 93.

94.   Defendants deny each and every allegation contained in Paragraph 94.

95.   Defendants deny each and every allegation contained in Paragraph 95.

96.   Defendants admit the allegations contained in Paragraph 96.

97.   Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 97, and on that basis deny them.

98.   As to Paragraph 98, defendants specifically deny that Mr. Kiritchenko helped to arrange the creation of UESU as a private company and that Mr. Kiritchenko secretly controlled UESU through an elaborate series of foreign holding companies.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 98, and on that basis deny them.

99.   As to Paragraph 99, defendants specifically deny that UESU distributed funds through off-shore accounts to Mr. Kiritchenko and other entities which Mr. Kiritchenko beneficially owned and/or controlled.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 99, and on that basis deny them.

100.   Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 100, and on that basis deny them.

101.   Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 101, and on that basis deny them.

102.   As to Paragraph 102, defendants specifically deny that Samante Trust is beneficially owned by Mr. Kiritchenko, and that Mr. Kiritchenko jointly owned, through Samante Trust, 76.5% of UESU and that Mr. Kiritchenko jointly controlled another 15% of UESU through Khimnaft, Inc. of Ukraine.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 102, and on that basis deny them.

1     103.    Defendants deny each and every allegation contained in Paragraph 103.

2     104.    As to Paragraph 104, defendants specifically deny that the associates of Lazarenko

3 and Mr. Kiritchenko owned Somolli, and that Somolli is a shell corporation in Cyprus.  Defendants

4 are without knowledge or information sufficient to form a belief as to the truth of any of the

5 remaining allegations in Paragraph 104, and on that basis deny them.

6     105.    Defendants are without knowledge or information sufficient to form a belief as to

7 the truth of any of the allegations in Paragraph 105, and on that basis deny them.

8     106.    Defendants are without knowledge or information sufficient to form a belief as to

9 the truth of any of the allegations in Paragraph 106, and on that basis deny them.

10    107.    Defendants are without knowledge or information sufficient to form a belief as to

11 the truth of any of the allegations in Paragraph 107, and on that basis deny them.

12    108.    Defendants are without knowledge or information sufficient to form a belief as to

13 the truth of any of the allegations in Paragraph 108, and on that basis deny them.

14    109.    Defendants are without knowledge or information sufficient to form a belief as to

15 the truth of any of the allegations in Paragraph 109, and on that basis deny them.

16    110.    Defendants are without knowledge or information sufficient to form a belief as to

17 the truth of any of the allegations in Paragraph 110, and on that basis deny them.

18    111.    Defendants are without knowledge or information sufficient to form a belief as to

19 the truth of any of the allegations in Paragraph 111, and on that basis deny them.

20    112.    Defendants are without knowledge or information sufficient to form a belief as to

21 the truth of any of the allegations in Paragraph 112, and on that basis deny them.

22    113.    Defendants are without knowledge or information sufficient to form a belief as to

23 the truth of any of the allegations in Paragraph 113, and on that basis deny them.

24    114.    Defendants are without knowledge or information sufficient to form a belief as to

25 the truth of any of the allegations in Paragraph 114, and on that basis deny them.

26    115.    Defendants deny each and every allegation contained in Paragraph 115.

27    116.    Defendants are without knowledge or information sufficient to form a belief as to

28 the truth of any of the allegations in Paragraph 116, and on that basis deny them.

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

1   117.   Defendants deny each and every allegation contained in Paragraph 117.

2   118.   Defendants are without knowledge or information sufficient to form a belief as to

3   the truth of any of the allegations in Paragraph 118, and on that basis deny them.

4   119.   Defendants are without knowledge or information sufficient to form a belief as to

5   the truth of any of the allegations in Paragraph 119, and on that basis deny them.

6   120.   Defendants deny each and every allegation contained in Paragraph 120.

7   121.   Defendants are without knowledge or information sufficient to form a belief as to

8   the truth of any of the allegations in Paragraph 121, and on that basis deny them.

9   122.   As to Paragraph 122, defendants admit that Lazarenko became the Prime Minister of

10   Ukraine in May of 1996.  Except as specifically admitted, defendants deny each and every

11   allegation contained in Paragraph 122.

12   123.   As to Paragraph 123, defendants are without knowledge or information sufficient to

13   form a belief as to the truth of the allegations, and on that basis deny, that Lazarenko arranged for a

14   contract between the Cabinet of Ministers of Ukraine and GHP for the purchase of prefabricated

15   homes, and that Lazarenko believed he and Mr. Kiritchenko would financially benefit from them.

16   Except as previously set forth in response this Paragraph, defendants deny each and every

17   allegation of Paragraph 123.

18   124.   As to Paragraph 124, defendants admit that GHP purchased prefabricated houses

19   from Pacific Modern Homes Inc.  The allegation that GHP, Lazarenko, Mr. Kiritchenko, Ludmilla

20   Kiritchenko and ABS were in a conspiracy was stricken by the Court's Order dated June 7, 2000.

21   Except as previously set forth in response this Paragraph, defendants deny each and every

22   allegation of Paragraph 124.

23   125.   As to Paragraph 125, defendants admit that GHP received funds for the

24   prefabricated houses.  Defendants are without knowledge or information sufficient to form a belief

25   as to the truth of any of the remaining allegations in Paragraph 125, and on that basis deny them.

26   126.   Defendants deny each and every allegation contained in Paragraph 126.

27   127.   Defendants deny each and every allegation contained in Paragraph 127.

28   ACQUISITION OF THE CALIFORNIA PROPERTIES

128.   Defendants deny each and every allegation contained in Paragraph 128.

129.   Defendants deny each and every allegation contained in Paragraph 129.

130.   Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 130, and on that basis deny them.

131.   Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 131, and on that basis deny them.

132.   Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 132, and on that basis deny them.

133.   As to Paragraph 133, defendants admit that Mr. Kiritchenko acquired the 406 Paradise Drive Property, and that Mr. Kiritchenko paid for the property with a $777. 961.78 check out of a Bank of America account.  Defendants specifically deny that the money used to purchase this property was derived from the alleged Naukovy Scheme.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 133, and on that basis deny them.

134.   As to Paragraph 134, defendants admit that Mr. Kiritchenko transferred ownership of the 406 Paradise Drive Property to Ludmilla Kiritchenko and that she currently resides there. Except as specifically admitted, defendants deny each and every allegation contained in Paragraph 134.

135.   Defendants deny each and every allegation contained in Paragraph 135.

136.   Defendants deny each and every allegation contained in Paragraph 136.

137.   Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 137, and on that basis deny them.

138.   Defendants deny each and every allegation contained in Paragraph 138.

139.   As to Paragraph 139, defendants admit that Mr. Kiritchenko transferred the 185 Gilmartin Drive property to Brancross U.S., and that Brancross U.S. is the current owner of record of 185 Gilmartin Drive.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding the date of the transfer, and on that basis deny it. Defendants specifically deny that Mr. Kiritchenko transferred the property to Brancross U.S.

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

1 | without real consideration.

2 |     140.    As to Paragraph 140, defendants are without knowledge or information sufficient to

3 | form a belief as to the truth of the allegation that Mr. Kiritchenko formerly controlled Brancross

4 | U.S. through his control of Zeneta, Brancross (Cayman) and Brancross (Isle of Man) , and on that

5 | basis deny it.  Except as previously set forth in response this Paragraph, defendants deny each and

6 | every allegation of Paragraph 140.

7 |     141.    Defendants deny each and every allegation contained in Paragraph 141.

8 |     142.    Defendants deny each and every allegation contained in Paragraph 142.

9 |     143.    As to Paragraph 143, defendants are without knowledge or information sufficient to

10 | form a belief as to the truth of the allegation that on April 3, 1998, Mr. Kiritchenko arranged for the

11 | transfer of $2,149,985 from Westview Account in Geneva.  Except as previously set forth in

12 | response this Paragraph, defendants deny each and every allegation of Paragraph 143.

13 |     144.    Defendants are without knowledge or information sufficient to form a belief as to

14 | the truth of any of the allegations in Paragraph 144, and on that basis deny them.

15 |     145.    Defendants are without knowledge or information sufficient to form a belief as to

16 | the truth of any of the allegations in Paragraph 145, and on that basis deny them.

17 |     146.    As to Paragraph 146, defendants admit that Brancross U.S. owns 99.9% and that

18 | Menko owns .1% of Xanadu.  Except as previously set forth in response this Paragraph, defendants

19 | deny each and every allegation of Paragraph 146.

20 |     147.    As to Paragraph 147, defendants are without knowledge or information sufficient to

21 | form a belief as to the truth of the allegation that Xanadu paid no document tax on the transfer of

22 | the Tiburon land, and on that basis deny it.  Except as previously set forth in response this

23 | Paragraph, defendants deny each and every allegation of Paragraph 147.

24 |     148.    As to Paragraph 148, defendants admit that Brancross U.S. purchased the 52-acre

25 | parcel which contained Tiburon Land #2 and Tiburon Land #3.  Defendants are without knowledge

26 | or information sufficient to form a belief as to the truth of the allegations regarding the date of the

27 | purchase, the purchase price for the property, or whether Mr. Kiritchenko used a $100,000 deposit

28 | from the Brancross U.S. account at Bank of America and $2,713,468 from a Merrill Lynch trust

account for the payment, and on that basis those allegations are denied.  Except as previously set forth in response this Paragraph, defendants deny each and every allegation of Paragraph 148.

149.    As to Paragraph 149, defendants admit that on July 23, 1998, Mr. Kiritchenko arranged for Brancross U.S. to convey both of the new parcels to BRC, which Mr. Kiritchenko also controlled (and of which Menko is listed as the nominal .1% owner and Defendant Ludmilla Kiritchenko is listed as the Manager).  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation regarding whether BRC paid any consideration for the transfer, and on that basis it is denied.  Defendants specifically deny that Lazarenko is the beneficial owner of BRC through Brancross (Cayman) and Brancross U.S.

150.    As to Paragraph 150, defendants specifically deny that Lazarenko is currently the beneficial owner of Brancross U.S.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 150, and on that basis deny them.

151.    Defendants deny each and every allegation contained in Paragraph 151.

152.    Defendants deny each and every allegation contained in Paragraph 152.

153.    Defendants deny each and every allegation contained in Paragraph 153.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 154, and on that basis deny them.

155.    As to Paragraph 155, defendants deny that Mr. Kiritchenko deposited millions of dollars in illegal Natural Gas Scheme proceeds into EuroFed bank accounts at Commercial Bank and Pacific Bank in San Francisco, particularly in the period of May-August, 1997.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 155, and on that basis deny them.

156.    Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 156, and on that basis deny them.

157.    Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 157, and on that basis deny them.

158.    Defendants are without knowledge or information sufficient to form a belief as to

1   the truth of any of the allegations in Paragraph 158, and on that basis deny them.

2       159.    Defendants are without knowledge or information sufficient to form a belief as to

3   the truth of any of the allegations in Paragraph 159, and on that basis deny them.

4       160.    Defendants are without knowledge or information sufficient to form a belief as to

5   the truth of any of the allegations in Paragraph 160, and on that basis deny them.

6       161.    Defendants are without knowledge or information sufficient to form a belief as to

7   the truth of any of the allegations in Paragraph 161, and on that basis deny them.

8       162.    Defendants are without knowledge or information sufficient to form a belief as to

9   the truth of any of the allegations in Paragraph 162, and on that basis deny them.

10      163.    Defendants are without knowledge or information sufficient to form a belief as to

11  the truth of any of the allegations in Paragraph 163, and on that basis deny them.

12      164.    Defendants are without knowledge or information sufficient to form a belief as to

13  the truth of any of the allegations in Paragraph 164, and on that basis deny them.

14      165.    Defendants are without knowledge or information sufficient to form a belief as to

15  the truth of any of the allegations in Paragraph 165, and on that basis deny them.

16      166.    Defendants deny each and every allegation contained in Paragraph 166.

17      167.    As to Paragraph 167, defendants specifically deny that Brancross (Cayman) was

18  initially owned by Mr. Kiritchenko and later transferred to Lazarenko; that Brancross (Cayman)

19  was a recipient of funds form the Natural Gas Scheme; that on December 14, 1998, Mr.

20  Kiritchenko made a payment of $3,765,725 out of proceeds obtained from Brancross (Cayman) for

21  the purchase of 901-903 Pine Street; and that he acquired 901-903 Pine Street with his wife.

22  Defendants are without knowledge or information sufficient to form a belief as to the truth of any

23  of the remaining allegations of Paragraph 167, and on that basis deny them.

24      168.    As to Paragraph 168, defendants admit that Mr. Kiritchenko currently operates 901-

25  903 Pine Street as rental income property.  Defendants specifically deny that Izabella Kiritchenko

26  also operates the property as a rental income property.

27      169.    As to Paragraph 169, defendants admit that Mr. Kiritchenko acquired 3500 Fulton

28  Street.  Defendants are without knowledge or information sufficient to form a belief as to the truth

of any of the allegations regarding the date on which Mr. Kiritchenko acquired 3500 Fulton Street or the amount he paid to acquire it.  Except as previously set forth in response this Paragraph, defendants deny each and every allegation of Paragraph 169.

170.    As to Paragraph 170, defendants admit that Mr. Kiritchenko currently operates 3500 Fulton Street as rental income property.

171.    Defendants deny each and every allegation contained in Paragraph 171.

THE INDICTMENTS, EXTRADITION PROCEEDINGS,<br>AND THE ONGOING ENTERPRISE

172.    As to Paragraph 172, defendants specifically deny that Mr. Kiritchenko has been indicted in Ukraine for the misappropriation of funds, among other things, and that he is under investigation in Ukraine in connection with several suspected contracted murders.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 172, and on that basis deny them.

173.    As to Paragraph 173, defendants admit that Kiritchenko and Lazarenko were indicted in Switzerland for money-laundering crimes pursuant to the Swiss Criminal Code. Defendants specifically deny that the Supreme Court of Appeals in Switzerland rejected the appeals of defendants in this action, Kiritchenko, EuroFed Bank, Brancross (Isle of Man) and others challenging the injunctions affecting these accounts on June 25, 1999.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 173, and on that basis deny them.

174.    As to Paragraph 174, defendants admit that the United States federal law enforcement authorities, under an extradition treaty with Switzerland, commenced actions to have Lazarenko and Mr. Kiritchenko extradited to Switzerland to face these charges.  Defendants admit that the United States arrested Lazarenko and Mr. Kiritchenko and held them in a federal detention facility in Dublin, California without bail.  Defendants specifically deny that Mr. Kiritchenko has been placed on electronic detention pursuant to a proposed plea agreement with Swiss law enforcement officials which will involve testimony and the forfeiture of substantial assets to Switzerland.

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

PAGE 20

175.    Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 175, and on that basis deny them.

176.    Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 176, and on that basis deny them.

177.    Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the allegations in Paragraph 177, and on that basis deny them.

178.    Defendants deny each and every allegation contained in Paragraph 178.

COUNT I – RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

179.    Defendant incorporates herein by reference their responses to the allegations set forth in paragraphs 1-178, above.

180.    Defendants deny each and every allegation contained in Paragraph 180,

181.    Defendants deny each and every allegation contained in Paragraph 181.

182.    Defendants deny each and every allegation contained in Paragraph 182.  The allegation that Lazarenko and Mr. Kiritchenko acted as leaders of an organization and operated an enterprise by conspiring to plan, direct and participate in a racketeering enterprise was stricken by the Court's Order dated June 7, 2000.

183.    Defendants deny each and every allegation contained in Paragraph 183.  The allegation that Izabella Kiritchenko, Ludmilla Kiritchenko, Tamara, Liverant, Menko and Johnson participated as principals in the alleged enterprise by conspiring to plan, direct and participate in a racketeering enterprise was stricken by the Court's Order dated June 7, 2000.

184.    Defendants deny each and every allegation contained in Paragraph 184.

185.    Defendants deny each and every allegation contained in Paragraph 185.

186.    Defendants deny each and every allegation contained in Paragraph 186.

187.    Defendants deny each and every allegation contained in Paragraph 187.

188.    Defendants deny each and every allegation contained in Paragraph 188.  The allegation that ABS paid kickbacks to Lazarenko of $2,276,185.16, $1,510,000, $968,000 and $1,963,000 on January 4, August 18 and December 13, 1994, respectively, in violation of the Foreign Corrupt Practices Act, was stricken by the Court's Order dated June 7, 2000.

KIRITCHENKO DEFENDANT'S ANSWER TO
SECOND AMENDED COMPLAINT
CASE NO. C 99-3073 CAL

189.    Defendants deny each and every allegation contained in Paragraph 189.  The allegations that Mr. Kiritchenko was an organizer and conduit of bribes and kickbacks to Lazarenko; that Lazarenko deposited proceeds of bribes and kickbacks into bank accounts in the names of Orby, Lady Lake, Nemuro, Fairmont, Firstar and Guardian; and that ABS paid Lazarenko kickbacks of $2,276,185, $1,510,000, $968,000 and $1,963,000 on January 4, July 11, August 18 and December 13, 1994, respectively, were stricken by the Court's Order dated June 7, 2000.

190.    Defendants deny each and every allegation contained in Paragraph 190.

191.    Defendants deny each and every allegation contained in Paragraph 191.  The Court's order dated June 7, 2000 struck the allegation that Mr. Kiritchenko's transfer of funds to and payment of expenses (including hotel rooms) for Lazarenko as bribes to Lazarenko, when Mr. Kiritchenko was a permanent resident of the United States, including through the use of ABS funds, to induce Lazarenko to authorize and continue the Natural Gas Scheme, the Naukovy Scheme, the Wheat Schemes,  the Prefabricated Housing Scheme and other activities which benefited Mr. Kiritchenko and entities he controlled constitutes a violation of the Foreign Corrupt Practices Act, 15 U.S.C. Section 78dd 2 and 18 U.S.C. Section 1956.

192.    Each and every allegation contained in Paragraph 192 was stricken by the Court's Order dated June 7, 2000, and thus no response is required.

193.    Defendants deny each and every allegation contained in Paragraph 193.  The allegation that the government and people of Ukraine have been injured by Mr. Kiritchenko's acting in and from the USA, and others' bribery and kickbacks in violation of the Foreign Corrupt Practices Act, were stricken by the Court's Order dated June 7, 2000.

194.    Defendants deny each and every allegation contained in Paragraph 194.

195.    Defendants deny each and every allegation contained in Paragraph 195.

196.    Defendants deny each and every allegation contained in Paragraph 196.

COUNT II – CONVERSION (All Defendants)

197.    Defendant incorporates herein by reference their responses to the allegations set forth in Paragraphs 1 through 195, above.

198.    Defendants deny each and every allegation contained in Paragraph 198.

199.    Defendants deny each and every allegation contained in Paragraph 199.

200.    Defendants deny each and every allegation contained in Paragraph 200.

201.    Each and every allegation contained in Paragraph 201 was stricken by the Court's Order dated June 7, 2000, and thus no response is required.

202.    Defendants deny each and every allegation contained in Paragraph 202.

COUNT III – UNJUST ENRICHMENT (All Defendants)

203.    Defendant incorporates herein by reference their responses to the allegations set forth in Paragraphs 1 through 202, above.

204.    Defendants deny each and every allegation contained in Paragraph 204.

205.    Defendants deny each and every allegation contained in Paragraph 205.

206.    Defendants deny each and every allegation contained in Paragraph 206.

COUNT IV – BREACH OF FIDUCIARY DUTY<br>(Lazarenko & Kiritchenko)

207.    Defendant incorporates herein by reference their responses to the allegations set forth in Paragraphs 1 through 206, above.

208.    As to Paragraph 208, defendants deny that Mr. Kiritchenko served as a government official and public employee and had a fiduciary duty to Ukraine.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 208, and on that basis deny them.

209.    Defendants deny each and every allegation contained in Paragraph 209.

210.    Defendants deny each and every allegation contained in Paragraph 210.

211.    Defendants deny each and every allegation contained in Paragraph 211.

COUNT V – FRAUD<br>(Lazarenko, Kiritchenko, Ludmilla, and ABS)

212.    Defendant incorporates herein by reference their responses to the allegations set forth in Paragraphs 1 through 211, above.

213.    Defendants deny each and every allegation contained in Paragraph 213.

214.    Defendants deny each and every allegation contained in Paragraph 214.

215.    Defendants deny each and every allegation contained in Paragraph 215.

216.    Defendants deny each and every allegation contained in Paragraph 216.

217.    Defendants deny each and every allegation contained in Paragraph 217.

COUNT VI – CIVIL CONSPIRACY (All Defendants)

218.    Plaintiff's claim for civil conspiracy was dismissed by the Court's Order dated July 7, 2000.  Accordingly, no response to Paragraphs 218 is required.

219.    Plaintiff's claim for civil conspiracy was dismissed by the Court's Order dated July 7, 2000.  Accordingly, no response to Paragraphs 219 is required.

220.    Plaintiff's claim for civil conspiracy was dismissed by the Court's Order dated July 7, 2000.  Accordingly, no response to Paragraphs 220 is required.

221.    Plaintiff's claim for civil conspiracy was dismissed by the Court's Order dated July 7, 2000.  Accordingly, no response to Paragraphs 221 is required.

222.    Plaintiff's claim for civil conspiracy was dismissed by the Court's Order dated July 7, 2000.  Accordingly, no response to Paragraphs 222 is required.

223.    Plaintiff's claim for civil conspiracy was dismissed by the Court's Order dated July 7, 2000.  Accordingly, no response to Paragraphs 223 is required.

COUNT VII – MONEY HAD AND RECEIVED<br>(Lazarenko, Tamara, Kiritchenko and Izabella)

224.    Defendant incorporates herein by reference their responses to the allegations set forth in Paragraphs 1 through 223, above.

225.    As to Paragraph 225, defendants specifically deny that Mr. Kiritchenko's revenues as a facilitator and co-conspirator exceeded $30 million in assets and that Izabella Kiritchenko is the joint beneficiary of such alleged revenues.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 225, and on that basis deny  them.

226.    Defendants specifically deny the allegations of Paragraph 226 with respect to Mr. Kiritchenko and Izabella Kiritchenko.  Defendants are without knowledge or information sufficient to form a belief as to the truth of any of the remaining allegations in Paragraph 226, and on that

basis deny them.

227.   Defendants deny each and every allegation contained in Paragraph 227.

228.   Defendants deny each and every allegation contained in Paragraph 228.

COUNT VIII – ACCOUNTING (All Defendants)

229.   Defendant incorporates herein by reference their responses to the allegations set forth in Paragraphs 1 through 228, above.

230.   Defendants deny each and every allegation contained in Paragraphs 230.

231.   Defendants deny each and every allegation contained in Paragraphs 231.

232.   Defendants deny each and every allegation contained in Paragraphs 232.

233.   Defendants deny each and every allegation contained in Paragraphs 233.

COUNT IX – FRAUDULENT CONVEYANCES
(Lazarenko, Kiritchenko, Izabella, Ludmilla, Menko, Brancross U.S., Xanadu and BRC)

234.   Defendant incorporates herein by reference their responses to the allegations set forth in Paragraphs 1 through 233, above.

235.   Defendants deny each and every allegation contained in Paragraph 235.

236.   Defendants deny each and every allegation contained in Paragraph 236.

237.   As to Paragraph 237, defendants admit that Mr. Kiritchenko and Izabella Kiritchenko transferred the property at 406 Paradise Drive, Tiburon, California to Ludmilla Kiritchenko.  Except as expressly admitted, defendants deny each and every allegation of Paragraph 237.

238.   Defendants deny each and every allegation contained in Paragraphs 238.

239.   Defendants deny each and every allegation contained in Paragraphs 239.

240.   Defendants deny each and every allegation contained in Paragraphs 240.

COUNT X – DECLARATORY RELIEF
(All Defendants except Johnson)

241.   Defendant incorporates herein by reference their responses to the allegations set forth in Paragraphs 1 through 240, above.

242.   Defendants are without knowledge or information sufficient to form a belief as to

1    the truth of any of the allegations in Paragraph 242, and on that basis deny them.

2          243.    As to Paragraph 243, defendants are without knowledge or information sufficient to

3    form a belief as to what Plaintiff contends, and on that basis deny those contentions.  The allegation

4    that the corporate defendants conspired with Lazarenko and Mr. Kiritchenko was stricken by the

5    Court's Order dated June 7, 2000.  Except as previously set forth in response this Paragraph,

6    defendants deny each and every other allegation contained in Paragraph 243.

7          244.    As to Paragraph 244, Defendants are without knowledge or information sufficient to

8    form a belief as to the truth as to what Plaintiff asserts, and on that basis deny those assertions.

9    Except as previously set forth in response this Paragraph, defendants deny each and every other

10    allegation contained in Paragraph 244.

11          245.    Defendants deny each and every allegation contained in Paragraph 245.

12          246.    Defendants deny each and every allegation contained in Paragraph 246.

13          247.    Defendants are without knowledge or information sufficient to form a belief as to

14    the truth of any of the allegations in Paragraph 247, and on that basis deny them.

15          248.    Defendants are without knowledge or information sufficient to form a belief as to

16    the truth of any of the allegations in Paragraph 248, and on that basis deny them.

17          249.    Defendants deny each and every allegation contained in Paragraph 249.

18          250.    As to Paragraph 250, defendants specifically deny that Izabella and Ludmilla

19    Kiritchenko had any knowledge or awareness that the California Properties were acquired with the

20    proceeds of funds misappropriated from Ukraine.  Defendants are without knowledge or

21    information sufficient to form a belief as to the truth of any of the remaining allegations in

22    Paragraph 250, and on that basis deny them.

23          251.    Defendants deny each and every allegation contained in Paragraph 251.

24                                       **AFFIRMATIVE DEFENSES**

25          As separate defenses to UTI's Second Amended Complaint, the defendants allege the

26    following:

27          1.    The Second Amended Complaint, and each and every claim alleged therein, fails to

28

state a claim upon which relief can be granted.

2.  Plaintiff's claims are barred, in whole or in part, because plaintiff UTI lacks standing and/or authority to bring some or all of the claims raised in this action.

3.  Plaintiff's claims are barred, in whole or in part, because plaintiff UTI is not the real party in interest.

4.  Plaintiff's claim for damages includes claims for consequential damages in excess of any authority granted in the alleged Assignment from the prosecutor General of Ukraine and is therefore improper.

5.  Plaintiff's claims are barred on the ground that, to the extent that plaintiff UTI is found to be entitled to a recovery in this action, the subsequent and intervening acts of third parties caused the happening of the alleged incident and the alleged injury, loss and damages complained of and thus plaintiff UTI is not entitled to recover from the defendants.

6.  Plaintiff's claims are barred on the ground that, with respect to any alleged misconduct by Peter Kiritchenko, defendant was acting under duress.

WHEREFORE, defendants request that plaintiff UTI take nothing by reason of the Second Amended Complaint, that judgment be entered in favor of the defendants, and that the defendants be awarded their costs of suit, including reasonable attorneys' fees, and such other relief as this Court may deem proper.  In addition, Plaintiff's request for punitive and exemplary damages was stricken by the Court's Order dated June 7, 2000.

1
2
**JURY DEMAND**

3
The defendants hereby demand a trial by jury.

4
5
Dated:  October ___, 2006            KRIEG, KELLER, SLOAN, REILLEY &ROMAN LLP

6
7
By:_____
8
STAN ROMAN
Attorneys for Defendants, PETER KIRITCHENKO
9
IZABELLA KIRITCHENKO, LUDMILLA
KIRITCHENKO, ABS TRADING COMPANY,
10
BRANCROSS U.S. HOLDINGS, INC, XANADU
PROPERTY HOLDINGS, LLC and BRC PROPERTY
11
HOLDINGS, LLC

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28