United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNIVERSAL TRADING &                      No. C-99-3073 MMC (EDL)
     INVESTMENT CO.,
12                                            **ORDER DENYING WITHOUT**
              Plaintiff,                      **PREJUDICE DEFENDANT**
13                                            **LAZARENKO'S MOTION FOR**
         v.                                   **PROTECTIVE ORDER**
14
     PETRO MIKOLAYEVICH
15   KIRITCHENKO, et al.,

16            Defendants.
                                        /
17

18        In October 2006, Plaintiff served a renewed 30(b)(6) deposition notice on Dugsbery, Inc., a

19   California corporation, and a notice of deposition, captioned "Deposition of Pavlo Lazarenko in

20   Capacity of Principal and Beneficial Owner of Dugsbery, Inc., California Corporation."  See Reply

21   in Support of Mot. for Prot. Ord., Ex.A (10/13/06 subpoena); Suppl. Attachment (10/20/06

22   subpoena).  On November 9, 2006, Defendant Pavel Lazarenko moved this Court for a protective

23   order postponing discovery as to him until the termination of the criminal action against him, or, in

24   the alternative, limiting discovery to matters that are not protected under the Fifth Amendment

25   privilege against self-incrimination.  On December 19, 2006, the Court held a hearing on

26   Defendant's motion for protective order.  Having reviewed the papers and considered the argument

27   of counsel, the Court rules as follows:

28   //

**Motion for Protective Order**

    1.      Fifth Amendment Privilege Asserted on Question by Question Basis

At oral argument, Defendant, as custodian of Dugsbery's records, agreed to produce certain responsive documents, but objected to giving deposition testimony based on his Fifth Amendment privilege against self-incrimination, in light of the separate criminal proceedings against him. Plaintiff argues that Defendant faces no further incrimination because his criminal trial concluded. "It is true, as a general rule, that where there can be no further incrimination, there is no basis for the assertion of the privilege. We conclude that principle applies to cases in which the sentence has been fixed and the judgment of conviction has become final. (Citation omitted.)  If no adverse consequences can be visited upon the convicted person by reason of further testimony, then there is no further incrimination to be feared." Mitchell v. U.S., 526 U.S. 314, 326 (1999).

Defendant has been convicted and sentenced on fourteen criminal counts, two of which involve Dugsbery, and he has filed his notice of appeal.  Mot. at 4.  Defendant's convictions on appeal are not final judgments in the context of his Fifth Amendment privilege against self-incrimination.  See United States v. Johnson, 457 U.S. 537, 543 n.8 (1982) (in the context of retroactive application, "[b]y final we mean where the judgment of conviction was rendered, the availability of appeal exhausted, and the time for petition of certiorari had elapsed or a petition for certiorari finally denied"); Sterling National Bank v. A-1 Hotels Int'l, 2004 U.S. Dist. LEXIS 11566 at *3 (S.D.N.Y. 2004).  As the district court reasoned in Sterling National Bank, "where, as here, the defendant has been convicted, but that conviction is on appeal, the judgment cannot be deemed final for purposes of the privilege because testimony offered in related civil proceedings has the potential to prejudice him in connection with his appeal and at a potential retrial." 2004 U.S. Dist. LEXIS 11566 at 4 n.2 (citing Mitchell v. U.S., 526 U.S. at 326).

Defendant also points out that in his criminal proceeding, the court dismissed fifteen counts against Defendant based on insufficient evidence after the jury had reached a verdict.  Opp. at 2-4; Pl's Req. for Judicial Notice, Exs. A, B.  Defendant is correct that as to those counts, dismissed after setting aside a guilty verdict, "the Double Jeopardy Clause does not preclude a prosecution appeal to

United States District Court

For the Northern District of California

1    reinstate the jury verdict of guilt."  Smith v. Massachusetts, 543 U.S. 462, 467 (2005) ("Our cases

2    have made a single exception to the principle that acquittal by judge precludes reexamination of

3    guilt no less than acquittal by jury: When a jury returns a verdict of guilty and a trial judge (or an

4    appellate court) sets aside that verdict and enters a judgment of acquittal, the Double Jeopardy

5    Clause does not preclude a prosecution appeal to reinstate the jury verdict of guilt.  But if the

6    prosecution has not yet obtained a conviction, further proceedings to secure one are

7    impermissible.").  At oral argument, Plaintiff argued, but offered no evidence, that the time to appeal

8    has tolled, and that Defendant is protected by the Double Jeopardy Clause against further

9    prosecution as to the dismissed counts.  Defendant, however, represented to the Court that those

10   fifteen counts were still subject to appeal, and that the government has not foreclosed the possibility

11   of appeal.  Thus, Defendant may invoke his Fifth Amendment privilege against self-incrimination as

12   to the criminal counts that were dismissed after the verdict.

13         Defendant's Fifth Amendment privilege does not, however, necessarily extend to all

14   discovery here.  "The only way the privilege [against self-incrimination] can be asserted is on a

15   question-by-question basis, and thus, as to each question asked, the party has to decide whether or

16   not to raise his Fifth Amendment right."  Doe v. Glazner, 232 F.3d 1258, 1263 (9th Cir. 2000).  See

17   also Davis v. Fendler, 650 F.2d 1154, 1159 (9th Cir. 1981); Baker v. Limber, 647 F.2d 912, 916 (9th

18   Cir. 1981).  "If the trial judge decides from this examination of the questions, their setting, and the

19   peculiarities of the case, that no threat of self-incrimination exists, it then becomes incumbent 'upon

20   the defendant to show that answers to (the questions) might criminate him.'"  United States v. Neff,

21   615 F.2d 1235, 1240 (9th Cir. 1980).  See Doe, 232 F.3d at 1263 ("'the privilege against self-

22   incrimination does not depend upon the likelihood, but upon the possibility of prosecution' and also

23   covers those circumstances where the disclosures would not be directly incriminating, but could

24   provide an indirect link to incriminating evidence.") (citing In re Seper, 705 F.2d 1499, 1501 (9th

25   Cir. 1983)).  See also Sterling National Bank, 2004 U.S. Dist. LEXIS 11566 at *5 ("the general

26   reasonableness of a fear of potential self-incrimination does not justify a refusal to answer any and

27   all questions; the appropriateness of assertions of privilege must be determined on a question-by-

28

3

United States District Court

For the Northern District of California

1   question basis").

2       Here, Defendant is not entitled to a blanket protective order against answering questions at

3   deposition, either as the custodian of records for Dugsbery or as principal or beneficial owner.

4   Whether Defendant properly invokes his privilege against self-incrimination can be determined only

5   by considering each question.  If the incriminatory nature of the questions is not readily apparent,

6   Defendant bears the burden to show "a credible basis for invoking the Fifth Amendment."

7   OSRecovery Inc. v. One Group International, Inc., 262 F.Supp.2d 302, 307 and n.23 (S.D.N.Y.

8   2003).

9           2.      Waiver

10      Plaintiff argues that Defendant has waived his Fifth Amendment privilege by making

11  statements both in and out of court.  The Court must tightly guard against waiver of the Fifth

12  Amendment privilege:

13              [A]n admission of a criminating fact may waive the privilege as to
                the details of that fact so long as they do not further incriminate, but
14              where those details would so incriminate, the privilege is not
                waived.  (Citation omitted.)  The privilege against self-incrimination
15              does not depend upon the likelihood, but upon the possibility of
                prosecution.  In re Master Key Litigation, 507 F.2d 292, 293 (9th
16              Cir. 1974).  'Further incrimination' includes testimony that is not
                directly incriminating if it might supply a 'link' in a necessary chain
17              of evidence. Hoffman v. United States, 341 U.S. 479, 488 (1951);
                Shendal v. United States, 312 F.2d 564, 566 (9th Cir. 1963).
18              Furthermore, the privilege is available if answers 'could possibly'
                supply such a link. In re Master Key Litigation, 507 F.2d at 294
19              (emphasis in original).

20  In re Seper, 705 F.2d 1499, 1501 (9th Cir. 1983).

21      Courts have applied a 2-prong test for inferring from prior testimony a waiver of the Fifth

22  Amendment privilege: "(1) that the witness' prior statements have created a significant likelihood

23  that the finder of fact will be left with and prone to rely on a distorted view of the truth; and (2) that

24  the witness had reason to know that his prior statements would be interpreted as a waiver of the fifth

25  amendment's privilege against self-incrimination."  OSRecovery Inc., 262 F.Supp.2d at 308 (citing

26  Klein v. Harris, 667 F.2d 274, 287 (2d Cir. 1981).  Although the Klein v Harris two-prong test has

27  not been expressly adopted in the Ninth Circuit, it is instructive.

28

                                              4

United States District Court

For the Northern District of California

1    Plaintiff points to Defendant's affidavits filed in the U.S. District Court for the District of

2    Columbia and in the Royal Court of Guernsey.  Lambert Aff., Exs. B, C.  Plaintiff argues that by

3    filing these affidavits, Defendant has waived the Fifth Amendment privilege and should be deposed

4    as to the subject matter of those statements, specifically with respect to his ownership of assets.

5    Defendant contends that he retains his right to assert the Fifth Amendment in the current proceeding,

6    citing authority that "a person who waives a privilege in one proceeding is not estopped from

7    asserting it, even as to the same matter, in a subsequent trial or proceeding."  Reply at 4-5 (citing,

8    inter alia, U.S. v. Licavoli, 604 F.2d 613, 623 (9th Cir. 1979) ("It is settled that a waiver of the Fifth

9    Amendment privilege is limited to the particular proceeding in which the waiver occurs.") (citing

10   U.S. v. Trejo-Zambrano, 582 F.2d 460, 464 (9th Cir. 1978)).

11       In Trejo-Zambrano, the Court of Appeals held that a co-defendant properly asserted his Fifth

12   Amendment privilege against testifying in the defendant's jury trial, where the co-defendant had

13   already been convicted in a court trial, but not yet sentenced, and had submitted an affidavit in

14   support of another co-defendant's motion to sever.  582 F.2d at 463-464.  The Ninth Circuit held that

15   the co-defendant did not waive his right to refuse to give self-incriminating testimony when he

16   executed the incriminating affidavit in support of the severance motion, stating that "[a] waiver of

17   the Fifth Amendment privilege at one stage of a proceeding is not a waiver of that right for other

18   stages." Id. at 464.  The court also held that the co-defendant's affidavit was properly excluded from

19   evidence, as the affiant explicitly stated that "he did not believe that his incriminating remarks in the

20   affidavit could be used against him," and executed the affidavit on the assumption that it could not

21   be used to incriminate him.  Id. at 463-64.  Similarly, in Licavoli, the court held that a witness who

22   had testified before the grand jury properly invoked his privilege in refusing to testify at the

23   subsequent criminal trial.  604 F.2d at 623.  The court also held that the witness's grand jury

24   testimony was properly read to the trial jury, and the defendant was not prejudiced from the witness'

25   refusal to testify.  Id. at 623-24.  Thus, Defendant has not waived his right to assert his Fifth

26   Amendment privilege in this proceeding.

27       Plaintiff also contends that Defendant's out-of-court statements effect a waiver of his Fifth

28

5

United States District Court

For the Northern District of California

1    Amendment privilege.  Plaintiff has submitted an entire volume of Defendant's interview transcripts,

2    which primarily consist of his opinions about his U.S. criminal proceedings and running for political

3    office.  Opp. at 6-10; Lambert Aff., Press Annex.  Plaintiff offers no applicable authority for the

4    proposition that these statements made to the press or during his campaign, not made under oath,

5    would constitute waiver.  Further, applying the two-prong test from <u>Klein v. Harris</u>, waiver cannot

6    be inferred here where Plaintiff would not be prejudiced by distortion of truth, as the interviews are

7    not part of any proceedings, and Defendant could not reasonably expect that these interviews would

8    waive his Fifth Amendment privilege.

9           3.      Immunity

10        On information and belief, Plaintiff opines that Defendant obtained immunity for granting

11    interviews to the Department of Justice regarding his co-conspirators.  Lambert Decl., ¶ 11.  Plaintiff

12    argues that if Defendant had spoken to the government and was granted immunity against

13    prosecution in exchange for his testimony, Plaintiff is entitled to question Defendant about that

14    testimony.  The Court is presented with no evidence in the record to assess the scope and extent of

15    this supposed immunity.  As Defendant argued, even if the documents indicated that Defendant had

16    given testimony pursuant to a grant of immunity, Plaintiff at most could use the testimony itself that

17    was given pursuant to immunity, but Defendant could not be compelled to testify further.  <u>See</u> 8 J.

18    Wigmore, Evidence § 2276(¶ 5) at 472-74.

19           4.      Dugsbery

20        In seeking a protective order against the deposition subpoenas related to Dugsbery,

21    Defendant argues that to the extent that Plaintiff seeks Defendant's oral testimony, even as to the

22    location of the business records, the Fifth Amendment privilege against self-incrimination may

23    apply.  Reply at 7.  Defendant acknowledges that a corporation has no Fifth Amendment privilege,

24    and that a corporation's business records generally are not entitled to Fifth Amendment protection.

25    Reply at 6.  As to a discovery request that strictly seeks the production of documents, Defendant

26    does not dispute that a custodian of records may not object to production, even if the records may

27    personally incriminate him.  Reply at 6-7, citing <u>Braswell v. United States</u>, 487 U.S. 99, 105-110

28

(1998).  There, the Supreme Court held as follows:

> A custodian, by assuming the duties of his office, undertakes the obligation to produce the books of which he is custodian in response to a rightful exercise of the State's visitorial powers. But he cannot lawfully be compelled, in the absence of a grant of adequate immunity from prosecution, to condemn himself by his own <u>oral testimony</u>.
>
> There is no hint in the collective entity decisions that a custodian of corporate or association books waives his constitutional privilege as to oral testimony by assuming the duties of his office. By accepting custodianship of records he 'has voluntarily assumed a duty which overrides his claim of privilege' only with respect to the production of the records themselves.

487 U.S. at 114 and n.6 (citations omitted).

To the extent that Plaintiff asks Defendant any potentially incriminating questions, whether in his role as custodian or as principal and beneficial owner, Defendant may assert the Fifth Amendment on a question by question basis, if appropriate, but he is not entitled to blanket protection from appearing for deposition.  See <u>OSRecovery</u>, 262 F.Supp.2d at 307 (reserving issue of whether to compel former corporate officer to produce corporate documents, and finding that he "properly invoked the privilege when he declined to answer questions involving his relationship to the core defendant companies," but questions unrelated to the alleged fraud are not likely to yield an evidentiary link that might be used against him, such as "whether he has searched for documents requested by plaintiffs").

**Dispute re: Dugsbery Discovery**

In her December 11, 2006 Order referring discovery dispute re: Dugsbery, Inc., Judge Chesney ordered as follows: "To the extent defendants seek terminating sanctions due to the asserted failure of Dugsbery to participate in discovery, the motion is referred for a report and recommendation."  If the issues in that dispute have not been resolved by this ruling, the party seeking sanctions shall file a brief, no longer than ten pages, by January 12, 2007, after meeting and conferring with opposing counsel pursuant to the Civil Local Rules.  The party opposing sanctions shall file a response within one week thereafter.  No reply shall be filed.  The Court will take the matter under submission and determine whether a hearing is necessary.

7

United States District Court
For the Northern District of California

**Conclusion**

Defendant's motion is DENIED without prejudice to the extent that Defendant seeks a blanket protective order from appearing at the depositions noticed by Plaintiff. The validity of Defendant's objections to testifying at deposition based on the Fifth Amendment will be assessed on a question by question basis, pursuant to a properly noticed motion if a Court ruling is necessary. Prior to conducting Defendant's deposition, the parties shall meet and confer as to the scope of Plaintiff's questions and Defendant's assertion of his Fifth Amendment privilege. The parties will also meet and confer on the scope of relevance for the document requests, and Defendant will produce responsive documents related to Dugsbery, documents filed in the Ukranian court, and documents received from the United States government that are in his possession, custody or control.

This Order disposes of Docket No. 1084.

**IT IS SO ORDERED.**

Dated: December 22, 2006

_Elizabeth D. Laporte_
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

8