United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNIVERSAL TRADING & INVESTMENT
COMPANY,

               Plaintiff,

  v.

PETRO MIKOLAYEVICH KIRITCHENKO,
et al.,

          Defendants

_____/

No. C-99-3073 MMC (EDL)

**ORDER DENYING MOTION FOR
ENTRY OF DEFAULT AGAINST ABS
TRADING, INC. AND ZENETA
FOUNDATION; VACATING HEARING**

(Docket No. 1121)

     Before the Court is plaintiff's motion, filed December 1, 2006, to "Strike Pleadings
and to Enter Default of ABS Trading, Inc. and of Zeneta Foundation."[1]  Defendant Peter
Kiritchenko, president of ABS and an asserted beneficiary of Zeneta Foundation, has filed
opposition to the motion; plaintiff has filed a reply.  Having considered the papers filed in
support of and in opposition to the motion, the Court finds the matter appropriate for
decision without oral argument, see Civil L.R. 7-1(b), hereby VACATES the January 5,
2007 hearing on the matter, and rules as follows.

     **1. ABS**

     Plaintiff argues ABS has been suspended by the State of California and,

_____

    [1] By the same motion, plaintiff also sought imposition of monetary sanctions.  By
order filed December 8, 2006, the Court struck the request for monetary sanctions without
prejudice to plaintiff's refiling the request as a separate motion.

consequently, has no right to defend against the instant action.  On December 15, 2006,

however, the California Secretary of State issued a Notice of Revivor, stating that ABS "is

now in good standing with the Secretary of State."  (See Lisi Supp. Decl. ¶ 4 and Ex. A.)  A

corporation is entitled to defend against an action if it is revived prior to entry of judgment.

See The Cadle Company v. World Wide Hospitality Furniture, Inc., 144 Cal. App. 4th 504,

511-514 (2006) (reversing judgment against corporation where corporation was revived

after trial and prior to entry of judgment).  Moreover, revival of a corporation retroactively

validates all procedural acts taken on behalf of the corporation during the period of its

suspension, including "most litigation activity."  See, e.g., Benton v. County of Napa, 226

Cal. App. 3d 1485, 1490-91 (1991) (holding if corporation "obtains a certificate of revivor

during the pendency of an action, the corporation may be allowed to carry on litigation,

even to the extent of validating otherwise invalid prior proceedings");[2] Diverco Constructors,

Inc. v. Wilstein, 4 Cal. App. 3d 6, 12 (1970) (holding corporation's "undertaking discovery

and appearing on and filing motions" during three-year period of suspension "were not a

nullity"; "[i]ts legal rights were merely suspended and were revived, like an unconscious

person revived by artificial respiration").  Accordingly, plaintiff's motion for entry of default

against ABS will be DENIED.

### 2. Zeneta

Kiritchenko argues Zeneta was never served.  Kiritchenko's counsel attests that

although plaintiff, on May 19, 2000, attempted service on Zeneta by having a messenger

deliver a summons and a copy of the complaint to counsel's law firm, counsel informed

plaintiff that said firm did not represent Zeneta and was not authorized to accept service on

Zeneta's behalf.  (See Roman Decl. ¶¶ 6-7 and Ex. C.)  Plaintiff argues that Kiritchenko is

both the agent and alter ego of Zeneta and, consequently, that it served Zeneta by serving

---

[2] One exception, not applicable here, is that "if an action is commenced during the period of suspension and the corporate powers are revived after the limitations period expires, the revival does not toll the running of the limitations period."  See id. at 1491.

the complaint upon Kiritchenko.[3]  Even assuming, <u>arguendo</u>, Zeneta may be served by

serving Kiritchenko, an issue the Court does not reach, plaintiff has submitted no evidence

that it ever served Kiritchenko as Zeneta's representative.  <u>See</u>, <u>e.g.</u>, <u>Earl W. Schott, Inc. v.</u>

<u>Kalar</u>, 20 Cal. App. 4th 943, 946 (1994) (noting "in an action against a corporation, service

upon an individual not specifically designated as an officer of the corporation [is]

insufficient").  Accordingly, plaintiff's motion for entry of default against Zeneta will be

DENIED without prejudice to plaintiff's filing a new motion demonstrating that Zeneta was

properly served.[4]

      For the reasons set forth above, plaintiff's motion is hereby DENIED in its entirety.

This order terminates Docket No. 1121.

**IT IS SO ORDERED.**

Dated: January 3, 2007

MAXINE M. CHESNEY
United States District Judge

---

[3] Plaintiff also attempted service on Zeneta in Liechtenstein but was informed by the Liechtenstein court, in a letter dated September 11, 2000, that service could not be effected because at that time, "the Foundation ha[d] no representative body or an empowered representative."  (<u>See</u> Lambert Decl. ¶¶ 17-18 and Ex. G.)

[4] The Court does not consider the new arguments set forth in plaintiff's reply.  <u>See</u>, <u>e.g.</u>, <u>Lentini v. California Center for the Arts, Escondido</u>, 370 F.3d 837, 843 n. 6 (9th Cir. 2004) (refusing to consider argument raised for the first time in reply because opposing party had no opportunity to respond).