IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO,<br><br>    Plaintiff,<br><br>v.<br><br>KIRITCHENKO ET AL,<br><br>    Defendant._____/ | No. C-99-03073 MMC (EDL)<br><br>**ORDER VACATING JANUARY 30, 2007 HEARING AND GRANTING MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH SUBPOENAS** |

On or about November 20, 2006, Plaintiff served a subpoena on non-party Robert Valdez, former tenant and now owner of one of Defendant Kiritchenko's San Francisco properties (the "Jackson Street property"), seeking information related to Valdez's lease and acquisition of the Jackson Street property. Defendants, joined by Valdez, objected to the subpoena on the grounds of relevance and burdensomeness, moved to quash the subpoena, and sought a protective order precluding such discovery. See Motion (Doc. No. 1156). The motion was fully briefed by the parties. Because the matter is appropriate for decision without oral argument, the Court vacates the January 30, 2007 hearing.

**I.    Factual Background**

The Jackson Street property was one of several properties subject to a writ of attachment ordered by this Court on January 24, 2000 (Doc. Nos. 296-301) and May 24, 2004 (Doc. No. 712) (granting application for issuance of additional writs of attachment, including attachment of the Jackson Street property). On or around August 9, 2006, Valdez and Kiritchenko entered into a contract for the purchase and sale of the Jackson Street property. On November 3, 2006, Kiritchenko moved the Court to release the attachment on the Jackson Street property in order to consummate the sale. Plaintiff opposed the motion on the grounds that Plaintiff suspected the

1  transaction was fraudulent and the property was undervalued.  After full consideration of the papers
2  and the arguments set forth at the hearing, the Court granted Kiritchenko's motion and released the
3  attachments on November 14, 2006, subject to certain conditions.  <u>See</u> Order Regarding Property
4  Sale and Sale Proceeds (Doc. No. 1097) (M.J. Laporte).  Specifically, Kiritchenko was ordered to
5  place the proceeds of the sale in a separate, blocked, frozen account bearing interest, and the
6  attachment lien on the sale property automatically transferred to this account.  Plaintiff objected to
7  the decision and sought a review by the District Judge in an emergency motion, arguing again that
8  the circumstances of the transaction evinced a fraudulent transfer.  The Court denied the motion to
9  stay and overruled the objections.  <u>See</u> Order Denying Motion to Stay, and Objections to, Magistrate
10 Judge Laporte's Order Regarding Property Sale and Sale Proceeds (Doc. No. 1101) (J. Chesney).
11 The sale was then completed.  Plaintiff now seeks discovery relating to the lease and sale of the
12 Jackson Street property transaction, including appraisals of the property, agreements with
13 Kiritchenko, correspondence with Kiritchenko, payment records, closing documents, mortgage
14 documents, and insurance documents.

## II.    Discussion

16      Plaintiff is entitled to seek discovery related to the claims or defenses in this matter, and may
17 seek information reasonably calculated to lead to the discovery of admissible evidence.  Fed. R. Civ.
18 P. 26(b)(1).  Plaintiff's Second Amended Complaint ("SAC") alleges that Defendants carried out
19 several illegal schemes, through which it misappropriated hundreds of millions of dollars from
20 Ukraine.  SAC ¶ 37.  The alleged schemes included misappropriating funds from the exportation of
21 ferrous metals and mineral ore by a state-run agency, obtaining money under the false pretense of
22 promising to deliver wheat to the government, illegally acquiring state-owned grain and selling it
23 back to the government at an undisclosed profit, unlawfully diverting proceeds from the sale of
24 natural gas through a government-created monopoly secretly benefitting Defendants, and falsifying
25 the actual cost of prefabricated houses sold to the government.  SAC ¶ 37.  Defendants allegedly
26 concealed or laundered the misappropriated funds by, <u>inter alia</u>, purchasing property in California
27 with the misappropriated monies and assets.  <u>See</u> SAC ¶ 39.  Further, Defendants allegedly
28 transferred property and assets fraudulently to other Defendants, for no real consideration, in order

2

to hinder, delay, or defraud Ukraine. SAC ¶¶ 234-238. Plaintiff alleges that Ukraine suffered substantial damages as a direct and proximate cause of the wrongful acts alleged in the SAC. See, e.g., SAC ¶ 239.

Plaintiff's subpoena seeks discovery of the Jackson Street property transaction because Plaintiff believes the transaction to be a fraudulent conveyance. Motion at 2. Plaintiff believes the property was sold to the property's tenant at a below-market price. Id. Moreover, Plaintiff "believes it was against Kiritchenko's interest to sell the attached property, because [he] would lose substantial rent revenue;" however, "Kiritchenko would be able to profit from the transaction [with] a 'side deal' with the buyer to pay him the remaining value of the property outside of escrow." Id..

Plaintiff does not address the effect of the Court's Order requiring the proceeds of the sale to be placed in a separate, blocked, and frozen but interest bearing account. Further, Plaintiff's SAC does not contain any allegations related to the Jackson Street property or its tenant, nor does the SAC allege this type of "loss of rent" or "side deal" injury. Plaintiff's SAC alleges only that Defendants engaged in fraudulent transactions with other Defendants, with respect to properties other than the Jackson Street property. Thus, even if Plaintiff's speculation were true, the Jackson Street property transaction, and any damage to Ukraine occurring as a result, is separate from and not related to the claims or defenses in this matter. Moreover, the funds from the sale are in a blocked account. Accordingly, discovery related to the Jackson Street property transaction is irrelevant and outside the scope of permissible discovery. See Fed. R. Civ. P. 26(b)(1). Therefore, the Court GRANTS Defendants' Motion to Quash, and GRANTS Defendants' Motion for a Protective Order precluding discovery related to the Jackson Street property transaction.[1]

**IT IS SO ORDERED.**

Dated: January 25, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] Plaintiff's Opposition explains its reasons for serving a subpoena on a second person, Eugene Shenkar. However, that person and the subpoena served on him were not addressed in Defendants' Motion.

3