IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>KIRITCHENKO ET AL,<br><br>　　　　Defendant.　　　　　　　／ | No. C-99-03073 MMC (EDL)<br><br>**ORDER DENYING DISCOVERY MOTION WITHOUT PREJUDICE** |

　　　The Court has reviewed Plaintiff's Expedited Motion to Enter Defaults of Defendants Lazarenko and Dugsbery Inc. or, in the Alternative, to Compel Defendants to Appear at Depositions and Respond to Other Discovery (Doc No. 1264), Defendants' Opposition to Plaintiff's Motion (Doc. No. 1267), Plaintiff's Motion to Shorten Time (Doc. No. 1254), and Defendants' Response to Plaintiff's motion to Shorten Time (Doc. No. 1266). For the reasons set forth below, the Court DENIES Plaintiff's motions without prejudice.

　　　A party moving to compel disclosure must include with its motion a certification that the movant has in good faith conferred or attempted to confer with the nondisclosing party in an effort to secure the disclosure without court action. Fed. R. Civ. P. 37(a)(2)(A). Under the Civil Local Rules, "meet and confer" or "confer" means "to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order." See Civ. L.R. 1-5(n). The exchange may take place by telephone, however, "[t]he mere sending of a written, electronic, or voice-mail communication ... does not satisfy a requirement to 'meet and confer' or to confer." Id. This requirement <u>can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation</u>." Id. (emphasis added). Further, the Court "will not entertain a request or a

motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." Civ. L.R. 37-1(a).

Here, Plaintiff has failed to follow these rules. Plaintiff's counsel has refused to engage in direct communications with the exception of one recent direct conversation. See Weinberg Decl. in Support of Defendants' Opposition to Plaintiff's Expedited Motion to Enter Defaults, at 2:11-18 (Doc. No. 1265) (noting that Plaintiff's counsel sent an email expressly declining to communicate "over the phone," because "we prefer to communicate in writing," and that Plaintiff only left a voicemail message on March 8, 2007). Accordingly, the parties are hereby ORDERED to promptly engage in meet and confer, in good faith and with direct dialogue and discussion, pursuant to the Local Rules (which should be accomplished within one week, absent compelling circumstances). After meeting and conferring, if the parties still cannot resolve or narrow their disputes, Plaintiff may refile its motion, complete with a certification detailing the steps taken to meet and confer directly with Defendants. See Fed. R. Civ. P. 37(a)(2); Civ. L.R. 37-1(a).

**IT IS SO ORDERED.**

Dated: March 21, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge