1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   UNIVERSAL TRADING & INVESTMENT            No. C-99-03073 MMC (EDL)
    CO,
9                                            **ORDER RE DEFENDANT'S**
                 Plaintiff,                  **MOTION TO LIFT ATTACHMENT**
10
        v.
11
     KIRITCHENKO ET AL,
12
                 Defendant.
13   _____/

14

15          Defendant's Motion to Release Attachment on the property at 1901 Jackson Street No. 1, San

16   Francisco, California (Assessor's Parcel Nos. 5-601-21) came on for hearing on April 3, 2007.

17   Following the hearing, the Court ordered Defendant to file a copy of its appraisal of the property;

18   disclose all terms and conditions of the sale, including any fees or commissions to be paid out of the

19   sales proceeds; and, in the event Plaintiff sought its own appraisal, to cooperate in permitting

20   Plaintiff's appraiser to inspect the property.  The Court ordered Plaintiff to file objections to

21   Defendant's appraisal, if any, and to file for the Court's review a copy of Plaintiff's appraisal, if

22   completed.  Plaintiff filed objections and an assessment of Defendant's appraisal on April 12, 2007,

23   and requested further time to complete a full appraisal.  Defendant filed a response to Plaintiff's

24   submission on April 16, 2007.  Upon full consideration of the submissions and Plaintiff's objections,

25   the Court ORDERS the following:

26          Defendant's response alleviates to some degree the Court's concerns that funds are being

27   diverted to family members in the form of commissions.  However, the response leaves open the

28   question whether Defendant's appraisal undervalues the property and whether the proposed sale falls

     short of fair market value.  For example, the price per square foot of the property in question was

**United States District Court**
For the Northern District of California

1    appraised at approximately one half or one third of the price per square foot of the purported

2    comparables.  The Court is not persuaded at this point that Defendant's appraisal is adequately

3    supported.  Accordingly, the attachment will not be lifted and the sale may not proceed at this time.

4        Defendant has requested the opportunity to submit a rebuttal to Plaintiff's critique of

5    Defendant's appraisal.  The Court grants this request and orders Defendant to submit its rebuttal for

6    the Court's review by Thursday, April 19, 2007.  The Court recommends that Defendant also submit

7    the appraisal completed by the buyer of the property, as part of its rebuttal or separately, which the

8    parties may seek to obtain either voluntarily or by subpoena, if necessary.  The Court will be

9    receptive to a request to file the buyer's appraisal under seal, limiting its disclosure to counsel for

10   purposes of this motion only, or to a request by the buyer to limit disclosure to the Court for an in

11   camera review.

12       If the Court is satisfied with Defendant's rebuttal, the Court will order the attachment lifted

13   at that time.  If, on the other hand, the Court still has reservations after reviewing Defendant's

14   rebuttal, and Defendant wishes to pursue the sale, the Court will order a further appraisal of the

15   property.  In that event, the Court will order Plaintiff and Defendant to immediately meet and confer

16   to identify a neutral, mutually acceptable appraiser to perform an appraisal of the property to

17   determine current fair market value at Defendant's expense.  If the parties cannot identify a mutually

18   acceptable choice within three calendar days of initiating their meet and confer, the parties are

19   ordered to separately submit three acceptable choices each, complete with credentials, from which

20   the Court will select a neutral appraiser to prepare the appraisal.  The parties shall submit their joint

21   or separate list of proposed appraisers within four calendar days of either Defendant's early

22   initiation of the process or the Court's order requiring a further appraisal.  Defendant shall inform

23   Plaintiff and the Court within two calendar days of this order if, in the interests of expediting

24   resolution of this matter, Defendant chooses to begin this further appraisal process immediately,

25   rather than waiting for the Court's decision.

26   //

27   //

28   //

**United States District Court**
For the Northern District of California

1   If the Court requires a further appraisal, Defendant may reapply after completion of the

2   appraisal to lift the attachment to sell the property for a price at or near the fair market value as

3   determined by the neutral appraiser.  Alternatively, Defendant may offer the property on the

4   common open market for a competitive sale, but if Plaintiff raises apparently valid objections to any

5   proposed sale, the sale may be subject to the same appraisal procedure.

6

7   **IT IS SO ORDERED.**

8

9   Dated: April 17, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28