IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO,<br><br>Plaintiff,<br><br>v.<br><br>KIRITCHENKO ET AL,<br><br>Defendant._____/ | No. C-99-03073 MMC (EDL)<br><br>**ORDER RE FIFTH AMENDMENT PRIVILEGE** |

The Court has received the Declaration of Doron Weinberg in Support of Defendant Lazarenko's Request for Partial Reconsideration of Ruling (Doc. No. 1346) and Plaintiff's Objections to the Affidavit of Doron Weinberg (Doc. No. 1350). The parties have raised Fifth Amendment issues that the Court cannot resolve without further information.

Plaintiff argues that, with the exception of the 14 criminal counts on appeal, Defendant Lazarenko cannot claim the Fifth Amendment privilege against self-incrimination. Plaintiff previously noted that, in the criminal prosecution of Defendant Lazarenko, Judge Jenkins dismissed 23 Counts that are summed up as the "Natural Gas Scheme," the "Prefabricated Houses Scheme," and the "Ditiatkovsky Scheme." Plaintiff argues that Defendant Lazarenko's claims of Fifth Amendment privilege were terminated as to those Schemes because Lazarenko may not be prosecuted again for them. In addition, Plaintiff has argued that the statute of limitations has run on acts committed prior to Lazarenko's February 19, 1999 detention, thus Lazarenko has no fear of self-incrimination as to pre-February 1999 acts. However, the Court is unable to tell without further explanation whether the outstanding discovery Plaintiff seeks falls within the 14 remaining criminal counts on appeal.

Defendant argues that Defendant Lazarenko has a Fifth Amendment privilege as to all statements provided to the U.S. government by Defendant Lazarenko pursuant to proffer agreements. However, the excerpt of the proffer agreement Defendant quoted appears to provide some form of use immunity as to Lazarenko's statements to the government. Accordingly, the Fifth Amendment may not apply if statements Lazarenko gave to the government could not subject him to criminal prosecution. Defendant does not address the effect of the government's agreement to "not use any statements made by [Lazarenko] during the proffer directly against Mr. Lazarenko and his case-in-chief in any criminal case." See Weinberg Decl. at 3:4-5 (emphasis added). And, if the privilege applies, Defendant does not address whether the privilege would apply only as to the sections of the statements that apply to the 14 criminal counts on appeal, or whether the privilege would apply to the whole statement, including sections that address Counts or Schemes that were dismissed or barred by the statute of limitations.

Accordingly, the Court hereby ORDERS further briefing as follows:

By May 21, 2007, Defendant Lazarenko is ordered file a brief in support of his Request for Partial Reconsideration of Ruling which addresses the Court's concerns.

By May 28, 2007 Plaintiff is ordered to file an Opposition.

The Court will take the matter under submission.

**IT IS SO ORDERED.**

Dated: May 15, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge