**United States District Court**
For the Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  UNIVERSAL TRADING & INVESTMENT          No. C-99-03073 MMC (EDL)
   CO,
9                                          **ORDER DENYING REQUEST FOR**
            Plaintiff,                     **PARTIAL RECONSIDERATION**
10
      v.
11
   KIRITCHENKO ET AL,
12
            Defendant.
13  _____/

14
        During a hearing on May 10, 2007 on an unrelated motion, counsel for Defendant Lazarenko
15
made a verbal request that the Court reconsider and strike ¶ 3 of its May 2, 2007 Order Re Motion
16
for Protective Order and Motion to Compel.  Paragraph 3 ordered Defendant Lazarenko to execute a
17
FOIA release to obtain reports of interviews between Defendant and the government, which would
18
then be produced to Plaintiff.  See May 2, 2007 Order, ¶ 3.  On May 11, 2007, Defendant's counsel
19
filed a declaration supporting its request, explaining that counsel had been unaware that the only
20
interviews between Defendant and the government were done under the protection of a proffer
21
agreement, which preserved Defendant's Fifth Amendment privilege against self-incrimination as to
22
his statements to the government.  See Weinberg Decl. (Doc. No. 1346).  Defendant argues that it
23
cannot comply with Paragraph 3 without waiving his Fifth Amendment privilege, which Defendant
24
declines to do.  Id.  The Court ordered Defendant to brief the issue, and allowed Plaintiff to file a
25
response.  The Court has reviewed the papers and the applicable law and finds this matter
26
appropriate for a decision without oral argument.  Accordingly, for the reasons stated below, the
27
Court hereby DENIES Defendant's request for reconsideration, and ORDERS Defendant to
28
immediately comply with Paragraph 3 of the Court's May 2, 2007 Order.

1    The Fifth Amendment privilege against compulsory self-incrimination protects against any

2  disclosures which a witness <u>reasonably believes</u> could be used in a criminal prosecution or could

3  lead to other evidence which might be so used.  <u>See</u> <u>Kastigar v. United States</u>, 406 U.S. 441, 444-45

4  (1972) (emphasis added).  The privilege "does not extend to consequences of a noncriminal nature,

5  such as threats of liability in civil suits, disgrace in the community, or the loss of employment."

6  <u>United States v. Apfelbaum</u>, 445 U.S. 115, 124-25 (1980).  Defendant entered into proffer

7  agreements with the government under a grant of "use immunity" rather than broader immunity, that

8  is, the government agreed that if Defendant would tell the government what he knew about certain

9  criminal activity, the government would "not use any statements made by [Defendant] during the

10  proffer directly against [Defendant] Lazarenko and his case-in-chief in any criminal case... ."  <u>See</u>

11  Weinberg Decl. (quoting proffer agreement), at 3:4-6.  Thus, the Defendant made no statements to

12  the government other than those covered by these proffer agreements.

13    Although these agreements do not provide full immunity because they "permit[] derivative

14  use of [Defendant's] statements," <u>see</u> Opp. at 5:3-5, the statements themselves are immunized and

15  the government already has them.  Paragraph 3 does not require Defendant to testify further about

16  these statements, nor does it require Defendant to produce any information other than that which the

17  government already has.  Thus, Defendant is not exposed to any further incrimination beyond what

18  he already faces.  Further, authorizing the FOIA release of the statements does not appear to be a

19  testimonial act.  The Court sees no waiver beyond what Defendant already made to the government

20  by making the proffers.  Accordingly, Defendant can have no reasonable belief that complying with

21  Paragraph 3 of the Court's May 2, 2007 Order could incriminate him and Defendant's assertion of

22  the Fifth Amendment privilege is unfounded.  <u>See</u> <u>Rogers v. United States</u>, 340 U.S. 367, 374 (1964)

23  (Fifth Amendment privilege exists only where there is "a reasonable danger of further crimination in

24  light of all the circumstances, including any previous disclosures.").

25    **IT IS SO ORDERED.**

26  Dated: June 8, 2007

_Elijah D. Laporte_

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

27

28

2