UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

(SAN FRANCISCO DIVISION)

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO.,  Plaintiff,<br><br>v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br><br>Defendants. | Case No.: C99-3073 MMC (EDL)<br><br>**ORDER REGARDING PROPERTY SALE AND SALE PROCEEDS** |

## ORDER

Defendant's Motion to Release Attachment on the property at 1901 Jackson Street No. 1, San Francisco, California (Assessor's Parcel Nos. 5-601-21) is hereby GRANTED as follows:

1. The attachment on 1901 Jackson Street No. 1, San Francisco, California, Assessor's Parcel Nos. 5-601-21 ("the Property") shall be released upon payment of the full contractual price for the Property and close of escrow pursuant to a residential purchase agreement, dated March 12, 2007, and such attachment lien with respect to the Property shall simultaneously transfer to the proceeds of sale with all priorities intact.

2. No portion of the consideration for the purchase of the Property may be paid outside of escrow.

//

3. Standard escrow costs, legitimate brokers' commissions, and recorded liens having higher priority than Plaintiff's attachment lien may be paid out from escrow.  In addition, quarterly and yearly taxes, and reasonable CPA fees may be paid out of escrow.  However, loans and other indebtedness that are owed to creditors who are not "banks" (as the term is defined by law) located and chartered in the United States may not be repaid from escrow unless the relevant loan agreements therefore are fully disclosed to Plaintiff at least seven calendar days prior to opening of escrow.

4. Simultaneous with the close of escrow, the net proceeds of the sale of the Property shall immediately be placed in a separate, blocked, and frozen but interest-bearing account set up as a trust for the benefit of Peter Kiritchenko at First Bank, a bank located and chartered in the United States in which no party holds a direct or indirect interest, and with First Bank as the sole trustee.  Said account must be structured to prohibit the trustee from disbursing or releasing any funds, other than those already provided for in this Order, without an order of this Court expressly permitting each such transaction.   The attachment lien held by Plaintiff on the Property shall automatically transfer and attach to this account, with all priorities intact.

5. The trustee shall be permitted to pay quarterly and annual taxes related to the trust, as well as reasonable fees to a certified public accountant in connection with the preparation of such tax returns.

6. In addition, the trustee of First Bank trust account number 43-008-01-3 (the trust holding the sales proceeds from 10727 Wilshire Boulevard, Unit 1502, Los Angeles, California) shall be permitted to pay quarterly and annual taxes related to that trust, as well as reasonable fees to a certified public accountant in connection with the preparation of such tax returns.

7. Nothing in this Order shall preclude Defendants from appealing any part of this Court's ruling on Defendants' Motion to Release Attachments.  In the event any court vacates said ruling of this Court, any attachment on the account referenced above shall be released, and all other restrictions placed on that account shall be null and void.

//

**IT IS SO ORDERED.**

.

Dated:  __June 25, 2007_____, 2007                 _____
THE HON. ELIZABETH D. LAPORTE
UNITED STATES MAGISTRATE JUDGE