United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNIVERSAL TRADING & INVESTMENT CO,

Plaintiff,

v.

KIRITCHENKO ET AL,

Defendant.
_________________________________/

No. C-99-03073 MMC (EDL)

**ORDER RE MOTIONS TO COMPEL EXPERT REPORTS**

On July 10, 2007, two motions to compel regarding expert disclosures came on for hearing in this matter: (1) Plaintiff's Motion to Compel Expert Report Disclosure by Defendants (Doc. No. 1394); and (2) Defendants' Motion to Compel Expert Reports in Compliance with Fed.R.Civ.P. 26. John Aspelin represented Plaintiff; Doron Weinberg and Tom Sloan represented Defendants. These motions present two issues: whether to compel a party to supplement an expert report submitted pursuant to Rule 26(a)(2), and whether an expert report is required from experts who will submit evidence to the Court, not the jury, pursuant to Rule 44.1. After fully considering the papers and the arguments at the hearing, the Court grants in part and denies in part Defendants' Motion to Compel and denies Plaintiff's Motion to Compel as follows.

**I. Background**

Plaintiff filed a Motion to Compel Defendants Kiritchenko and Lazarenko to comply with their expert disclosure obligations under Rule 26 of the Federal Rules of Civil Procedure. Plaintiff complains both about the sufficiency of Defendants' initial expert disclosure and the sufficiency of Defendants' rebuttal disclosures. In response, Defendants argue that the report submitted by their expert, Daniel Ray, CPA, complies with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The report

contains his analysis and conclusions, and identifies the documents and information he considered in forming these opinions. Defendants argue that the report is sufficient even though the expert did not consider documents dated after about the year 2000. Defendants also argue that they met their obligations as to the foreign law experts identified in rebuttal disclosures without providing reports because these experts are only providing information to the court on matters of foreign law, pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, rather than providing opinions on scientific, technical, or other specialized knowledge to the trier of fact pursuant to Rule 702 of the Federal Rules of Evidence and Rule 26(a)(2) of the Federal Rules of Civil Procedure. As to rebuttal expert reports, Defendants stated at the hearing that they were unable to provide any substantive rebuttal reports until Plaintiff supplemented his reports.

Defendants filed a Motion to Compel Plaintiff to produce expert reports in compliance with Rule 26(a)(2). Defendants seek only to compel the reports of those experts who will be testifying pursuant to Rule 702 of the Federal Rules of Evidence and Rule 26(a)(2) of the Federal Rules of Civil Procedure; Defendants do not seek to compel reports from those experts who will be presenting evidence only to the court on matters of foreign law because it is their position that Rule 44.1 does not require expert reports. Defendants argue that Plaintiff's disclosures, which incorporate by reference previous submissions by the experts, do not comply with the expert report requirements, including their failure to provide "a complete statement of all opinions to be expressed and the basis and reasons therefor" as required by Rule 26(a)(2)(B).

**II. Legal Standard**

Rule 702 of the Federal Rules of Evidence allows witnesses to present testimony to the trier of fact based on "scientific, technical, or other specialized knowledge" in order to assist the trier of fact to understand the evidence or to determine a fact in issue. Fed.R.Evid. 702. Rule 26 requires disclosure of "the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705," and requires that person to submit "a written report prepared and signed by the witness." See Fed.R.Civ.P. 26(a)(2)(A) and (B). The written report requirement "applies only to those experts who are retained or specially employed to provide [Rule 702] testimony or whose duties as an employee of a party regularly involve the giving of such testimony." Fed.R.Civ.P.

26(a)(2)(B).

When a report is required, Rule 26(a)(2)(B) lists specific requirements for the written report:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Id. The report "is intended to set forth the substance of the direct examination" and "is to disclose the data and other information considered by the expert and any exhibits or charts that summarize or support the expert's opinions." See Fed.R.Civ.P. 26, Advisory Committee's Notes to 1993 Amendments.

Rule 44.1 of the Federal Rules of Civil Procedure provides that a court may consider testimony or other relevant material to determine issues of foreign law, and "provides flexible procedures for presenting and utilizing material on issues of foreign law." See Fed.R.Civ.P. 44.1, Advisory Committee Notes to 1966 Adoption; see also Thomson Consumer Elecs., Inc. v. Innovatron, S.A., 3 F.Supp.2d 49, 52 (D.D.C. 1998) ( "When answering a question of foreign law, a federal court is authorized to look to a host of sources, including evidence in the form of expert testimony."). A court's determination of foreign law is not a factual issue for the jury, as with evidence submitted under Rule 26; instead, it "shall be treated as a ruling on a question of law." See Fed.R.Civ.P. 44.1 (addressing determination of foreign law by the court); Fed.R.Civ.P. 26 (applying to "persons who will provide opinions under Rule 702" to assist the trier of fact). Rule 44.1 permits, but does not require, a party to provide persuasive materials to the court; it only requires that notice be given to the court by a party who intends to raise an issue concerning the law of a foreign country. Fed.R.Civ.P. 44.1; see also Fed.R.Civ.P. 44.1, Advisory Committee's Notes to 1966 Adoption ("if notice is given by one party it need not be repeated by any other and serves as a basis for presentation of material on the foreign law by all parties.").

United States District Court
For the Northern District of California

**III. Discussion**

**A. Defendants' Motion to Compel**

Plaintiff has disclosed three expert witnesses other than those who would testify on questions of foreign law. At the hearing, Plaintiff argued that it supplemented the reports for its experts Dr. Youry A. Lambert and Professor W. Scott Thompson after the filing of Defendants' motion, and has thereby met its obligations under Rule 26(a)(2)(B). See Lambert Aff., Exs. F and G. These supplemental reports are sufficient under Rule 26(a)(2)(B). As to the written report for United States Revenue Agent Charles A. Tonna, Plaintiff has been unable to submit a written report from Agent Tonna and it is unclear whether Plaintiff will be able to obtain him as a witness in the civil trial. In lieu of a formal report, Plaintiff has submitted Agent Tonna's prior testimony from Defendant Lazarenko's criminal trial, and states that Plaintiff hopes to eventually present the same testimony in this civil case. This information is sufficient to put Defendants on notice of the substance of Agent Tonna's anticipated testimony; indeed, it generally provides even more detailed disclosure than the typical expert report and he was previously subject to cross-examination. See Rule 26(a)(2)(B). If Defendants are correct that the testimony does not state the bases for his opinion, however (a question that this Court does not decide), it may require supplementation to meet the requirements of Rule 26(a)(2)(B).

As discussed at the hearing, the remedy for noncompliant expert witness reports is usually exclusion of the witness' testimony under Rule 37(c) upon a proper motion in limine. See Fed.R.Civ.P. 37(c) ("A party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trail, at a hearing, or on a motion any witness or information not so disclosed."). Given this sanction, Plaintiff may choose to further supplement its expert reports. The Court, however, will not compel further production.

Plaintiff has not explicitly stated whether the witnesses it noticed as experts in foreign law, Professors Hannum, Pechota and Pogorelko, will be testifying to the jury or submitting evidence and testimony to the judge alone. Therefore, it is not clear whether the witnesses will be "primarily descriptive of conditions in [the foreign country whose laws are at issue]" or whether the witnesses

United States District Court
For the Northern District of California

will testify to the application of law and legal effect of certain actions. See Islamic Republic of Iran Broadcasting v. Sotheby Prke Bernet, Inc., 839 F.2d 780, 782 (D.C.Cir. 1988) (distinguishing between expert properly describing lawless conditions of country to jury versus expert describing foreign law).

Accordingly, the Court grants in part and denies in part Defendants' Motion to Compel. Within fifteen (15) days of the date of this order, Plaintiff may further supplement the expert reports of Dr. Lambert, Prof. Thompson, and Agent Tonna. In addition, if Plaintiff intends to offer testimony from Plaintiff's experts in foreign law to the jury for any purpose, an expert report complying with Rule 26(a)(2)(B) is required from these witnesses.

**B. Plaintiff's Motion to Compel**

Plaintiff seeks to compel Defendants to supplement their expert report for Daniel Ray with analysis and conclusions based on information dated after 2000. Under Rule 26(a)(2)(B), however, Defendants have no obligation to address any specific time period in their expert report. Accordingly, Plaintiff's Motion to Compel Defendants to supplement Mr. Ray's report is denied.

Plaintiff also seeks to compel Defendants to produce a report for all experts whom Defendants identified, including those who are testifying pursuant to Rule 44.1 and not providing evidence under Rule 702. However, Rule 44.1 by its plain language does not require a written report from persons who will be providing testimony only to assist the court in making determinations of foreign law.

The cases that Plaintiff cites in support of its argument that a report is required, Silberman v. Innovation Luggage, Inc., 2002 WL 31175226 (S.D.N.Y. September 30, 2002), and Kranis v. Scott, et al., 178 F.Supp.2d 330, 335-36 (E.D.N.Y. 2002), do not persuade the Court otherwise. The first case is an unpublished case from another Circuit and therefore has little persuasive value. Silberman has not been cited or followed by the Ninth Circuit for the proposition that Rule 26(a)(2)(B) reports are required from experts on foreign law, nor does Plaintiff point to any other court which has so relied upon it. Moreover, the Silberman court, in making its decision, relied on Kranis v. Scott, et al., 178 F.Supp.2d 330, 335-36 (E.D.N.Y. 2002), stating that "it has commonly been recognized that legal experts fall within the requirements of Rule 26(a)(2)." Kranis, however, addresses the

obligations of an "expert in legal malpractice" who was testifying pursuant to Rule 702 of the Federal Rules of Evidence. It does not, as Silberman appears to assume, involve a legal expert providing information to the judge alone pursuant to Rule 44.1. By contrast another court has held that an expert who does not testify before the trier of fact need not produce a written report under Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. See BCCI Holdings (Luxembourg) v. Khalil, 184 F.R.D. 3, 9 (D.D.C. 1999) (where plaintiffs had complied with Rule 44.1, the court would not strike declaration of foreign law expert for lack of compliance with Rule 26(a)(2)). Accordingly, Defendant need not provide the expert reports of any person who will be providing information on foreign law solely to the court.

Finally, Plaintiff seeks to compel Defendants to file rebuttal expert reports that comply with Rule 26(a)(2)(B). According to the submissions, Defendants offered two witnesses in rebuttal to Plaintiff's factual witnesses: Mykola Sivulsky and Victor Schvetz. As discussed at the hearing, Defendants are required to submit any expert report which is intended to contradict or rebut Plaintiff's expert reports within 30 days after the date Plaintiff served the supplemental experts reports, or other date ordered by the court. See Fed.R.Civ.P. 26(a)(2)(C). As of the date of the hearing, Defendants had failed to file a rebuttal because Defendants were waiting for Plaintiff to supplement the witness reports. However, Defendants filed these reports on July 16, 2007, and they appear to meet the minimum requirements of Rule 26(a)(2)(B). Accordingly, Plaintiff's request to compel these reports is moot and is denied.

**IT IS SO ORDERED.**

Dated: July 25, 2007

Elizabeth D. Laporte

ELIZABETH D. LAPORTE
United States Magistrate Judge