IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO,<br><br>    Plaintiff,<br><br>  v.<br><br>KIRITCHENKO ET AL,<br><br>    Defendant.                       / | No. C-99-03073 MMC (EDL)<br><br>**ORDER RE AMENDMENT OF RESPONSES TO REQUEST FOR ADMISSIONS** |

    On July 24, 2007, Plaintiff filed a motion captioned "Request for Administrative Relief Regarding Amendment of Responses to Requests for Admissions Propounded by Defendant Michael Menko." In it, Plaintiff asked to amend its original responses and also sought the Court's excusal of the tardiness of the original responses so that the Requests for Admission would not be deemed admitted. On July 27, 2007, Defendant filed an Opposition. For the reasons stated below, the Court denies in part Plaintiff's motion.

    Defendant served Requests for Admission on October 23, 2007. Plaintiff did not serve responses until December 28, 2007. Under Rule 36(a), any request for admission is admitted unless, within 30 days after service of the request (or within the time permitted by the court or as agreed by the parties), the receiving party serves a written answer or objection that is signed by the party or its attorney. Fed.R.Civ.P. 36(a). Accordingly, on March 23, 2007, Defendant informed Plaintiff that, due to Plaintiff's lack of timely response, Defendant deemed the responses "admitted" pursuant to FRCP 36(b), and it intended to move for summary judgment on the basis of the deemed admissions. See Ikels Decl. ¶ 5, Ex. C. In Defendant's Opposition to Plaintiff's Motion to Amend, Defendant states that Defendant deems the Request for Admissions admitted because of Plaintiff's failure to

serve responses within thirty days, and argues that Defendant would be prejudiced if the Court allowed Plaintiff to withdraw the deemed admissions or serve Amended Responses.

A court has discretion to grant relief from an admission made under Rule 36(a) when (1) "the presentation of the merits of the action will be subserved," and (2) "the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Fed. R. Civ. P. 36(b); Conlon v. United States, 474 F.3d 616, 622 (9th Cir. 2007). These two factors should be "central to the analysis," and "a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions." Id. The first factor "is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Id. The second factor focuses on "the prejudice that the nonmoving party would suffer at trial." Id. at 623. While the inquiry is fact-specific, the Ninth Circuit has drawn certain boundaries and followed two other Courts of Appeal to hold that "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." Id. at 624. In addition, reliance on deemed admissions in choosing not to engage in any other discovery, without more, does not constitute prejudice. Id. For prejudice to exist, it "must relate to the difficulty a party may face in proving its case at trial." Id.

Applying the Rule 36(b) factors, here, as in Conlon, "upholding the [deemed] admissions would practically eliminate any presentation of the merits of the case." See Conlon, 474 F.3d at 622. The deemed admissions preclude Plaintiff from establishing the elements of his claims against Defendant by conclusively refuting them. Accordingly, the first factor is satisfied. As to the second factor, Defendant has failed to show that it would face difficulty in proving its case at trial if Plaintiff's deemed admissions were withdrawn and replaced with Plaintiff's original Responses or Amended Responses. Although Defendant may have relied on the deemed admissions for summary judgment, that would not constitute prejudice. See Conlon, 474 F.3d at 624. Accordingly, the second factor is satisfied.

Rule 36(b) is permissive, not mandatory, with respect to the withdrawal of admissions. See Asea, Inc. v. S. Pac. Transp. Co., 669 F.2d 1242, 1248 (9th Cir. 1981). The Court finds that withdrawal is warranted in this instance. Defendant has had copies of Plaintiff's original responses

1 since December 28, 2006, and would not be disadvantaged by the Court now holding that the
2 original Responses were timely under Rule 36(a), under which a matter is deemed admitted unless
3 denied "within 30 days after service of the request, <u>or within such shorter or longer time as the court</u>
4 <u>may allow</u>... ." Fed.R.Civ.P. 36(a) (emphasis added).

5      The Rule 36(b) factors do not weigh in favor of allowing amendment of the original (tardy)
6 Responses, however.   Although the second factor is satisfied because Defendant has failed to show
7 that it would be prejudiced by allowing Plaintiff to file an amendment at this late date, the first factor
8 fails.  The proposed Amended Responses do not substantively change Plaintiff's Responses and
9 therefore would not further the presentation of the merits.  <u>See</u> Fed.R.Civ.P. 36(b);  <u>Conlon</u>, 474
10 F.3d at 622. Accordingly, the Court does not grant Plaintiff leave to amend the original Responses.
11 <u>Id.</u>

12      Therefore, the Court hereby ORDERS that Plaintiff's original Responses to the Requests for
13 Admissions Propounded by Defendant Michael Menko are deemed timely and all deemed
14 admissions are withdrawn.  No further amendment of the Responses is permitted.

16     **IT IS SO ORDERED.**

17 Dated: August 2, 2007

18                                     ELIZABETH D. LAPORTE
                                    United States Magistrate Judge