United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNIVERSAL TRADING & INVESTMENT CO,

Plaintiff,

v.

KIRITCHENKO ET AL,

Defendant.
_______________________________________/

No. C-99-03073 MMC (EDL)

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL FURTHER DEPOSITION OF DEFENDANT PAVLO LAZARENKO**

On July 10, 2007, Plaintiff's Motion to Compel Further Deposition of Defendant Pavlo Lazarenko came on for hearing. John Aspelin represented Plaintiff, and Doron Weinberg represented Defendant Lazarenko. After full consideration of the papers and for the reasons stated at the hearing, the Court GRANTS Plaintiff's Motion to Compel as follows.

**I. Background**

Discovery in this matter has been contentious, punctuated by multiple discovery orders, and the Lazarenko deposition in particular has been the subject of multiple motions before this Court. Discovery has formally closed, yet the parties continue to bring discovery issues before the Court. The greater number of motions have been brought by Plaintiff, which exhibit an escalating level of frustration. Throughout this history, Defendant has aggressively asserted his Fifth Amendment privilege against self-incrimination. This Court has cautioned Defendant more than once to assert the privilege only when appropriate, and to otherwise participate in discovery. Defendant's compliance, however, has been minimal.

Defendant Lazarenko was first ordered to comply with discovery in August 1999. "Plaintiff is granted expedited discovery, including the taking of the depositions of Mr. Petro Mikolayevich

Kiritchenko and Mr. Pavlo Ivanovich Lazarenko at the Federal Detention Center in Dublin, California. The parties may engage in discovery, without prejudice to defendants filing a motion for protective order, motion to stay and/or other motion." August 31, 1999 Order Denying Motions to Expunge Lis Pendens, Allowing Discovery, and Scheduling Motions and Amendment to Complaint, at 2:20-25. Following that Order**,** after two months of scheduling delays, Defendant Lazarenko was deposed in his individual capacity on October 20, 1999. For almost every question (including date of birth and other basic questions), Defendant Lazarenko asserted the Fifth Amendment privilege against self-incrimination. Plaintiff's efforts at discovery were also hindered when the deposition was terminated early. The deposition was intended to last two days but it ended early on the first day, and Lazarenko failed to appear the next morning, citing a "preexisting medical condition." See Plaintiff's Expedited Motion to Compel or for Entry of Defaults (Doc. No. 1262), at 1:28-2:17.

Plaintiff subsequently moved to compel discovery from Lazarenko and other Defendants, which Judge Legge granted in part on January 20, 2000: "Plaintiff's motion to compel further responses to discovery from Defendant Pavlo Lazarenko, Tamara Kiritchenko, Peter Kiritchenko, Izabella Kiritchenko, Ludmilla Kiritchenko, and Dugsbery, Inc. is GRANTED to the extent discovery sought does not implicate the Fifth Amendment... ." January 24, 2000 Order Regarding Further Discovery, at 2:13-18 (Ex. C). Discovery did not progress, however, and six months later the Court stayed discovery on July 7, 2000 to allow the parallel criminal proceedings to proceed, and did not lift the stay until December 7, 2005.

Plaintiff promptly resumed discovery, and Defendants accordingly sought a protective order. The Court denied that motion, holding: "Defendants' Motion for Protective Order re 30(b)(6) Depositions is denied without prejudice to Defendants' assertion of the Fifth Amendment to specific questions. Defendants must promptly respond, identify, and produce witnesses for Plaintiff's notices of deposition." January 24, 2006 Order Denying Motion for Protective Order Re 30(b)(6) Depositions.

Discovery proceeded and on October 12, 2006, Plaintiff served a Notice of Taking Deposition Duces Tecum Re: Defendant Dugsbery, Inc. of Pavlo Lazarenko in Capacity of Principal and Beneficial Owner of Dugsbury, Inc., California Corporation, noticing the deposition for

United States District Court
For the Northern District of California

November 9-10, 2006.

No one appeared on the scheduled date in response to these notices, due to counsel's conflicts and Lazarenko's confinement. In response, Plaintiff filed a renewed motion for summary judgment and for default against Dugsbery. Defendant subsequently filed a motion for a protective order, which the Court again denied, stating: "Defendant [Lazarenko] is not entitled to a blanket protective order against answering questions at deposition, either as the custodian of records for Dugsbery or as principal or beneficial owner." December 22, 2006 Order, at 4:2-4. The Court further ordered that: "Defendant [Lazarenko] will produce responsive documents relating to Dugsbery, documents filed in the Ukranian court, and documents received from the United States government that are in his possession, custody or control." Id. at 8:8-10.

In February 2007, Plaintiff wrote to defense counsel at least three times, proposing dates for deposition before March 15. Plaintiff also requested that Defendant comply with the Court's December 22, 2006 Order requiring Defendants to produce certain documents received from the government and to supplement interrogatories to correct boilerplate objections. Plaintiff received no response. Finally, on February 23, 2007, Plaintiff served a Supplemental Notice Re: Resuming Suspended Deposition of Defendant Pavlo I. Lazarenko *Duces Tecum*, and a deposition was finally scheduled for April 2, 2007. Objecting that Defendant had already been deposed, Defendant Lazarenko failed again to appear for deposition on April 2, 2007, the 5th time Plaintiff tried to take his deposition. See Motion to Strike at 2:25-27.

Defendant Lazarenko filed two motions for a protective order to prevent a deposition of Lazarenko. This Court again denied both motions. In its first order, filed to protect Lazarenko from having to appear at the April 2, 2007 deposition, the Court held that Lazarenko was required to appear for deposition. The Court explicitly stated that Lazarenko could not assert a blanket privilege objection: Lazarenko could only assert his Fifth Amendment privilege as appropriate on a question-by-question basis. See December 22, 2006 Order.

Despite this order, Defendant continued to rebuff Plaintiff's attempts to depose Lazarenko, and subsequently brought a second motion for a protective order. In the second motion, Defendant subsequently questioned the Court's decision to allow the deposition to proceed, arguing that the

United States District Court
For the Northern District of California

Court was unaware that Lazarenko had previously been deposed when it issued its ruling. Defendant, however, was mistaken, and its actions in refusing to comply with the Court's earlier Order were highly questionable. Accordingly, the Court also denied the second motion for a protective order, and ordered Defendant again to appear for deposition. In its May 2, 2007 order, the Court cautioned the witness and his counsel, ordering them to: "comply with the rules for deposition and not make speaking objections or unduly delay responses. The Fifth Amendment privilege shall be asserted, if at all, on a question-by-question basis." May 2, 2007 Order.

Pursuant to the May 2, 2007 Order, Defendant Lazarenko was deposed again on May 14-16, 2007. During the deposition, Defendant's counsel several times instructed Lazarenko not to answer certain questions on the sole ground that the question was beyond the scope of the Second Amended Complaint, although the Court had not previously ruled that the subject areas in question were outside the scope of relevance. Defendant's counsel at no time sought to adjourn the deposition to seek a protective order. Plaintiff accordingly challenged the instructions not to answer, as well as challenging improper assertions of privilege. Plaintiff now seeks to compel Lazarenko to appear for further deposition to respond to questions he improperly refused to answer.

## II. Legal Standard

Grounds for instructing a civil deponent not to answer a question are very limited. Under Rule 30(d)(1) of the Federal Rules of Civil Procedure, any objection "must be stated concisely and in a non-argumentative and non-suggestive manner," and the deponent may be instructed not to answer "only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4) [to seek a protective order or limitation during the course of the deposition]." The grounds for a motion under Rule 30(d)(4) are a showing that the deposition is being conducted in bad faith or "in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party." None of the grounds provided in Fed.R.Civ.P. 30(d) serve to justify an instruction not to answer based on counsel's belief that the question is outside the scope of relevance. To the contrary, even when objections are raised, "[e]vidence shall be taken subject to the objection." Fed.R.Civ.P. 30(c). As detailed in the transcript excerpts provided by Plaintiff, Defendant's counsel did not limit his instructions not to answer to privilege grounds. Accordingly,

these instructions were improper and the relevance objections are overruled. Plaintiff is entitled to ask again the questions for which Defendant's counsel gave an improper instruction not to answer, that is, an instruction based on any reason other than privilege or to enforce a limitation previously directed by the Court.

Objections to deposition questions on the ground of statutory or common-law privilege are generally waived if no such objection is timely made during the deposition. See Baxter v. Travelnol Labs., Inc. v. Abbott Labs, 117 F.R.D. 119, 119 (N.D. Ill. 1987) ("delay in claiming the privilege may result in a waiver"); Schwartzer, Tashima & Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2007), at § 11:1553 (attorney-client and work product privileges waived if not timely asserted in deposition). There is no bright-line rule, however, with respect to waiver of the Constitutional Fifth Amendment privilege against self-incrimination.

Defendant argues that this Court should not find waiver because the Fifth Amendment privilege is "not to be lightly inferred," and argues that to be effective, a waiver of the privilege must be certain and unequivocal. See Def'ts' Supp. Mem. in Opp. of Plaintiff's Mot. to Compel, at 5-6 (citing Smith v. United States, 337 U.S. 137, 150 (1949) and United States v. Steffen, 103 F.Supp. 415 (N.D.Cal. 1951)). However, the law is clear that the privilege "is not ordinarily self-executing and must be affirmatively claimed by a person whenever self-incrimination is threatened." See United States v. Anderson, 79 F.3d 1522, 1427 (9th Cir. 1996 ) (citations omitted).

Defendant argues that by failing to raise the privilege for particular questions which he did not answer on grounds of relevance, while at the same time asserting it for hundreds of other questions, Defendant Lazarenko "intended only to point out the impropriety of certain overreaching questions, and not to relinquish his constitutional rights." Def'ts' Supp. Mem. at 6. Defendant argues that the Court should apply the Klein test to evaluate whether Lazarenko has waived his Fifth Amendment privilege by examining testimonial statements. See Klein v. Harris, 667 F.2d 274, 287 (2d Cir. 1981) (applying a two-prong test for inferring from prior testimony a waiver of the Fifth Amendment privilege).

As this Court discussed in its December 22, 2006 Order in this matter, the Klein two-prong test has not been expressly adopted in the Ninth Circuit. Moreover, the Klein test is not directly

applicable here. Klein evaluates whether prior statements preclude a witness from asserting the Fifth Amendment privilege as to those subject areas in subsequent proceedings. Klein does not examine the question at issue here: whether a failure to assert a Fifth Amendment privilege in response to a deposition question waives the privilege. But neither do the cases in which inadvertent waiver was found where a party testified instead of asserting the privilege. This Court can find no case holding that a failure to assert the Fifth Amendment privilege in deposition, while refusing to respond to the question on other grounds, constitutes a waiver of that Fifth Amendment privilege. Klein is instructive, however, in its reminder that "a 'testimonial waiver' is not to be lightly inferred, and the courts accordingly indulge every reasonable presumption against finding a testimonial waiver." Klein v. Harris, 667 F.2d at 287 (citations omitted). Accordingly, where Defendant raised only the objection of relevance and not any privilege such as the Fifth Amendment privilege against self-incrimination in response to deposition questions, he has not waived the opportunity to raise the Fifth Amendment privilege in response to those questions when the deposition is reopened. Defendant is warned, however, to respond or assert the privilege on a question-by-question basis when deposition is reopened. Further flouting of the Rules of Civil Procedure will result in sanctions.

As to the Fifth Amendment objections challenged by the plaintiff, for the most part the Court determines that they were properly raised in view of the high level of protection provided by the privilege against self-incrimination. See Doe v. Glazner, 232 F.3d 1258, 1263 (9th Cir. 2000) ("the privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution and also covers those circumstances where the disclosures would not be directly incrimination, but could provide an indirect link to incriminating evidence.") (internal quotations omitted); December 22, 2006 Order at 3. The Court agrees with Defendant that the dismissed counts of the indictment cannot be neatly severed from the remaining counts such as to make answering questions about subjects that Plaintiff contend relate only to the former of no potential danger of further incrimination as to the latter. Nor can the time frame be neatly segregated. The Court overrules, however, the assertions of privilege as to the publicly-known answers to the questions of whether Lazarenko had ever been arrested by the Swiss government or ever posted bail in

United States District Court
For the Northern District of California

Switzerland, which do not implicate the Fifth Amendment because they bear no risk of further incrimination. Answering these questions will not waive the right to assert the Fifth Amendment privilege as to other different questions.

At the hearing, the Court instructed Plaintiff, if he contended that other questions were similarly seeking information not subject to the privilege, to submit by July 12, 2007 a further list of similar questions for the Court to determine if any additional questions may be re-asked when the deposition is reopened. The Court allowed Defendant until July 13, 2007 to defend its response to any question on Plaintiff's list for which Defendant believes the Fifth Amendment privilege assertion was proper, or the relevance or other objection was founded. Plaintiff submitted additional challenges to the Court on July 12, 2007. Defendant filed a response on July 13, 2007. Accordingly, the Court will issue a separate order.

Plaintiff also challenged the sufficiency of Defendant's document production, arguing that Defendant failed to comply with Court orders to produce documents before Defendant's deposition. Defendant responded at the hearing that he produced all the documents he had that were responsive, other than the information provided to the government under the protection of a proffer agreement, which will be not be produced unless Judge Chesney sustains the objections to the Court's June 8, 2007 Order Denying Request for Partial Reconsideration.

At the hearing, Defendant and Defendant's counsel were ordered to each file a declaration pursuant to the Court's Standing Order re Discovery, confirming in writing that all documents responsive to Plaintiff's requests, as modified by the Court's orders, that are locatable after a diligent search of all locations at which such materials might plausibly exist, have been produced to the extent the documents are not privileged or being withheld due to treaty or other confidentiality obligations. These declarations were filed on July 13, 2007.

As to documents that have been withheld, Defendant is ordered to produce a log, on a category-by-category basis rather than a document-by-document basis. The log shall also be produced within two weeks of the date of this Order. If Plaintiff wishes to challenge the documents withheld, Plaintiff may file a motion to compel the challenged documents within 14 days of the date the log is produced.

**United States District Court**
For the Northern District of California

**IT IS SO ORDERED.**

Dated: August 2, 2007

Elizabeth D. Laporte

ELIZABETH D. LAPORTE
United States Magistrate Judge