IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO,<br><br>    Plaintiff,<br><br>  v.<br><br>KIRITCHENKO ET AL,<br><br>    Defendant._____/ | No. C-99-03073 MMC (EDL)<br><br>**ORDER GRANTING IN PART MOTION TO COMPEL FURTHER DEPOSITION OF DEFENDANT LAZARENKO** |

Plaintiff moved to compel Defendant Lazarenko to appear for further deposition on the basis that Defendant improperly asserted the Fifth Amendment privilege against self-incrimination and that counsel improperly instructed the witness not to answer. Plaintiff initially challenged Defendant's assertion of privilege to 536 deposition questions, submitting a list of deposition excerpts along with Plaintiffs' Motion to Compel. See Motion to Compel, Ex. A, passim.[1] At the July 10, 2007 hearing on the motion, the Court ruled from the bench that certain questions were not privileged under the Fifth Amendment, such as whether Lazarenko had ever been arrested by the Swiss government or ever posted bail in Switzerland, or other publicly available information. In its subsequent Order, the Court granted in part and denied in part Plaintiff's motion, stating:

> As to the Fifth Amendment objections challenged by the plaintiff, for the most part the Court determines that they were properly raised in view of the high level of protection provided by the privilege against self-incrimination. See Doe v. Glazner, 232 F.3d 1258, 1263 (9th Cir. 2000) ("the privilege against self-incrimination does not depend upon the likelihood, but upon the possibility of prosecution and also covers those circumstances where the disclosures would not be directly incrimination, but could provide an indirect link to incriminating evidence.") (internal quotations omitted); December 22, 2006 Order at 3. The

---

[1] Although Plaintiff listed 536 assertions of privilege in its submission to the Court. Plaintiff apparently withdrew its challenges to some of these, noting in its submission to the Court that the "Fifth Amendment claim [is] uncontested" for several of the 536 questions listed in that submission. See Motion to Compel, Ex. A. The Court's discussion applies to Plaintiff's remaining challenges.

> Court agrees with Defendant that the dismissed counts of the indictment cannot be neatly severed from the remaining counts such as to make answering questions about subjects that Plaintiff contend relate only to the former of no potential danger of further incrimination as to the latter. Nor can the time frame be neatly segregated. The Court overrules, however, the assertions of privilege as to the publicly-known answers to the questions of whether Lazarenko had ever been arrested by the Swiss government or ever posted bail in Switzerland, which do not implicate the Fifth Amendment because they bear no risk of further incrimination. Answering these questions will not waive the right to assert the Fifth Amendment privilege as to other different questions.

August 2, 2007 Order at 6:17-7:3. Other than the specific questions identified in its Order, the Court took Plaintiff's remaining challenges under submission to determine whether Defendant's assertion of the Fifth Amendment privilege was proper.

In addition to the list of challenges Plaintiff initially submitted with its motion, the Court granted Plaintiff leave to submit by July 12, 2007 a further list of questions similar to those that the Court had already identified as not privileged, if Plaintiff contended there were any. The Court allowed Defendant until July 13, 2007 to defend its response to any question on Plaintiff's list for which Defendant believed the Fifth Amendment privilege assertion was proper, or believed that the relevance or other objection was founded. Plaintiff submitted additional challenges to the Court on July 12, 2007, and Defendant filed a response on July 13, 2007. After fully reviewing the papers and the deposition excerpts submitted for review, the Court hereby grants in part Plaintiffs' motion to compel as follows.

**Legal Standard**

The Fifth Amendment privilege against self-incrimination provides a high level of protection in that it protect disclosures that only indirectly provide a link to incriminating evidence. See Doe v. Glazner, 232 F.3d 1258, 1263 (9th Cir. 2000) (internal quotations omitted). "The trial court must make this determination from the facts as well as from 'his personal perception of the peculiarities of the case.'" See Baker v. Limber, 647 F.2d 912, 916 (9th Cir. 1981) (citing Hoffman v. United States, 341 U.S. 479, 487 (1951)). And, "[t]o sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result." Id.

//

**Discussion**

Plaintiff challenged Defendant's assertion of the Fifth Amendment privilege against self-incrimination for three primary reasons: that the information was already in evidence and could not therefore further incriminate Defendant ("known to [the] U.S. government"), that prosecution about a particular subject would be barred by the statute of limitation ("Time lapse"), or that the Court dismissed the count encompassing the subject matter of the question ("Scheme dismissed with prejudice on Rule 29"). Id. The questions for which Plaintiff challenged Defendant's assertion of privilege fall generally within the following categories: Defendant's recognition of signatures or documents, knowledge of persons or companies, ownership of companies' stock, ownership of bank accounts or properties, knowledge of or participation in financial transactions, and knowledge of conversations with or actions by alleged co-conspirators. The Court sustains Defendant's assertion of the Fifth Amendment privilege as to these categories of questions. A response to questions in any of these categories could provide a link to evidence and accordingly could possibly incriminate Defendant. See Doe, 232 F.3d at 1263.

By contrast, a handful of questions seek only objective factual information that is publicly available. Using the numbering from Plaintiffs' submission, these are:

1. Have you ever been arrested by the Swiss government?
2. Prior to coming to the United States, did you post bail in Switzerland?
5. [D]id the Ukrainian Supreme Council ever vote to strip you of immunity insofar as you know?
6. [W]as one of the actions that the Ukrainian Supreme Council voted [for was] to lift your immunity?
300. Do you know if you're wanted by Interpol?
385. [D]id you ever live at 2 Voroshilova Street?
446. [D]id you ever own any real estate in the Ukraine?
452. Did you in 1996 or 1997 live at Desyatina D-e-s-y-a-t-i-n-a, Street?
453. Did you have a telephone number of – in 1996 or '97, of 291-7483?

Id. These questions could not provide a link to evidence that could incriminate Defendant in a way

3

1  that would not be possible without Defendant's testimony.  Accordingly, Defendant's assertion of
2  the Fifth Amendment privilege is overruled, and Defendant shall respond to these specific questions
3  when the deposition is re-opened.

4      In addition to Plaintiffs' original submission, Plaintiff submitted a supplemental list of
5  sixteen additional questions Plaintiff contended could be answered without implicating the Fifth
6  Amendment.  The list of new questions contains exactly the sort of objective, verifiable information
7  that could not possibly incriminate Defendant.  Defendant objects that eleven of the sixteen
8  questions on the list (2, 3, 5, and 9-16) were never asked at deposition.  Defendant concedes,
9  however, that questions 1 and 4 "reasonably approximate questions that were actually asked at
10 Defendant's deposition and met with a Fifth Amendment objection."  Def't's Supp. Mem. in Opp'n
11 to Pltf's Mot. to Compel, at 2:11-12.  And Defendant concedes that questions 6, 7, and 8 "bear some
12 relationship to questions actually asked at the deposition," id. at 2:14-15, although Defendant states
13 that only one sub-part of the compound question 7 was asked at deposition.

14     The Court did not invite Plaintiff to submit new, additional questions; the Court only
15 permitted Plaintiff to supplement his list of questions asked at Defendant's May 14-16, 2007
16 deposition for which Plaintiff believed the assertion of the Fifth Amendment was improper.
17 Accordingly, the Court denies Plaintiffs' request to compel Defendant to respond to new questions
18 2, 3, 5, and 9 through 16, which were not previously asked in any form at deposition.  Further, the
19 Court denies Plaintiffs' request to compel Defendant to respond to new questions 1 and 4 because
20 the Court has already identified these questions' analogue in the questions listed above and
21 overruled Defendant's assertion of privilege for those questions.

22     As to new questions 6, 7, and 8, which are similar to questions previously asked at
23 deposition, Defendant objected to these questions on grounds of attorney-client privilege as well as
24 the Fifth Amendment privilege.  Defendant contends that the attorney-client privilege is implicated
25 by these questions "since Defendant was incarcerated his only source of information about various
26 legal proceedings would necessarily have been his attorneys or their agents."  Id. at 2:15-18.
27 New questions 6, 7, and 8 are as follows:
28     6.    Have you been charged in Antigua and Barbuda, if so, when and on what

4

charges?

7. Have you been interviewed by the U.S. law enforcement, if so, on what dates and by which interrogating authorities, with the names and positions of the questioning officials, on each occasion?

8. Have you signed any agreements with the U.S. government, including on the non-use of your proffered statements and evidence in criminal cases against you?

The Court overrules Defendant's assertion of the attorney-client privilege to these questions. In addition, the Court overrules Defendant's assertion of the Fifth Amendment privilege as to these questions because they would not further incriminate Defendant. The Court therefore grants Plaintiffs' request to compel Defendant to respond to "new" questions 6, 7, and 8.

**Conclusion**

Accordingly, the Court overrules Defendant's assertion of the Fifth Amendment privilege against self-incrimination only as to the specific questions listed above, numbered 1, 2, 5, 6, 300, 385, 446, 452, and 453 in Plaintiff's original submission. In addition, as to "new" questions 6, 7, and 8 in Plaintiff's supplemental submission, which apparently bear some relationship to actual deposition questions, the Court overrules the assertion of both the attorney-client privilege and the Fifth Amendment privilege against self-incrimination. Plaintiff may reopen the deposition of Lazarenko in person for up to two (2) hours, to ask the specific questions identified above. In the alternative, Plaintiff may elect to conduct the two hours of deposition telephonically, or may ask the specific questions listed above by deposition upon written questions pursuant to Rule 31 of the Federal Rules of Civil Procedure. If done in person or telephonically, the parties are ordered to promptly meet and confer to find a mutually agreeable time to conduct the deposition, which shall be completed not later than September 14, 2007. If done upon written questions, Plaintiff shall serve the specific deposition questions listed above not later than September 7, 2007, and Defendant shall respond not later than September 14, 2007.

**IT IS SO ORDERED.**

Dated: August 27, 2007

ELIZABETH D. LAPORTE
United States Magistrate Judge