IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT COMPANY,<br><br>　　　　Plaintiff,<br>　v.<br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br>　　　　Defendants<br>　　　　　　　　　　　　　　　　　／ | No. C-99-3073 MMC (EDL)<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE MOTION TO EXCEED VOLUME OF MOTION UNDER RULE 59(e); DENYING AS MOOT PLAINTIFF'S ADMINISTRATIVE MOTIONS TO FILE DOCUMENTS UNDER SEAL AND FOR PROTECTIVE ORDER; DIRECTIONS TO CLERK** |

　　　　Before the Court is "Plaintiff's Administrative Motion to Exceed Volume of Motion Under Rule 59(e)," filed September 18, 2007, and opposition thereto.

　　　　Plaintiff seeks to exceed this District's 25-page limitation, see Civil Local Rule 7-2(b), assertedly in order to file a 35-page memorandum of points and authorities, see Pl.'s Admin. Mot. to Exceed Volume at 1:22-23, in support of plaintiff's "Motion Pursuant to Rule 59(e) to Alter, Amend, and/or Rescind Summary Judgment dated September 7, 2007 and to Proceed to Scheduled Trial or in the Alternative for Stay and to Grant Application for Letters Rogatory to Ukraine" (hereinafter "Motion Pursuant to Rule 59(e)").  Contrary to plaintiff's characterization, plaintiff's proposed argument far exceeds the 35-page memorandum.  The memorandum is accompanied by a 12-page "Affidavit" with 83 pages of "Exhibits," as well as three "Annexes" consisting of a total of 49 additional pages, which

Affidavit and Exhibits consist in great part of legal argument, in violation of the Civil Local Rules of this District. See Civil Local Rule 7-5(b) ("An affidavit or declaration may contain only facts . . . and must avoid conclusions and argument. . . . An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."). The Annexes contain two "Renewed Applications," specifically, an application for issuance of a letter of request for official records and an application for leave to file a joint statement of undisputed facts,[1] as well as a 37-page table presenting plaintiff's arguments with respect to alleged factual disputes. Together, the proposed motion and accompanying materials contain approximately 113 pages of argument.

Accordingly, plaintiff's "Administrative Motion to Exceed Volume of Motion Under Rule 59(e)" is hereby DENIED, and plaintiff's Motion Pursuant to Rule 59(e) filed September 18, 2007, along with the "Affidavit," "Exhibits," and "Annexes" accompanying said motion, is hereby STRICKEN from the record.

Plaintiff's related "Administrative Motion to File Documents Under Seal," filed September 19, 2007, by which plaintiff requests leave to file under seal portions of three additional affidavits offered in support of plaintiff's Motion Pursuant to Rule 59(e), and plaintiff's "Administrative Motion for Protective Order with regard to Portions of Documents Filed under Seal," filed September 28, 2007, are hereby DENIED as moot.[2]

//
//
//
//

---

[1] The Court previously denied plaintiff's original application for issuance of a letter of request for official records, see Order filed May 17, 2004, and original application for leave to file a joint statement of undisputed facts, see Order filed February 7, 2006.

[2] Additionally, if plaintiff, in the future, seeks to file documents under seal, plaintiff must comply with Civil Local Rule 79-5(a); in particular, any request for a sealing order must establish "that the document, or portions thereof, is privileged or protectable as a trade secret or otherwise entitled to protection under the law" and "must be narrowly tailored to seek sealing only of sealable material." See Civil L.R. 79-5(a).

The Clerk is hereby DIRECTED to follow the procedure set forth in Civil Local Rule 79-5(e).

**IT IS SO ORDERED.**

Dated: October 11, 2007

MAXINE M. CHESNEY
United States District Judge

3