IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO,<br><br>             Plaintiff,<br><br>    v.<br><br>KIRITCHENKO ET AL,<br><br>             Defendant.<br>_____/ | No. C-99-03073 MMC (EDL)<br><br>**ORDER GRANTING MOTION TO RELEASE ATTACHMENTS** |

## I.   INTRODUCTION

Plaintiff Universal Trading Co. ("UTI" or "Plaintiff") filed this action in June of 1999 against Defendants Petro Kiritchenko ("Kiritchenko"), Pavlo Lazarenko ("Lazarenko") and other defendants ("Defendants") under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. §§ 1961 et seq.  Plaintiff alleges that Defendants have engaged in racketeering, money laundering, wire transfers, bribery, and corruption and have brought into the United States and laundered the illegally-acquired proceeds of such acts.  In July of 1999, UTI moved to attach over $22 million worth of property owned by various defendants, including defendant Brancross U.S. Holdings ("Brancross").   On February 2, 2000, the Honorable Charles Legge issued attachments. Pursuant to that order, seven parcels of improved and unimproved real estate have been attached over seven years, and three additional parcels of improved real estate have been attached over three years.  There is a $7500 bond for the properties attached in 2000, and a $10,000 bond for the properties attached in 2004.  Their motion for release of attachments is brought by the Kiritchenkos, Brancross, BRC Property Holdings LLC, Xanadu Property Holdings, LLC, and ABS Trading, Inc. ("Kiritchenko Defendants").

The District Court granted summary judgment in Defendants' favor on September 7, 2007, holding that UTI lacks standing to bring this suit. The Clerk entered judgment on September 10, 2007, ordering that Defendants' summary judgment motion was granted and that Plaintiff's motion to supplement the record was granted. On September 18, 2007, Plaintiff filed a motion to "alter amend and/or rescind the judgment." When the Court granted summary judgment based on Plaintiff's lack of standing, discovery had closed. The Kiritchenko Defendants had also moved for summary judgment on the ground that there was no admissible evidence that the attached properties were acquired with funds that Mr. Lazarenko allegedly misappropriated form the Ukraine, as opposed to purchases with profits from his own business. The motion was mooted by the summary judgment based on standing.

## II.   ANALYSIS

### A.   Legal Standard

The Court follows California law with respect to the attachments. Fed. R. Civ. Pro. 64. Provisions relating to attachments are "strictly construed" because attachments involve the loss of property rights before adjudication of claims. <u>Barceloux v. Dow</u>, 174 Cal. App. 2d 170, 174 (1959).

Under California law, an attachment is released when a judgment is entered in defendant's favor unless the plaintiff takes certain steps to keep the attachment in place. Specifically, under Cal. Code Civ. Pro. § 488.740:

> If the defendant recovers judgment against the plaintiff and no timely motion for vacation of judgment or for judgment notwithstanding the verdict or for a new trial is filed and served and is pending and no appeal is perfected and undertaking executed and filed as provided in Section 921, any undertaking received from the defendant in the action, all the proceeds of sales and money collected by the levying officer, and all the property attached remaining in the levying officer's hands shall be delivered to the person from whom it was collected or taken, unless otherwise ordered by the court; and the court shall order the discharge of any attachment made in the action and the release of any property held thereunder.

An appeal by a party who has levied an attachment does not continue in force the attachment unless an "undertaking is executed on the part of the appellant that the appellant will pay all costs and damages which the respondent may sustain by reason of the attachment . . . and unless, within

2

1  five days after written notice of the entry of the order appealed from, the appeal is perfected." Cal.
2  Code Civ. Pro. § 921.  Nor does the pendency or granting of a motion by "plaintiff for vacation of
3  judgment or for judgment notwithstanding the verdict or for new trial . . . continue an attachment in
4  force unless an undertaking is given by the plaintiff to pay all costs and damages sustained by
5  continuing the attachment." Cal. Code Civ. Pro. § 489.410.

6        B.      Release of Attachments

7  Here, UTI has not perfected an appeal within the required time frame; has not filed a motion
8  for vacation of judgment, judgment not withstanding the verdict, or new trial; and has not filed an
9  additional bond.  Under Cal. Code Civil Pro. § 921, UTI is required to perfect an appeal "within five
10 days after written notice of entry of the order appealed from."  Defendants gave UTI written notice
11 of the Court's order granting summary judgment on September 10, 2007.  UTI did not file an appeal
12 within five days (according to the docket, the appeal was not filed until October 15, 2007).  Nor did
13 UTI file the required bond under Cal. Code Civ. Pro. § 921.

14 UTI has not filed any of the three post-trial motions enumerated in Cal. Code Civ. Pro.
15 § 488.740.  UTI filed a motion to alter or amend the judgment pursuant to Rule 59(e), which is not
16 one of the enumerated motions.  But even if UTI's motion were construed as a "motion for vacation
17 of judgment," UTI has not complied with the statutory requirements for maintaining the
18 attachments.  For the attachment to continue in effect, plaintiff must given an undertaking to pay all
19 costs and damages sustained by continuing the attachment pursuant to the procedure set forth in
20 California Code of Civil Procedure § 921.  Cal. Code Civ. Pro. § 489.410(c).  The amount of this
21 undertaking "shall be such amount as is fixed by the trial court on motion of the respondent as
22 provided in Section 489.410 and if no such order has been made, the undertaking shall be in double
23 the amount of the debt claimed by the appellant." Cal. Code Civ. Pro. § 921.  UTI therefore needed
24 to file a bond double the amount of debt claimed by UTI.  UTI has not posted any bond, much less
25 in the amount required given that it sought to recover from the Kiritchenko Defendants revenues
26 exceeding $30 million.  See, e.g., Second Amended Complaint ¶ 225.  UTI does not contend that it
27 posted any such bond.  In fact, UTI did not even address any of these procedural requirements in its
28 opposition.  In light of UTI"s failure to comply with the requirements to maintain the attachments,

3

1  the attachments on the moving Kiritchenko Defendants' property must be set aside.

2      In addition, Defendants have also moved to release the attachment under California Code of
3  Civil Procedure § 485.240(a), and Plaintiffs, therefore, must show the "probable validity" of its
4  claims under Cal. Code Civ. Pro. § 484.090.  Given the fact that the District Court dismissed UTI's
5  claims for lack of standing, Plaintiff has not met this burden here.  While UTI notes that it is now
6  challenging that Order via post-judgment motions, the summary judgment ruling is still the law of
7  this case.

### III.   CONCLUSION

    In accordance with the foregoing, the Kiritchenko Defendants' Motion for Release of Attachments is GRANTED.  It is FURTHER ORDERED that the Court sets aside and releases any writs of attachment obtained by UTI on the January 2000 writs of attachment on the seven properties owned by the Kiritchenko Defendants and the May 2004 writs of attachment on the three properties owned by the Kiritchenko Defendants referenced in footnote 2 of the Kiritchenko Defendants' Motion, as well as the bank accounts containing the proceeds from the sale of the Wilshire property and the one unit of the Jackson Street property.

Dated: December 7, 2007

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge