IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO,<br><br>Plaintiff,<br><br>v.<br><br>KIRITCHENKO ET AL,<br><br>Defendant. | No. C-99-03073 MMC (EDL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

Plaintiff Universal Trading Co. ("Plaintiff") has moved for leave to file a motion for reconsideration of this Court's December 7, 2007 Order granting Defendants' Motion for Release of Attachments. The background to Defendant's Motion for Release of Attachments is set out in the Court's December 7, 2007 Order.

Under Civil Local Rule 7-9(b), a party moving for leave to file a motion for reconsideration must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was previously presented to the Court, and that the party exercised due diligence but did not know such fact or law at the time of the Court's order for which reconsideration is sought; (2) emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court. Because Plaintiff has not met any of these requirements, its motion is DENIED.

Plaintiff makes a number of procedural arguments as to why the attachment should not be released under the California Civil Procedure Code. Because Plaintiff did not make any of these arguments before, the Court cannot properly consider them, as these arguments could have been raised by Plaintiff in opposition to the motion. Even if the Court could consider such arguments,

they have no merit. Plaintiff argues that its motion pursuant to Federal Rule of Civil Procedure 59(e) to alter, amend, or reconsider summary judgment ("Motion to Alter") should be considered one of the motions enumerated in California Code of Civil Procedure § 488.740 which can forestall the release of attachments. Plaintiff also argues that because it filed a Motion to Alter, its notice of appeal is not operative, so it did not need to perfect its appeal to maintain the attachment. These arguments are irrelevant. Judgment was entered on September 10, 2007 in favor of Defendants. See Docket No. 1689. Defendants gave Plaintiff written notice of the judgment on September 10, 2007. Even assuming that Plaintiff's Motion to Alter was an enumerated motion which could prevent the discharge of an attachment, as noted in the Court's prior Order, Plaintiff had to give an undertaking to maintain the attachment under California Code of Civil Procedure § 489.410(c), which it did not do. See also 6 Witkin, Califonia Procedure § 219 (4th ed. 2007). Plaintiff also argues that no such undertaking was required because Defendants did not move to increase the amount of the original attachment bond. However, no such motion was required under California Code of Civil Procedure § 921, which provides that the amount of the undertaking shall be the amount fixed by the trial court on motion of the defendant *or* shall be double the debt claimed by appellant. See also id. § 218 ("amount of undertaking on appeal is the amount ordered by the trial court on the defendant's motion . . . or, if no order is made, twice the amount of the debt claimed by the plaintiff").

Because Plaintiff did not follow the above procedures, its other arguments are irrelevant. The fact that Plaintiff has filed a motion to amend its complaint post-judgment is immaterial, as it does not affect the fact that judgment was entered and no undertaking was made. In addition, the decision of whether or not to allow Plaintiff to amend its complaint lies in the sound discretion of the District Court. Plaintiff's claim that the Court's September 7, 2007 Summary Judgment Order was in error is repetitive of its previous argument which the Court already considered in its prior Order. In accordance with the foregoing, Defendants' Motion is DENIED.

Dated: December 21, 2007

*Elizabeth D. Laporte*
_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

2