IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT COMPANY,<br><br>        Plaintiff,<br>  v.<br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br><br>        Defendants<br>_____ / | No. C-99-3073 MMC (EDL)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REFILE, RULE 59(e) MOTION, APPLICATION FOR LETTER OF REQUEST, MOTION TO ALTER, MOTION FOR LEAVE OF APPEAL, REQUEST FOR DOCUMENTS, AND MOTION TO AMEND; VACATING HEARING** |

      Before the Court are seven motions filed by plaintiff: (1) "Administrative Motion to Refile Papers of the Motion" ("Motion to Refile"), filed October 12, 2007[1]; (2) "Motion Pursuant to Rule 59(e) to Alter, Amend and/or Reconsider Summary Judgment Dated September 7, 2007 and to Proceed to Trial or in the Alternative for Stay" ("October 12 Rule 59(e) Motion"), filed October 12, 2007[2]; (3) "Renewed Application for the Issuance of a

---

[1] Defendants Peter, Izabella, and Ludmilla Kiritchenko, Bancross U.S. Holdings, Inc., BRC Property Holdings, LLC, Xanadu Property Holdings, LLC, and ABS Trading, Inc. (collectively, "Kiritchenko defendants") filed opposition to said motion; Defendant Michael Menko filed a joinder thereto.

[2] The Kiritchenko defendants filed opposition to said motion; Defendant Michael Menko filed a joinder therein. Plaintiff filed a reply. Additionally, in connection with an administrative motion for protective order, previously filed by plaintiff, the Court permitted plaintiff to file certain documents in the public record and, upon such filing, afforded

Letter of Request for Official Records" ("Application for Letter of Request"), filed October 12, 2007[3]; (4) "Supplemental Motion to Alter Order, Dated October 11, 2007" ("Motion to Alter"), filed October 19, 2007[4]; (5) "Petition and/or Motion for Leave of Appeal Involving Controlling Questions of Law and Motion for Preliminary Injunction" ("Motion for Leave of Appeal"), filed October 26, 2007[5]; (6) "Administrative Request for Leave and Supplemental Request for Orders to Produce Documents in Connection with Affidavits Filed on November 19, 2007 and Pending Motion Pursuant to Rule 59(e)," ("Request for Documents"), filed November 19, 2007[6]; and (7) "Motion Pursuant to Rule 15(b) & (d) to Amend Pleading to Conform to the Evidence; to Supplement Pleadings with Additional Evidence; and Submission of Verified (Proposed) Third Amended Supplemental Complaint," ("Motion to Amend"), filed December 7, 2007.[7]

Having reviewed the parties' respective submissions, the Court finds the matters appropriate for resolution without oral argument, see Civil L.R. 7-1(b), hereby VACATES the January 11, 2008 hearing on plaintiff's Motion to Amend, and rules as follows.[8]

**A.    Procedural Background**

By order filed September 7, 2007, the Court granted defendants' motion for summary judgment. (See Order Granting Defendants' Motion for Summary Judgment Re:

---

defendants the opportunity to file a supplemental opposition and plaintiff the opportunity to file a supplemental reply thereto.

[3] The Kiritchenko defendants filed opposition to said application; Defendant Michael Menko filed a joinder thereto. Plaintiff filed a reply.

[4] The Kiritchenko defendants filed opposition to said motion; Defendant Michael Menko filed a joinder thereto. Plaintiff filed a reply.

[5] The Kiritchenko defendants filed opposition to said motion; Defendant Michael Menko filed a joinder thereto. Plaintiff filed a reply.

[6] Defendant Lazarenko filed opposition to said request.

[7] The Kiritchenko defendants filed opposition to said motion; Defendant Michael Menko filed a joinder thereto. Plaintiff filed a reply.

[8] To the extent hearings were noticed on the other matters, those hearings were previously vacated.

1 Standing at 34:23.)  On September 10, 2007, the Clerk entered judgment thereon.  On
2 September 18, 2007, plaintiff filed an "Administrative Motion to Exceed Volume of Motion
3 Under Rule 59(e)" ("Motion to Exceed Volume") and, in conjunction therewith, a "Motion
4 Pursuant to Rule 59(e) to Alter, Amend, and/or Rescind Summary Judgment Dated
5 September 7, 2007 and to Proceed to Scheduled Trial or in the Alternative for Stay and to
6 Grant Application for Letters Rogatory to Ukraine" ("September 18 Rule 59(e) Motion"),
7 which motion exceeded this District's 25-page limitation for motions.  (See Civil L.R. 7-
8 2(b).)

On October 11, 2007, the Court denied plaintiff's Motion to Exceed Volume and struck the noncompliant document from the record.  (See Order Denying Plaintiff's Administrative Motion to Exceed Volume of Motion Under Rule 59(e) at 2:11-13.)

On October 12, 2007, plaintiff filed the instant Motion to Refile, wherein plaintiff seeks leave "to refile documents pertaining to the [September 18 Rule 59(e) Motion]."  (See Mot. to Refile at 1:22-23.)  On that same date, plaintiff also filed its October 12 Rule 59(e) Motion, a related motion for a protective order, which the Court subsequently denied, (see Order filed November 14, 2007), and the Application for Letter of Request.

On October 15, 2007, plaintiff filed a Notice of Appeal "from the Summary Judgment Order made on September 7, 2007, and from the Denial of Administrative Relief to Exceed Volume and other relief dated October 11, 2007."  (See Notice of Appeal filed October 15, 2007 at 1:26-28.)

Thereafter, plaintiff filed, on the dates set forth above, its Motion to Alter, Motion for Leave of Appeal, Request for Documents, and Motion to Amend.

**B.   Motion to Refile**

In its Motion to Refile, plaintiff seeks, in essence, the Court's approval of its filing the October 12 Rule 59(e) Motion.

A motion for relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure must be filed within 10 days of entry of judgment.  See Fed. R. Civ. P. 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.")

3

In the instant case, judgment was entered on September 10, 2007, (see Judgment in a Civil Case, filed September 10, 2007), and, consequently, any motion under Rule 59(e) was required to be filed no later than September 24, 2007. Plaintiff's October 12 Rule 59(e) Motion is not timely as it was filed well beyond the 10-day period provided for the filing of such motions, and the Court may not extend the 10-day period. See Fed. R. Civ. P. 6(b) (providing district court "may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d), and (e), and 60(b), except to the extent and under the conditions stated in them");[9] see also Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir. 1984) (holding 10-day period for filing Rule 59(e) motion "cannot be extended by the Court").

To the extent plaintiff suggests its filing of the September 18 Rule 59(e) Motion served to preserve its right to file the October 12, 2007 Rule 59(e) Motion, plaintiff submits no argument, let alone authority, in support thereof.

Accordingly, the Motion to Refile is hereby DENIED.

**C.     October 12 Rule 59(e) Motion**

As stated above, plaintiff's October 12, 2007 Rule 59(e) Motion was not filed within 10 days of entry of judgment, and, consequently, is untimely under Rule 59(e). See Fed. R. Civ. P. 59(e).

Alternatively, assuming, arguendo, the October 12, 2007 Rule 59(e) Motion were not barred as untimely, the Court, having considered the motion on its merits, finds plaintiff has failed to show it is entitled to relief pursuant to Rule 59(e). As the Kiritchenko defendants note, plaintiff fails to: (a) present "newly discovered evidence," (b) demonstrate the Court "committed clear error or the initial decision was manifestly unjust," or (c) show "an intervening change in controlling law." See Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (setting forth grounds for relief under Rule 59(e)).

Accordingly, the October 12 Rule 59(e) Motion is hereby DENIED.

---

[9] Rule 59(e) does not provide for any extension of the 10-day period. See Fed. R. Civ. P. 59(e).

4

**D. Application for Letter of Request, Motion to Alter, Motion for Leave of Appeal, Request for Documents, and Motion to Amend**

To the extent the Application for Letter of Request, Motion to Alter, Request for Documents, and Motion to Amend may be considered as support for, and in connection with, plaintiff's October 12 Rule 59(e) Motion, the Court, as set forth above, has found the October 12 Rule 59(e) Motion is both untimely and lacking in merit, and, accordingly, said matters will be denied on the same grounds. To the extent the four matters may be considered, as separate and distinct from plaintiff's October 12 Rule 59(e) Motion, said matters, as well as plaintiff's Motion for Leave of Appeal, will be denied for lack of jurisdiction, as set forth below.

As noted, plaintiff filed a Notice of Appeal on October 15, 2007, wherein plaintiff states it "appeals from the Summary Judgment Order made on September 7, 2007, and from the Denial of Administrative Relief to Exceed Volume and other relief dated October 11, 2007." (See Notice of Appeal at 1:26-28.)

"The filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed." Davis v. U.S., 667 F.2d 822, 824 (9th Cir. 1982). The district court retains jurisdiction, however, if a timely motion under Rule 59(e) is pending at the time a notice of appeal is filed. See Fed. R. App. P. 4(a)(4)(B)(i)[10]; see also Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir. 1983) (holding "notice of appeal is jurisdictionally ineffective if filed before disposition of a Rule 59(e) motion to alter or amend the judgment") (citing Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982)); Scott v. Younger, 739 F.2d at 1467 ("The filing of an untimely [Rule 59(e)] motion will not

---

[10] Federal Rule of Appellate Procedure 4(a)(4)(B)(i) provides:

> If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.

Fed. R. App. P. 4(a)(4)(B)(i). A motion "to alter or amend the judgment under Rule 59" is listed in Rule 4(a)(4)(A). See Fed. R. App. P. 4(a)(4)(A)(iv).

1 toll the running of the appeal period.").

2 Here, before plaintiff filed its Notice of Appeal, the Court issued its order denying
3 plaintiff's September 18 Rule 59(e) Motion, and, as set forth above, the Court has found
4 plaintiff's October 12 Rule 59(e) Motion to be untimely. Consequently, there was no timely
5 Rule 59(e) motion pending at the time plaintiff filed its Notice of Appeal on October 15,
6 2007, and on that date the Court lost jurisdiction to consider any aspect of the case
7 involved in the appeal. See Griggs, 459 U.S. at 58 (holding filing of notice of appeal
8 "divests the district court of its control over those aspects of the case involved in the
9 appeal"). As set forth below, plaintiff's Application for Letter of Request, Motion to Alter,
10 Motion for Leave of Appeal, Request for Documents, and Motion to Amend all seek relief
11 related to aspects of the case involved in the appeal. See id.

12 In its Application for Letter of Request, plaintiff seeks the issuance of a letter of
13 request "addressed to the Central Authority of Ukraine," (see App. for Letter of Request at
14 1:27-28), in order to obtain "certified records of documents," (see id. at 1:28); plaintiff
15 asserts the Court's "Summary Judgment ruling relied on unauthenticated foreign
16 documents purporting to be official." (See Reply to Defs.' Opp'n to Pl.'s App. for Letter of
17 Request at 3:17.) Because plaintiff has appealed the summary judgment ruling at issue,
18 (see Notice of Appeal at 1:26-27), the Court lacks jurisdiction over the Application for Letter
19 of Request.

20 In its Motion to Alter, plaintiff asks the Court to reconsider its October 11, 2007
21 order, wherein the Court denied plaintiff's Motion to Exceed Volume. (See Mot. to Alter at
22 2:3-13.) Because plaintiff has appealed the October 11, 2007 order, (see Notice of Appeal
23 at 1:27-28), the Court lacks jurisdiction over the Motion to Alter.

24 In its Motion for Leave of Appeal, plaintiff seeks leave to appeal "the Summary
25 Judgment Order dated September 7, 2007" and "the October 11, 2007 Order," (see Mot. for
26 Leave of Appeal at 1:26-27), each of which is expressly referenced as a subject of plaintiff's
27 appeal, (see Notice of Appeal at 1:26-28), and, consequently, the Court lacks jurisdiction
28 over the Motion for Leave of Appeal.

| | |
|---|---|
| 1 | In its Request for Documents, plaintiff seeks to compel disclosure of documents plaintiff asserts are "relevant to plaintiff's standing," (see Req. for Docs. at 1:27), and, in its Motion to Amend, plaintiff seeks to amend the complaint based on new facts, "including facts concerning standing," (see Motion to Amend at 2:1). Plaintiff's standing is an "aspect[ ] of the case involved in the appeal." See Griggs, 459 U.S. at 58. As noted, plaintiff has appealed the Court's "Summary Judgment Order made on September 7, 2007." (See Notice of Appeal at 1:26-27.) That order was based on plaintiff's lack of standing. (See Order Granting Defendants' Motion for Summary Judgment Re: Standing at 33:5-7.) Consequently, the Court lacks jurisdiction over the Request for Documents and Motion to Amend. |

Finally, assuming, arguendo, the Court has jurisdiction to hear and decide each of the above five matters, given the Court's denial of the October 12 Rule 59(e) Motion, each of said matters is moot and, consequently, subject to denial on such ground.

Accordingly, the Application for Letter of Request, Motion to Alter, Motion for Leave of Appeal, Request for Documents, and Motion to Amend are, in each instance, hereby DENIED.

**IT IS SO ORDERED.**

Dated: January 10, 2008

MAXINE M. CHESNEY
United States District Judge