IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT COMPANY,<br><br>    Plaintiff,<br>v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br><br>    Defendants | No. C-99-3073 MMC (EDL)<br><br>**ORDER DENYING PLAINTIFF'S ADMINISTRATIVE REQUEST** |

Before the Court is plaintiff's Administrative Request, filed March 4, 2008, that the Court indicate its willingness to entertain a motion, to be brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, based on plaintiff's purported discovery of fraud upon the Court. On March 7, 2008, defendants Peter Kiritchenko, Izabella Kiritchenko, Ludmilla Kiritchenko, Bancross U.S. Holdings, Inc., BRC Property Holdings, LLC, Xanadu Property Holdings, LLC, and ABS Trading, Inc. (collectively, "Kiritchenko Defendants") filed opposition, in which defendants Pavel Lazarenko, Tamara Lazarenko, and Dugsbery, Inc. (collectively, "Lazarenko Defendants") and defendant Michael Menko ("Menko") have joined. On March 17, 2008, plaintiff filed "supplemental evidence," to which the Kiritchenko Defendants and Lazarenko Defendants, with leave of Court, each filed supplemental opposition, in which Menko joined.[1]

---

[1] In addition to the above-referenced documents, plaintiff subsequently filed, on April 1, 2008, a certified court judgment "and other evidence," and, on April 16, 2008, further "supplemental evidence." Thereafter, on April 24, 2008, the Lazarenko Defendants filed a

**DISCUSSION**

As noted, plaintiff argues the Court should entertain a motion for relief from the Court's September 7, 2007 order granting summary judgment in favor of defendants ("Summary Judgment Order"), based on "the discovery of fraud on the Court." (See Admin. Request at 1:5-6.) In particular, plaintiff asserts that the Lazarenko Defendants failed to disclose two relevant decisions rendered in Lazarenko's Ukrainian litigation: (1) a Ukrainian Supreme Court decision issued June 14, 2006 (hereafter, "Ukrainian Supreme Court Decision"), which decision reversed two Ukranian lower court rulings on which defendants relied in challenging plaintiff's standing, and remanded Lazarenko's case to the trial court, (see Pl.'s Appendix in Support of Pl.'s Admin. Request Ex. A); and (2) a Pechersk district court decision, issued November 30, 2006 upon remand, in which the trial court dismissed Lazarenko's claims without consideration, and without prejudice, based on Lazareko's counsel's failure to appear at two consecutive court hearings, (see id. Ex. B). Similarly, plaintiff contends, the Kiritchenko Defendants failed to disclose the above-referenced Ukrainian Supreme Court Decision, despite, plaintiff asserts, the Kiritchenko Defendants' having said decision translated into English on September 19, 2006. (See id. at 2:5-7.)

"In order to set aside a judgment or order because of fraud upon the court under Rule 60(b) . . . it is necessary to show an unconscionable plan or scheme which is designed to improperly influence the court in its decision." England v. Doyle, 281 F.2d 304, 309 (9th Cir. 1960) (citations omitted). Further, a finding of fraud on the court requires that "a 'grave miscarriage of justice'" have occurred. See Appling v. State Farm Mutual Automobile Ins. Co., 340 F.3d 769, 780 (9th Cir. 2003) (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)). Consequently, "[n]on-disclosure [of documents], or perjury by a

---

"further submission" in support of their opposition, to which filing plaintiff, on April 28, 2008, filed an objection.

The document filed on April 1, 2008, and each document filed thereafter, were filed without obtaining prior Court approval. See Civil L.R. 7-3(d) (providing, with exception of Statement of Recent Decision, "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval"). Although each of the documents is subject to being stricken on such ground, the Court will exercise its discretion and consider the documents and arguments contained therein.

1 party or witness, does not, by itself, amount to fraud on the court." Id. (citation omitted).

2 "[T]he burden is on the moving party to establish the fraud by clear and convincing evidence." England, 281 F.2d at 309-10. The "court places a high burden on a plaintiff seeking relief from a judgment based on fraud on the court." See Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1104 (9th Cir. 2006). "Liberal application [of the doctrine] is not encouraged, as fraud on the court should be read narrowly, in the interest of preserving the finality of judgments." Id.

    1. Lazarenko Defendants

Here, with respect to the Lazarenko Defendants, plaintiff asserts that Ganna L. Korotka ("Korotka"), an attorney representing Lazarenko in Ukraine, was served with a copy of the Ukrainian Supreme Court Decision. (See Pl.'s "Supplemental Evidence" filed March 17, 2008 at 2:10-12.) Plaintiff further asserts that another attorney representing Lazarenko in Ukraine, Eugenia Kolody ("Kolody"), "concealed" the Ukrainian Supreme Court Decision, and "knew" of the subsequent November 30, 2006 trial court decision dismissing Lazarenko's claims, contrary to statements Kolody made in her December 2006 declaration. (See id. at 2:27-3:4.)

Plaintiff fails, however, to provide sufficient evidence in support of either contention. Although plaintiff submits evidence indicating Korotka was served with other Ukrainian court documents, the Ukrainian Supreme Court Decision is not among those documents. (See Plyamovaty Aff. in Support of Pl.'s Supp. Evidence Exs. F, G, K and L.) Plaintiff likewise fails to demonstrate Kolody was served with a copy of either of the two Ukrainian court decisions.[2]

At best, the evidence submitted by plaintiff suggests that Lazarenko's Ukrainian

---

[2] To the extent plaintiff asserts that another attorney who practices with Kolody, specifically, Kolody's son Oleg Kolody, knew about the November 30, 2006 decision because he was present at the hearing held on that date, such assertion is refuted by the uncontested declaration of Oleg Kolody, in which he states that his request to appear at the hearing was denied, (see Lazarenko Defs.' Supp. Opp'n Ex. B ¶¶ 4, 5), that "the court did not allow [him] to see or access the files of the case," (see id.), and that he was not aware of the November 30, 2006 decision, (see id. ¶ 9).

1  attorneys did not adequately communicate with each other regarding their respective roles
2  in representing Lazarenko.  Plaintiff has failed to establish by clear and convincing
3  evidence that the Lazarenko Defendants engaged in "an unconscionable plan or scheme
4  . . . designed to improperly influence the court in its decision."  See England, 281 F.2d at
5  309.
6  	Moreover, even assuming, arguendo, plaintiff could show the Ukrainian Supreme
7  Court Decision was not properly disclosed by the Lazarenko Defendants, the Court, for the
8  reasons set forth below, finds plaintiff has failed to show such omission resulted in "a grave
9  miscarriage of justice."  See Appling, 340 F.3d at 780.  In particular, the Court finds
10 unpersuasive plaintiff's argument that the Summary Judgment Order should be "found
11 void," (see Admin. Request at 1:27), because "[t]he [Ukranian] Supreme Court's . . . ruling
12 removed any basis for summary judgment," (see Aff. of Dr. Youry A. Lambert in Support of
13 Pl.'s Admin. Request ("Lambert Aff.") Ex. B at 2).
14 	First, the Ukranian Supreme Court's reversal and remand in Lazarenko's Ukrainian
15 case was based on procedural deficiencies and did not purport to find the assignment valid,
16 (see Clements Decl. Ex. F at 4 (reversing underlying decision for failure to comply with
17 Article 213 of Ukrainian Code of Civil Procedure; ruling "case shall be submitted for
18 reconsideration to the trial court")), and, on remand, Lazarenko's case was dismissed
19 without prejudice as a result of his counsel's failure to appear, (see id. Ex. G).  Second, as
20 the Summary Judgment Order makes clear, this Court reached it's decision by an analysis
21 that did not depend upon the Ukrainian court decisions submitted by the parties.  See
22 Summary Judgment Order at 31:23-26 ("Having read and considered the applicable
23 statutes, constitutional provisions, and expert opinions, the Court finds, even without
24 consideration of the Ukrainian court decisions, that the PGOU lacked the authority to
25 assign claims of Ukraine to UTI.")  In sum, neither the Ukrainian Supreme Court Decision,
26 nor the subsequent dismissal by the trial court, purported to be rulings on the merits of
27 plaintiff's assignment, and, in any event, this Court reached its decision independent of the
28 Ukrainian court decisions.  Consequently, plaintiff has failed to show any failure to disclose

those decisions affected, in any manner, this Court's determination of the issues addressed in the Summary Judgment Order, much less that any such omission resulted in the requisite "grave miscarriage of justice."

    2. <u>Kiritchenko Defendants</u>

Plaintiff contends the Kiritchenko Defendants had the Ukrainian Supreme Court Decision in Lazarenko's Ukrainian litigation translated into English on September 19, 2006, but failed to disclose the decision to plaintiff. The Kiritchenko Defendants have provided unrefuted evidence, however, that the document they had translated on September 19, 2006 was a Supreme Court decision in Kiritchenko's Ukrainian litigation, not a decision in Lazarenko's Ukrainian litigation. (<u>See</u> Clements Decl. Ex. A (September 19, 2006 invoice from IDEM Translations, Inc., invoice number "200609-0113" for "Translation of Ukrainian Supreme Court Ruling") and Ex. B (English translation of Ukrainian Supreme Court decision in Kiritchenko's litigation, labeled "IDEM Job No. 0609-113," with translation certificate dated September 19, 2006).) Consequently, plaintiff has failed to show the Kiritchenko Defendants had possession of the Ukrainian Supreme Court Decision, which decision was issued in Lazarenko's Ukrainian litigation. Plaintiff has failed to submit any other evidence to even suggest the Kiritchenko Defendants engaged in "an unconscionable plan or scheme . . . designed to improperly influence the court." <u>See</u> <u>England</u>, 281 F.2d at 309.

## CONCLUSION

For the reasons set forth above, the Court would decline to entertain a Rule 60(b) motion and, accordingly, plaintiff's administrative request is hereby DENIED.

**IT IS SO ORDERED.**

Dated: June 16, 2008

MAXINE M. CHESNEY
United States District Judge