IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT CO.,<br><br>Plaintiff,<br><br>v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, et al.,<br><br>Defendants. | No. C-99-3073 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR ORDER PERMITTING RECOVERY ON ATTACHMENT BONDS** |

Before the Court is defendants Peter Kiritchenko, Ludmilla Kiritchenko, Brancross U.S. Holdings, Inc., BRC Property Holdings, LLC, and Xanadu Property Holdings, LLC's (collectively, "defendants") Motion for Order Permitting Recovery on Attachment Bonds, filed August 31, 2010. Plaintiff, Universal Trading & Investment Co. ("UTI"), has filed opposition, to which defendants have replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as follows.[1]

**BACKGROUND**

On June 24, 1999, UTI filed the instant action, seeking to recover funds allegedly misappropriated from the State of Ukraine and alleging standing as an assignee of

---

[1] By separate order filed October 6, 2010, the hearing noticed for October 8, 2010 was vacated.

Ukraine's claims.

On August 11, 1999, UTI filed, pursuant to California Code of Civil Procedure ("C.C.P.") §§ 483.010 and 484.090, applications for writs of attachment on certain properties owned by said defendants.[2] In connection therewith, UTI posted bonds in the form of undertakings issued by American Contractors Indemnity Company in the total amount of $37,500. See C.C.P. § 489.210 (providing, as condition of issuance, plaintiff "shall file an undertaking to pay the defendant any amount the defendant may recover for any wrongful attachment"). Defendants opposed the applications, a hearing was held, and in February 2000, the writs of attachment were issued. The attachments subsequently were extended, over defendants' objections.

On May 24, 2004, UTI filed an ex parte application for a writ of attachment on certain properties owned by defendant Peter Kiritchenko[3] and posted a $10,000 bond, also issued by American Contractors Indemnity Company. That same date, the Court granted the application. On June 15, 2004, defendants moved to quash the above-referenced attachments or, in the alternative, to increase the bonds; the motions were denied.

Thereafter, on September 7, 2007, the Court granted defendants' Motion for Summary Judgment Re: Standing and dismissed the case for lack of standing. Following said dismissal, defendants moved to release the attachments pursuant to C.C.P. § 488.740; defendants' motion was granted on December 7, 2007. UTI sought reconsideration of that order; UTI's motion for reconsideration was denied on December

---

[2]The attached properties were: (1) 185 Gilmartin Drive, Tiburon, CA 94920, owned by Brancross U.S. Holdings, Inc.; (2) 406 Paradise Drive, Tiburon, CA (Recorders No. 85040266), owned by Ludmila Kiritchenko; (3) 2 acres of undeveloped land in Tiburon, CA (Parcel No. 058-071-01), owned by Brancross U.S. Holdings, Inc.; (4) 27 acres of undeveloped land in Tiburon, CA (Parcel No. 039-241-01), owned by Xanadu Property Holdings, LLC; (5) 50 acres of undeveloped land in Tiburon, CA (Parcel No. 058-100-09), owned by BRC Property Holdings, LLC; (6) 901-903 Pine Street, San Francisco, CA, owned by Peter Kiritchenko; and (7) 3500 Fulton Street, San Francisco, CA 94118, owned by Peter Kiritchenko.

[3]The additional attached properties were: (1) 1901 Jackson Street, units #1 and #2, San Francisco, CA (Parcel Nos. 5-601-21 and 5-601-22); (2) 2001-2027 Chestnut Street, San Francisco, CA (Parcel Nos. 4-491-1); and (3) 10727 Wilshire Boulevard, Unit 1502, Los Angeles, CA (Parcel No. 4360-033-063).

21, 2007.

UTI appealed this Court's order granting summary judgment in favor of defendants, and, on September 24, 2009, the Ninth Circuit affirmed the judgment. See Universal Trading & Inv. Co., Inc. v. Kiritchenko, 346 F. App'x 232 (9th Cir. 2009). UTI next filed a petition for a writ of certiorari in the United States Supreme Court; on June 28, 2010, UTI's petition was denied. See Universal Trading & Inv. Co. v. Kiritchenko, 130 S. Ct. 3504 (2010).

Defendants subsequently filed the instant motion.

## LEGAL STANDARD

For purposes of attachment, federal courts apply the "law of the state where the court is located." See Fed. R. Civ. P. 64. "An attachment is an extraordinary and summary proceeding in rem." Stowe v. Matson, 94 Cal. App. 2d 678, 683 (Cal. Dist. Ct. App. 1949) "It is purely statutory." Id. Further, because an attachment involves the loss of property rights before adjudication of the plaintiff's claim, the statutory provisions relating to attachments are "strictly construed." Barceloux v. Dow, 174 Cal. App. 2d 170, 174 (Cal. Dist. Ct. App. 1959).

Under California law, an attachment is "wrongful" when levied in an action where the plaintiff does not recover judgment. See C.C.P. § 490.010. Where a plaintiff causes a wrongful attachment, such plaintiff is liable for "(1) [a]ll damages proximately caused to the defendant by the wrongful attachment"; and "(2) [a]ll costs and expenses, including attorney's fees, reasonably expended in defeating the attachment." C.C.P. § 490.020(a). Where an attachment is valid on its face, such that the defendant cannot defeat the attachment except by prevailing in the underlying case, the defendant may recover the costs and expenses associated with litigating the underlying claim. See Byard v. Nat'l Auto & Cas. Ins. Co., 218 Cal. App. 2d 622, 624–25 (Cal. Dist. Ct. App. 1963) (citing Reachi v. Nat'l Auto. Cas. Ins. Co. of L.A., 37 Cal. 2d 808 (1951)) (noting, "when the party asserting the claim deliberately determines to impose hardships upon another prior to any judicial resolution of a question . . . , he reasonably may be said to have volunteered to assume the

risks involved, including the costs which the other necessarily will incur, in the event that his judgment ultimately is proven to have been faulty"). The liability of the plaintiff for a wrongful attachment, however, is limited by the amount of the undertaking. C.C.P. § 490.020(b).

Liability on a bond given in an action or proceeding may be enforced by motion, without the necessity of an independent action. C.C.P. § 996.440(a). Such motion, however, may not be made until after entry of final judgment in the action or proceeding and after final determination of any appeal. C.C.P. §996.440(b). Judgment shall be entered in favor of the moving party and against the principal and sureties, "unless the principal or sureties serve and file affidavits in opposition to the motion showing such facts as may be deemed . . . sufficient to present a triable issue of fact." C.C.P. § 996.440(d).

**DISCUSSION**

**A.     Request for Extension**

At the outset, UTI requests additional time to oppose defendants' motion, styling their response as a "Cross-Motion for Extension of Time." In support thereof, UTI states it has "selected new counsel." (See Cross-Mot. at 4:22.) The Court notes, however, that UTI's "new" counsel, George Lambert and Jeffery Needleman, were among UTI's counsel of record in UTI's appeal to the Ninth Circuit, submitting, respectively, the opening brief and petition for rehearing (see Clements Suppl. Decl. Exs. A, B), and, in addition, Jeffrey Needleman submitted the petition for a writ of certiorari to the Supreme Court (id. Ex. C). The Court concludes UTI's counsel are sufficiently informed as to the facts and issues pertinent to this matter for the purposes of filing opposition to defendants' motion.

UTI next argues that the motion raises complex factual and legal issues requiring additional time to investigate and present. As discussed below, however, the Court finds such issues are unrelated to the issues raised by a motion to recover on bonds posted to pay for a wrongful attachment.

Accordingly, to the extent UTI seeks an extension, such motion is denied, and the

Court will decide defendants' motion on the briefing submitted to date.[4]

**B.     Merits of Defendants' Motion**

As discussed, defendants have moved to recover on bonds posted by UTI for the purpose of UTI's obtaining attachments on defendants' properties. Further, as discussed, UTI's claims were summarily adjudicated in defendants' favor. Consequently, UTI did not recover judgment, and the attachments were wrongful. See C.C.P. § 490.010; see also Miller and Starr California Real Estate §32:39 (3d ed. 2010) ("[A]ny time the plaintiff loses, the attachment is wrongful.")

In its opposition, UTI does not dispute the above factual predicate for recovery under § 490.020. Instead, UTI appeals to the equitable powers of this Court, arguing "the assets represented by the properties that were attached . . . were in fact converted from Ukraine." (Pl's Cross-Mot. at 5:23–24.) In essence, UTI seeks to use what is a "summary proceeding", see Stowe, 94 Cal. App. 2d at 683, to relitigate issues it had no standing to litigate on the underlying claim. The Court will not entertain an attempt to reopen this case by allowing UTI to argue matters unrelated to the issues identified by the relevant statutes.[5] See Lewis v. Steifel, 98 Cal. App. 2d 648, 650–51 (Cal. Ct. App. 1950) (refusing to hear in context of attachment proceedings arguments on merits of underlying action). The sole questions presented by defendants' motion are whether UTI obtained in the instant action attachments on defendants' properties, whether the subject bonds were given in said action, and whether UTI obtained a judgment in its favor and against defendants. See C.C.P. §§ 489.210, 490.010, 996.440. UTI's arguments address none of these questions.

---

[4] As defendants point out, UTI's motion for an extension is procedurally improper as it does not comply with the requirements of Civil Local Rule 6-3. See Civil L.R. 6-3 (setting forth procedure for filing motion to change time; providing for motion and opposition only and submission thereon). Accordingly, the hearing noticed for October 22, 2010 is hereby VACATED.

[5] Moreover, contrary to UTI's argument, defendants will not unduly benefit from a recovery on the subject undertakings. Defendants seek only to recover those amounts expended in defending against the attachment, which expenses defendants would not have incurred but for UTI's unsuccessful suit. Further, the recovery is limited to the amount of the undertaking, irrespective of whether defendants incurred expenses well beyond that amount.

5

Consequently, the Court finds UTI has failed to raise a triable issue of fact, see C.C.P. § 996.440(d), and, accordingly, defendants are entitled to recover on the bonds levied against their properties.

**C.    Damages Resulting from Wrongful Attachments**

As noted, defendants seek to recover the amount of $47,500, the full value of the bonds posted as undertakings to obtain the attachments in the instant action. See C.C.P. § 490.010; Byard, 218 Cal. App. 2d at 624-25. As noted, defendants repeatedly attempted to defeat the attachments, but, in each instance, were unsuccessful in those efforts. Consequently, defendants sole recourse for defeating the attachments was to "defend on the merits of the main action," thus entitling them to the costs and fees reasonably incurred in that endeavor. See Byard, 218 Cal. App. 2d at 624-25.

As defendants note, the case was actively litigated over the course of more than eight years before summary judgment ultimately was entered in defendants' favor. The Clerk's docket, as of the time the instant motion was filed, comprised 1862 entries. All parties are represented by experienced counsel. There can be no question that the fees and costs incurred by defendants in defending against UTI's claims far exceed the $47,500 sought by the instant motion. Indeed, defendants' characterization of such recovery as a "drop in the bucket" (see Mot. at 6:1) cannot be discounted as hyperbole.

## CONCLUSION

For the reasons stated above, defendants' Motion for Order Permitting Recovery on Attachment Bonds is hereby GRANTED, and American Indemnity Insurance Company shall pay to defendants Peter Kiritchenko, Ludmilla Kiritchenko, Brancross U.S. Holdings, Inc., BRC Property Holdings, LLC, and Xanadu Property Holdings, LLC the sum of $47,500, representing the full amount of the attachment bonds posted in the above-titled action.

**IT IS SO ORDERED.**

Dated: October 13, 2010

MAXINE M. CHESNEY
United States District Judge