IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT COMPANY, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, an individual, et al.,<br><br>Defendants. | No. C-99-3073 MMC<br><br>**ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR ADMINISTRATIVE RELIEF FOR LEAVE TO FILE MEMORANDUM IN OPPOSITION TO MOTION FOR ORDER PERMITTING RECOVERY OF ATTACHMENT BONDS AND FOR RECONSIDERATION** |

Before the Court is plaintiff Universal Trading & Investment Company's ("UTI") "Emergency Motion for Administrative Relief for Leave to File Memorandum in Opposition to Motion for Order Permitting Recovery of Attachment Bonds and for Reconsideration" ("Emergency Motion"), filed October 13, 2010. Defendants Peter Kiritchenko, Ludmilla Kiritchenko, Brancross U.S. Holdings, Inc., BRC Property Holdings, LLC, and Xanadu Property Holdings, LLC's (collectively, "defendants") have filed opposition.[1]

Liberally construed, UTI's Emergency Motion requests (1) leave to file, pursuant to Civil Local Rule 7-9, a motion for reconsideration of the Court's October 13, 2010 Order Granting Defendants' Motion for Order Permitting Recovery on Attachment Bonds ("Bond Order"); and, (2) pursuant to Civil Local Rule 7-11, leave to file in connection therewith additional opposition to defendants' Motion for Order Permitting Recovery of Attachment Bonds ("Bond Motion").

---

[1] Civil Local Rule 7-11 does not provide for a reply. See Civil L.R. 7-11(c).

Civil Local Rule 7-9 provides that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." See Civil L.R. 7-9(a). Said rule further provides:

> The moving party must specifically show:
>
> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party must also show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). Additionally, the rule expressly prohibits the repetition of arguments that were "made by the applying party in support of or in opposition to" the order for which reconsideration is sought. See Civil L.R. 7-9(c).

By its Bond Order, the Court denied UTI's request for an extension to file additional, untimely, opposition to defendants' Bond Motion and granted defendants' motion. UTI now seeks leave to move for reconsideration of the Bond Order on the basis of the "emergence of new material facts . . . which were not before this Court." (See Emergency Mot. at 2:7-8.) UTI's Emergency Motion identifies no such facts, however, and none are apparent from UTI's proposed opposition, filed concurrently therewith. (See Pl.'s Mem. in Opp. to Kiritchenko's Defs.' Mot. for an Order Permitting Recovery of Attachment Bonds (setting forth no facts asserted to have emerged after the filing of the Bond Motion or any earlier facts not discoverable with reasonable diligence).) Further, UTI's failure to meet its burden under Local Rule 7-9 renders UTI's request under Local Rule 7-11 moot.

Accordingly UTI's Emergency Motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated: November 1, 2010

MAXINE M. CHESNEY
United States District Judge

2