IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNIVERSAL TRADING & INVESTMENT COMPANY, a Massachusetts corporation<br><br>Plaintiff,<br><br>v.<br><br>PETRO MIKOLAYEVICH KIRITCHENKO, an individual, et al.,<br><br>Defendants. | No. C-99-3073 MMC<br><br>**ORDER DENYING PLAINTIFF'S MOTION UNDER RULE 60(B) FOR REINSTATEMENT OF ACTION AND FOR ORDER TO DEFENDANT PAVLO LAZARENKO TO PRODUCE UKRANIAN COURT RECORDS; VACATING NOVEMBER 5, 2010 HEARING** |

    Before the Court is plaintiff Universal Trading & Investment Company's ("UTI") "Motion Under Rule 60(b) for Reinstatement of Action and for Order to Defendant Pavlo Lazarenko to Produce Ukranian Court Records" ("Motion"), filed September 26, 2010. Defendants Peter Kiritchenko, Izabella Kiritchenko, Ludmilla Kiritchenko, Brancross U.S. Holdings, Inc., BRC Property Holdings, LLC, Xanadu Property Holdings, LLC, ABS Trading, Inc., and Michael Menko (collectively, "defendants") have filed opposition,[1] to which UTI has replied. Having read and considered the papers filed in support of and in opposition to the Motion, the Court deems the matter suitable for decision on the parties' respective submissions, VACATES the hearing scheduled for November 5, 2010, and rules as follows.

    By the instant Motion, UTI requests that this Court reconsider its Order Granting

---

[1] Defendant Pavel I. Lazarenko ("Lazarenko") has joined in defendants' opposition.

1  Defendants' Motion for Summary Judgment Re: Standing, issued September 7, 2007
2  ("September 7, 2007 Order") by which this Court determined the assignment of Ukraine's
3  claims to UTI was invalid and thus that UTI lacked standing to pursue its claims against
4  defendants.[2] UTI bases its request on an opinion purportedly issued September 30, 2008
5  by the "Interregional Administrative Court of City of Kyiv" in an action brought by Lazarenko
6  against the Prosecutor General's Office of Ukraine (see Plyamovaty Decl. Ex. A), and
7  which UTI asserts "establishes final and non-appealable res judicata in Ukraine denying
8  [d]efendants' challenge to [UTI's] standing in this action" (see Mot. 2:2-3).

Rule 60(b) of the Federal Rules of Civil Procedure provides that a party, for a limited number of reasons set forth therein, may move for reconsideration of "a final judgment, order, or proceeding." See Fed. R. Civ. P. 60(b). Among the reasons justifying reconsideration, and the three on which UTI relies, are:

(4) the judgment is void;
(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

See Fed. R. Civ. P. 60(b). Only "extraordinary circumstances" may constitute an "other reason that justifies" reconsideration. See Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 864 & n.11 (1988) (finding "extraordinary circumstances" warranting reconsideration of order where issuing judge had undisclosed conflict of interest).

Plaintiff has not demonstrated any basis for setting aside the September 7, 2007 Order under any of the above-referenced subsections of Rule 60(b). In particular, the Ukranian order upon which UTI relies does not purport to render any judgment regarding the validity of the assignment on which UTI claimed standing. By UTI's own translation, the document reaches no result on the merits of any claim but, rather, states: "The representative of the plaintiff [Lazarenko] filed a motion to terminate these proceedings in

---

[2] The Motion also appears to request that this Court void the Ninth Circuit opinion upholding this Court's summary judgment order. (See Mot. 4:20, 5:18-19.) This Court has no authority to void an opinion issued by the Ninth Circuit.

connection with plaintiff's renouncing his administrative lawsuit . . . [and] this court is to terminate the case when the plaintiff renounces his administrative lawsuit." (See Plyamovaty Decl. Ex. A.) In accordance therewith, the judgment is "[t]o terminate the case . . . in connection with plaintiff's motion." (Id.) Nothing in said translation supports a finding that the order adjudicates UTI's standing.

Moreover, the Court's September 7, 2007 Order was not based on the Ukranian decisions that UTI asserts are "now reversed, superseded or annulled" by the purported 2008 Ukranian court judgment  (See Mot. 7:9.)  Rather, the Court reached its decision independent of any decision reached by the Ukranian courts.  Although the Court "consider[ed] the Ukrainian courts' decisions as evidence of Ukranian law, in addition to the parties' other evidence of Ukranian law relevant to such issue" (Sept. 7, 2007 Order 26:5-7), the Court engaged in its own lengthy analysis of the validity of UTI's purported assignment (see id. at 26:8-33:7) and concluded the purported "assignment to UTI is invalid under Ukranian law" (id. at 33:5-6).

Accordingly, UTI's Motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  November 1, 2010

MAXINE M. CHESNEY
United States District Judge